**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **ANJELIQUE J. BONILLA, et al.,** *Defendants.* | : | **NO. 2:26-cv-0585-CFK** |

**MEMORANDUM**

**KENNEY, J.** **September 10, 2026**

Plaintiff Galina M. Novakhova, proceeding *pro se*, brings this action against over a dozen defendants, including the City of Torrance, California "under 42 U.S.C. §§ 1983, 1985(3), and 1986." ECF No. 21 at 3. Plaintiff alleges that Defendants violated her "federally protected constitutional rights, including [under] the First, Fourth, Fifth, Ninth, and Fourteenth Amendments." *Id*. Defendant City of Torrance's actions violating Plaintiff's constitutional rights are alleged to have taken place when Plaintiff, who is a resident of Pennsylvania, "traveled to California and was present in Torrance for approximately eight to nine consecutive days." *Id.* at 11. Before the Court is Defendant City of Torrance's Motion to Dismiss Plaintiff's Amended Complaint ("the Motion"), filed on June 11, 2026. ECF No. 35. Plaintiff opposes the Motion. ECF Nos. 40, 57. For the reasons set forth below, the Court will grant the City of Torrance's Motion to Dismiss (ECF No. 35) and will dismiss Plaintiff's claims against the City of Torrance.

## I. BACKGROUND

The facts are taken from Plaintiff's Amended Complaint (ECF No. 21) and are accepted as true at the motion-to-dismiss stage. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Amended Complaint alleges a series of civil rights violations under 42 U.S.C. §§ 1983, 1985, and 1986, including violations of Plaintiff's rights under "the First, Fourth, Fifth, Ninth, and

Fourteenth Amendments" relating to an underlying child custody dispute. ECF No. 21 at 1, 3. Specifically, the Complaint alleges "an unconstitutional chain of events beginning with [an] October 18, 2024 Philadelphia DHS removal" of Plaintiff's minor child, A.N., from her custody "without warrant, exigency, lawful findings, or meaningful due process." *Id.* at 1. Subsequent to this removal, "[o]n May 21, 2025, Judge Cateria McCabe purported to grant temporary custody of A.N. to Plaintiff's mother, Alla Izrailova[.]" *Id.* at 2. After this grant of temporary custody to Izrailova, A.N. was transported to California to live with Plaintiff's eldest daughter, Anjelique Josephine Bonilla, and Jose Anwar Tripp. *Id.* Plaintiff alleges that Bonilla is involved in an "active Pennsylvania Protection From Abuse" ("PFA") proceeding. *Id.* Plaintiff further alleges that "[t]here is no lawful order granting custody [of A.N.] to . . . Bonilla" and that A.N.'s continued presence in California under the care of Bonilla constitutes "an ongoing violation of Plaintiff's fundamental parental rights, an ongoing violation of court-ordered protection, and an ongoing deprivation of Plaintiff's First and Fourteenth Amendment rights." *Id.*

The City of Torrance, California, became involved in this sequence of events when "Plaintiff traveled to California and was present in Torrance for approximately eight to nine consecutive days[.]" *Id.* at 11. While in California, Plaintiff asked the Torrance Police Department to enforce the "Pennsylvania PFA Order No. 2503-V-7369" by removing A.N. from Bonilla's home. *Id.* When Torrance police officers refused to carry out Plaintiff's request, she asked the Torrance Police Department to provide her with footage documenting the officers' refusal. *Id.* Plaintiff further alleges that the "Torrance [Police Department] threatened [her] with arrest for lawfully attempting to retrieve her child[.]" *Id.* After Plaintiff returned from California to Philadelphia, she called the Torrance Police Department three times and filed a request for the footage referenced above. *Id.* at 12. The Torrance Police Department did not produce the requested

footage but did provide Plaintiff with "heavily redacted police reports" of her interactions with the police officers. *Id.* Plaintiff alleges that at the time of these interactions, the Torrance Police Department was "in direct contact with . . . state actors from Pennsylvania." *Id.* at 11.

Plaintiff filed her Amended Complaint setting forth these allegations on May 1, 2026. ECF No. 21. On June 11, 2026, the City of Torrance filed the Motion to Dismiss that is now before the Court. ECF No. 35. Plaintiff filed an Opposition to the City's Motion to Dismiss on June 14, 2026. ECF No. 40. The City of Torrance filed a Reply in further support of its Motion to Dismiss on June 25, 2026, ECF No. 42, and Plaintiff filed a Sur-Reply to the City of Torrance's Reply on July 16, 2026, ECF No. 57. Accordingly, the Motion is ripe and ready for consideration.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a party to move for dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants. However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citations omitted).

When a plaintiff proceeds *pro se*, courts must construe the plaintiff's allegations liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, *pro se* plaintiffs must still follow the same rules of procedure as other litigants, including properly serving the defendants. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim.").

## III. <u>DISCUSSION</u>

The City of Torrance moves the Court to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction and failure to state a claim.[1] ECF No. 35-1 at 8–15. Because this Court lacks personal jurisdiction over the City of Torrance on the claims set forth in the Amended Complaint, the Court will grant the City of Torrance's Motion to Dismiss and dismiss Plaintiff's claims against the City of Torrance.[2] Because the Court finds that it lacks personal jurisdiction, it will not consider whether the Amended Complaint fails to state a claim against the City of Torrance under Federal Rule of Civil Procedure 12(b)(6).

### A. This Court Lacks Personal Jurisdiction Over the City of Torrance

To determine whether a federal court has personal jurisdiction over a defendant, courts look to the law of the forum state, which is usually the state's long arm statute, and constitutional due process limits on personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 125. "Federal

[1] There is a question about whether the City of Torrance was properly served by the Plaintiff in this case. ECF No. 35-1 at 6 n.1. However, Plaintiff has since re-served the City of Torrance properly to cure the identified defects. *See* ECF No. 53; ECF No. 57 at 14. As such, any arguments concerning the service of process issue are now moot.

[2] In her response to the Motion, Plaintiff contends that "[t]he City [of Torrance] has . . . appeared and defended as the real party in interest." ECF No. 40 at 3. "Because [P]laintiff has 'filed [her] complaint *pro se*,'" this Court "'must liberally construe [her] pleadings, and . . . apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name.'" *Bush v. City of Philadelphia*, 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005) (quoting *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d. Cir. 2003)). Liberally construed, Plaintiff may be attempting to argue that by filing a motion to dismiss, the City of Torrance has contested the merits of the Amended Complaint and thereby waived its objection to personal jurisdiction. This argument fails. Under general principles of personal jurisdiction, "a party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." *In re Tex. E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3rd Cir. 1994). However, Rule 12(b)(2) specifically allows for the "lack of personal jurisdiction" defense to be asserted by motion as long as the "motion asserting" this defense is "made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, the instant Motion raising the lack of personal jurisdiction defense has been made before the filing of any responsive pleading, such as an answer, by the City of Torrance. Therefore, by filing this Motion, the City of Torrance did not waive its objection to personal jurisdiction.

courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Id.* (citing Fed. R. Civ. P. 4(k)(1)(A)). Pennsylvania's long arm statute is found at 42 Pennsylvania Consolidated Statutes § 5322. There are two sections relevant here: First, the statute provides that Pennsylvania courts have personal jurisdiction when a party is responsible for "[c]ausing harm or tortious injury in [the] Commonwealth by an act or omission outside [the] Commonwealth." 42 Pa. Cons. Stat. § 5322(a)(4). Second, there is a catch-all provision that extends personal jurisdiction to "all persons who are not within the scope of [Pennsylvania's exercise of general personal jurisdiction] to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with [the] Commonwealth allowed under the Constitution of the United States." *Id.* § 5322(b). Plaintiff acknowledges that due to the catch-all provision, which extends personal jurisdiction to "the fullest extent allowed under the Constitution of the United States," the "governing question is . . . the constitutional due-process analysis[.]" ECF No. 40 at 12 (citation omitted). As such, the Court proceeds to the constitutional due process analysis.

The City of Torrance argues in its Motion that this Court does not have general personal jurisdiction over it. ECF No. 35-1 at 8–10. The Court agrees that it does not have general jurisdiction over the City. The relevant analysis for general personal jurisdiction is whether the City of Torrance has such a "continuous and systematic" affiliation with Pennsylvania "as to render [it] essentially at home in the forum state." *Daimler*, 571 U.S. at 127 (internal quotations and citations omitted). The relevant factors for this analysis are whether the City of Torrance is incorporated in the forum state or has its principal place of business there. *Id.* at 137. The City of Torrance falls far short of meeting this standard. It is a city in California that does not conduct any

substantial business in Pennsylvania. *See* ECF No. 35-1 at 10. As such, the Court lacks general personal jurisdiction over the City of Torrance.

The City of Torrance also argues in its Motion that this Court does not have specific personal jurisdiction over it either. ECF No. 35-1 at 10–12. Plaintiff alleges that when she was present in California, the Torrance Police Department violated her constitutional rights by declining to "retrieve her minor child A.N. from the home of PFA-respondent Anjelique Josephine Bonilla, and produce body camera footage documenting their refusals of their civic duty" and by threatening her "with arrest for lawfully attempting to retrieve her child from a PFA-restricted individual." ECF No. 21 at 11. But Plaintiff does not allege a direct link between any of this conduct and the forum state of Pennsylvania. The Amended Complaint contains a general allegation that the conduct of all the Defendants in this case "continues to cause injury within this District." *Id.* at 4. The Amended Complaint also alleges that Plaintiff resides in Philadelphia and that the alleged injuries took place in Philadelphia. *Id.* at 4, 7. However, Plaintiff's contacts with the forum state, including the fact that she experienced alleged injuries in Pennsylvania, do not lead to the Court having personal jurisdiction over the City of Torrance. "Such reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis." *Walden v. Fiore*, 571 U.S. 277, 289 (2014). "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the *defendant's* conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285 (emphasis added). For this Court to have specific personal jurisdiction over the City of Torrance, the Amended Complaint must allege some conduct by the City of Torrance that connects it to the state of Pennsylvania, "not just to a plaintiff who live[s] there." *Id.* at 288.

In addition to her contacts with the forum state of Pennsylvania and the allegation that she experienced injury in Pennsylvania, Plaintiff alleges that the "Torrance Police Department expressed to Plaintiff [that] they were in direct contact with Defendant Alla Izrailova, a social worker from New Jersey and state actors from Pennsylvania." ECF No. 21 at 11. In her response to the Motion, Plaintiff argues that the fact that the Torrance Police Department was "in contact with . . . state actors from Pennsylvania" gives this Court specific personal jurisdiction to hear the claims in the Amended Complaint. ECF No. 40 at 11. Plaintiff reiterates this fact in her sur-reply, stating that City of Torrance personnel "told Plaintiff they were in direct contact with a New Jersey social worker and Pennsylvania state actors concerning A.N." ECF No. 57 at 18.

Because courts accept as true the well-pleaded facts in a complaint at the motion to dismiss stage, the Court will credit Plaintiff's allegation that the Torrance Police Department was in contact with state actors from Pennsylvania for the purposes of resolving the instant Motion. *See* ECF No. 21 at 11. The City of Torrance's contact with a New Jersey social worker is irrelevant to the question of whether the Court has personal jurisdiction over the City of Torrance in Pennsylvania. However, even the Pennsylvania contacts are insufficient to support personal jurisdiction because the Amended Complaint does not plead any facts that demonstrate that the claims asserted are "related to or arise[] out of a defendant's contacts with the forum[.]" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (cleaned up). To establish specific personal jurisdiction over a defendant, the claim alleged against the defendant must be "related to or arise[] out of a defendant's contacts with the forum[.]" *Id.* (cleaned up). Here, the connection between the constitutional violations asserted in Plaintiff's Amended Complaint and the Torrance Police Department's alleged contact with "state actors from Pennsylvania" is too weak. *See* ECF No. 21 at 11. The fact that some contact took place between the Torrance Police Department and

unspecified "state actors from Pennsylvania" does not show that the claims asserted against the City of Torrance in the Amended Complaint arise out of those contacts. *See id.* In *Calder v. Jones*, which Plaintiff cites in support of her opposition to the Motion, the Supreme Court found that a Florida resident's publication of a libelous article in California was sufficient for a federal court in California to have personal jurisdiction over the Florida resident. 465 U.S. 783, 789 (1984); *see* ECF No. 40 at 12. In a more recent case, the Supreme Court noted that in *Calder*, "the strength of [the] connection [between the Florida resident and California] was largely a function of the nature of the libel tort." *Walden*, 571 U.S. at 287. "[T]he reputational injury caused by defendants' story would not have occurred but for the fact that the defendants wrote an article for publication in California[,]" and "because publication to third persons is a necessary element of libel, the defendants' intentional tort actually occurred in California." *Id*. at 287–88 (citation omitted). Here, no explicit connection is alleged between the Torrance Police Department's contact with "state actors from Pennsylvania" and the civil rights violations that Plaintiff alleges took place in California while she was physically located in California. ECF No. 21 at 11.

Specifically, the Amended Complaint alleges that the Torrance Police Department declined to "retrieve [Plaintiff's] minor child A.N. from the home of . . . Anjelique Josephine Bonilla, and produce body camera footage documenting their refusals of their civic duty[,]" and "threatened Plaintiff with arrest for lawfully attempting to retrieve her child from a PFA-restricted individual." *Id.* These encounters between Plaintiff and Torrance police officers took place entirely in California. *Id.* At the time of these encounters, Plaintiff's minor child, A.N., was also located in California. *Id.* at 2. Plaintiff asked the Torrance Police Department to remove A.N. from the custody of Defendant Bonilla, who at that time lived in California. *Id.* Plaintiff also asked the Torrance Police Department for body camera footage that was stored in California and was filmed

during encounters that took place in California. *Id.* at 11. Even if the allegations in the Amended Complaint amounted to "violations of federally protected constitutional rights, including the First, Fourth, Fifth, Ninth, and Fourteenth Amendments" and violations of "42 U.S.C. §§ 1983, 1985(3), and 1986," no connection between these violations and the Torrance Police Department's alleged contact with the state of Pennsylvania is ever specified in the Amended Complaint. *See id.* at 3, 11. The allegation that the Torrance Police department was "in direct contact" with "state actors from Pennsylvania[,]" *id.* at 11, even when accepted as true, will not give this Court specific personal jurisdiction over the City of Torrance because Plaintiff has not alleged any facts showing that the alleged constitutional violations "arise out of or relate to" this contact. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citation omitted).

Furthermore, Plaintiff fails to plead facts demonstrating that the "direct contact" between the Torrance Police Department and "state actors from Pennsylvania," ECF No. 21 at 11, rose to the level of "some act by which [the City of Torrance] purposefully avails itself of the privilege of conducting activities within the forum State" of Pennsylvania. *Ford Motor Co.*, 592 U.S. at 359 (citation omitted). The bare allegation of "direct contact" without any details about the type of contact, the content of the communication, and the frequency and purpose of the contact, fails to meet this standard. *See* ECF No. 21 at 11. The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts[.]" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations omitted). Incidental "interstate communications with Pennsylvania-connected . . . actors" by the City of Torrance, ECF No. 57 at 19, are closer to "fortuitous" and "attenuated" contacts than a purposeful "reach[ing] out beyond" California into Pennsylvania by the City. *Burger King Corp.*, 471 U.S. at 475, 479 (citation omitted). As such, the unspecified "direct contact" between the City

of Torrance and "state actors from Pennsylvania" that is alleged in the Amended Complaint is an insufficient basis for this Court to exercise specific personal jurisdiction over the City of Torrance. ECF No. 21 at 11.

"When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper." *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). Here, Plaintiff has failed to put forward sufficient facts in the Amended Complaint to establish that personal jurisdiction over the City of Torrance is proper. The bare allegation of some "direct contact" between the Torrance Police Department and "state actors from Pennsylvania," ECF No. 21 at 11, without alleging any facts showing a connection between that contact and the alleged constitutional violations that took place in California, provides no basis for this Court to assert specific personal jurisdiction over the City of Torrance. Therefore, the Court finds that it lacks personal jurisdiction over the City of Torrance on the claims set forth in the Amended Complaint. Accordingly, Plaintiff's claims against the City of Torrance will be dismissed without prejudice.[3]

**B. Jurisdictional Discovery Is Not Warranted**

In her response to the instant Motion, Plaintiff argues that, as an alternative to granting the Motion for lack of personal jurisdiction, the Court's disposition of the Motion should be deferred to allow Plaintiff to have an opportunity to conduct limited jurisdictional discovery. ECF No. 40 at 13, 15. Plaintiff seeks such jurisdictional discovery in subsequently filed motions for discovery. ECF Nos. 58, 68. Because Plaintiff has not presented any factual allegations in the Amended Complaint suggesting "with reasonable particularity the possible existence of the requisite contacts

[3] This dismissal does not prevent Plaintiff from bringing her claims against the City of Torrance in a proper court in California, where there is personal jurisdiction over the City of Torrance. The Court expresses no opinion on the merits of any such claims.

between [the City of Torrance] and the forum state" of Pennsylvania, as explained above, Plaintiff is not entitled to jurisdictional discovery before the dismissal of her claims against the City of Torrance. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal quotations and citation omitted); *see also Arch v. Am. Tobacco Co., Inc.*, 984 F. Supp. 830, 841 (E.D. Pa. 1997) ("A court may deny jurisdictional discovery where the plaintiff has failed to meet its burden of making out a threshold *prima facie* case of personal jurisdiction."); *Mellon Bank (E.) PSFS, Nat'l Ass'n*, 960 F.2d at 1223 ("The plaintiff . . . presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." (internal quotations and citation omitted)). Here, Plaintiff has failed to establish a prima facie case of personal jurisdiction over the City of Torrance based on the single allegation in the Amended Complaint of an unspecified contact between the City of Torrance and certain Pennsylvania state actors. *See* ECF No. 21 at 11. As such, the Court will deny Plaintiff's requests for jurisdictional discovery.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant the City of Torrance's Motion to Dismiss for lack of personal jurisdiction (ECF No. 35). Because the Court finds that it lacks personal jurisdiction over the City of Torrance, it will not consider whether the claims asserted against the City in the Amended Complaint should be dismissed for failure to state a claim. Plaintiff's claims against the City of Torrance will therefore be dismissed without prejudice. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**