**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GALINA M. NOVAKHOVA,<br>Plaintiff,<br>v.<br>ANJELIQUE J. BONILLA, et al.,<br>Defendants. | CASE NO. 2:26-cv-00585-CFK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CONCILIO DE ORGANIZACIONES HISPANAS DE FILADELFIA, INC.'S OPPOSITION TO PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT**

Defendant Concilio de Organizaciones Hispanas de Filadelfia, Inc. ("Concilio"), incorrectly identified in the Amended Complaint as "CUA3 / El Concilio," respectfully submits this Memorandum of Law in Support of its Oppositon to Plaintiff's Request for Clerk's Entry of Default (ECF No. 84).

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this action on January 28, 2026, with her original Complaint (ECF No. 2), and then filed another document labeled Complaint on January 29, 2026 (ECF No. 8). Plaintiff subsequently filed an Amended Complaint on May 1, 2026 (ECF No. 21). Plaintiff sues over a dozen defendants "under 42 U.S.C. §§ 1983, 1985(3), and 1986," alleging violations of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments. ECF No. 21 at 3.

On August 26, 2026, Plaintiff filed a Request for Clerk's Entry of Default Under Federal Rule of Civil Procedure 55(a) against Concilio (ECF No. 84). In that filing, Plaintiff contends that she served Concilio on May 18, 2026, that its time to respond purportedly expired on June 8, 2026, and that they failed to answer or otherwise respond to the Amended Complaint. Plaintiff is

factually in error and therefore is not entitled to entry to default by the Clerk pursuant to Rule 55(a).

## II. ARGUMENT

### A. Default Cannot Be Entered Because Concilio Has Not Been Properly Served.

When a plaintiff fails to properly serve a complaint on a defendant, entry of a default under Rule 55(a) is improper, and any resulting default judgment would be void. *Walker v. Pennsylvania Dep't of Transp.*, 812 F. App'x 93, 94 (3d Cir. 2020) (quoting *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside.").

As set forth in Concilio's Motion to Dismiss (ECF No. 119), incorporated herein by reference, Plaintiff did not effectuate service on Concilio in accordance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff's attempt to serve Concilio by certified mail fails at the threshold because no Pennsylvania Rule of Civil Procedure authorizes service of original process by mail on a corporation within the Commonwealth in an ordinary civil action. Even assuming *arguendo* that a rule of civil procedure authorized mail service in this case, the service would still fail because the return receipt was not signed by an officer, managing agent, general agent, or any other person authorized to accept service on behalf of Concilio as required by Rule 4(h) and Pennsylvania Rule of Civil Procedure 424.

Further, Plaintiff failed to serve Concilio within Rule 4(m)'s 90-day period. As explained in the Motion to Dismiss, Plaintiff named Concilio in the original Complaint filed on January 28, 2026 (ECF No. 2), in another document labeled Complaint filed on January 29, 2026 (ECF No. 8), and in the Amended Complaint filed on May 1, 2026 (ECF No. 21), yet failed to effectuate proper service for these pleadings within the deadline prescribed by Rule 4(m).

Because Plaintiff neither timely nor properly served Concilio, she cannot establish that it was obligated to respond to the Amended Complaint. Accordingly, entry of default under Rule 55(a) is unavailable.

### B. Plaintiff's Request Is Moot Because Concilio Filed a Rule 12 Motion.

Even assuming service had been proper, although it was not, Plaintiff's request is nevertheless moot. Rule 55(a) applies only where a party has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Courts in this Circuit likewise recognize that default is disfavored where a defendant has appeared and demonstrated an intent to contest the action on the merits. *See Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982); *Livingston Powdered Metals, Inc. v. N.L.R.B.*, 669 F.2d 133, 136 (3d Cir. 1982).

A motion to dismiss constitutes an effort to defend an action for purposes of Rule 55(a) and precludes entry of default. Once a defendant appears and files a responsive Rule 12 motion, there is no basis for a clerk's default. *See* 10A Wright & Miller, Federal Practice and Procedure § 2682. Concilio filed its Motion to Dismiss challenging the Amended Complaint for failure to state a claim and insufficient service. Because Concilio is actively defending this action, Rule 55(a) does not permit entry of default.

## III. CONCLUSION

Plaintiff has not demonstrated that she is entitled to entry of a Clerk's default. Plaintiff failed to effectuate timely and proper service on Concilio, and thus no obligation to respond arose. Despite insufficient service, Concilio has appeared and otherwise defended this action by filing its Motion to Dismiss. Accordingly, the Court should deny Plaintiff's Request for Clerk's Entry of Default under Rule 55(a).

Respectfully submitted,

WEIR LLP

By: */s/ David V. Dzara*

DAVID V. DZARA
Attorney ID No. 91274
The Widener Building, Suite 500
1339 Chestnut Street
Philadelphia, PA 19107
(215) 665-8181
(215) 665-8464 Fax
ddzara@weirlawllp.com

Dated: October 2, 2026