**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** | : | |
| ***Plaintiff,*** | : | |
| **v.** | : | **CASE NO. 2:26-CV-0585-CFK** |
| **ANJELIQUE J. BONILLA, et al.,** | : | |
| ***Defendants*** | : | |

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT FOR HER MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR RECONSIDERATION AND REARGUMENT OF ECF NOS. 113 AND 114**

Plaintiff Galina M. Novakhova, proceeding pro se, respectfully moves for leave to exceed the twenty-five-page limit stated in Section II.D.4 of the Honorable Chad F. Kenney's Policies and Procedures for Counsel, updated and effective September 16, 2026, and requests leave to file the accompanying Plaintiff's Memorandum of Law in Support of her Motion for Reconsideration and Re-argument of ECF Nos. 113 and 114, under Local Civil Rule 7.1(g) and Federal Rule of Civil Procedure 54(b), With Alternative Relief Under Rule 60(b)(1) Only If the Court Treats the Disposition as Final.

Plaintiff seeks leave because the Memorandum exceeds the twenty-five-page limit otherwise applicable to a brief or memorandum filed in support of a motion.

Good cause exists. The accompanying Memorandum challenges a dispositive with-prejudice dismissal entered before expiration of Plaintiff's Local Civil Rule 7.1(c) opposition period and addresses the procedural sequence surrounding ECF Nos. 108, 110, 113, 114, 117, and 118. It also addresses two Judicial Defendants separately; judicial immunity by function and jurisdiction; damages, declaratory, and prospective relief; pleading sufficiency and amendment; Rooker-Feldman; the preserved pleading history; the religious-observance and scheduling record; and the declaration necessary to establish Plaintiff's filing sequence and prejudice.

Plaintiff has consolidated the grounds supporting reconsideration into one comprehensive motion and supporting memorandum rather than fragmenting those grounds across serial filings. The additional pages are necessary to present the record accurately, distinguish Plaintiff's allegations and testimony from court findings, address controlling and adverse authority, and preserve the issues for review without omitting material facts or legal limitations.

The requested enlargement will not alter any response deadline unless the Court orders otherwise and will not prejudice Defendants. Plaintiff seeks only permission to file the accompanying comprehensive memorandum in its present length so that the Court may consider the full procedural and legal record on reconsideration.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant leave to exceed the twenty-five-page limit and accept for filing the accompanying Memorandum of Law in Support of Plaintiff's Motion for Reconsideration and Re-argument of ECF Nos. 113 and 114, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Galina M. Novakhova
**GALINA M. NOVAKHOVA**
*Plaintiff, Pro Se*

P.O. Box 17635
Philadelphia, PA 19135
GalinaMN@gmail.com

ALL RIGHTS RESERVED WITHOUT PREJUDICE

**Dated: October 5, 2026**

**CERTIFICATE OF SERVICE**

I, Galina M. Novakhova, certify that on October 5, 2026, I filed the foregoing Plaintiff's Motion for Leave to Exceed the Twenty-Five-Page Limit for Her Memorandum of Law in Support of Her Motion for Reconsideration and Reargument of ECF Nos. 113 and 114 through the Court's CM/ECF system. The CM/ECF system will provide electronic notice and service to all counsel of record registered for electronic service. To the extent service is required on any party not receiving CM/ECF notice, service will be made as required by the Federal Rules of Civil Procedure and applicable Local Rules.

/s/ Galina M. Novakhova

**GALINA M. NOVAKHOVA**

*Plaintiff, Pro Se*

**ALL RIGHTS RESERVED WITHOUT PREJUDICE**