**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** | : | |
| ***Plaintiff,*** | : | |
| **v.** | : | **CASE NO. 2:26-CV-0585-CFK** |
| **ANJELIQUE J. BONILLA, et al.,** | : | |
| ***Defendants*** | : | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND REARGUMENT OF ECF NOS. 113 AND 114 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND LOCAL CIVIL RULE 7.1(g), WITH ALTERNATIVE RELIEF UNDER RULE 60(b)(1) ONLY IF THE COURT TREATS THE DISPOSITION AS FINAL**

## NON-WAIVER AND EXPRESS RESERVATION OF RIGHTS

Plaintiff files this Motion without waiving, abandoning, limiting, conceding, or releasing any right, claim, defense, objection, argument, or remedy previously asserted or otherwise available, including, without limitation: (1) her claims for compensatory and punitive damages; (2) her claims against every Defendant in both individual and official capacities; (3) her claims against private co-conspirators; (4) her right to pursue criminal referrals through the appropriate authorities; (5) any remedy available under 42 U.S.C. §§ 1983, 1985(3), and 1986, the Constitution, or applicable state law; and (6) her rights under the First Amendment, the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq., the Due Process Clause, the Federal Rules

of Civil Procedure, and the Local Civil Rules of this Court. Plaintiff expressly preserves her right to seek appellate review of ECF Nos. 113 and 114 and of any ruling on this Motion, regardless of its disposition, subject to applicable appellate-jurisdiction and timing requirements. Plaintiff further preserves her position that ECF No. 21 is not the operative pleading and that ECF No. 8, the Amended Complaint, remains operative, as characterized in ECF Nos. 9 and 13 and explained in Part IV.B of the accompanying Memorandum. Nothing in this Motion shall be construed as consent to any contrary characterization of the pleadings or as a waiver of any substantive, procedural, constitutional, or appellate position. ALL RIGHTS RESERVED WITHOUT PREJUDICE.

**TO THE HONORABLE COURT:**

Plaintiff Galina M. Novakhova, proceeding pro se, respectfully submits this Motion for Reconsideration of the Memorandum (ECF No. 113) and Order (ECF No. 114), both signed September 25, 2026 and entered September 28, 2026, which dismissed with prejudice all claims against Defendants Judge Cateria McCabe and Judge Viktoria Kristiansson and denied as moot Plaintiff's Motion for Relief (ECF No. 108). Plaintiff respectfully states that the Court's Memorandum and Order were entered before Plaintiff's time to respond to the underlying motion, ECF No. 110, had expired, and before Plaintiff's previously-noticed period of religious observance, which bore directly on her availability to prepare that response, had concluded. Plaintiff files this motion without waiving any right or argument, including those described above and those set forth throughout this motion.

## I. PROCEDURAL HISTORY

**1.** On August 20, 2026, Plaintiff filed ECF No. 73, titled "Plaintiff's Notice of September 2026 Religious Observance Affecting Availability," placing the Court and all counsel of record on advance notice of her Jewish religious observances during September and early October 2026 and the resulting "substantial and intermittent limitations on her availability to conduct sustained litigation work" during that period. ECF No. 73 was filed "for informational and administrative purposes only" and expressly requested "no ruling, modification of any existing deadline, adjudication of any discovery dispute, or other substantive relief." It stated that it was filed so that "any reduced or intermittent litigation activity by Plaintiff during September and early October 2026 is not misunderstood as abandonment of this action, lack of diligence, or diminished urgency," and that "[n]othing in this Notice shall be construed as a waiver of any right, claim, objection, argument, defense to any defense, procedural position, discovery request, preservation demand, deadline-related position, or relief previously asserted or that may be asserted in this action."

**2.** ECF No. 73 described the observance period in general terms, without itemizing specific holiday dates. The specific calendar was set out in Plaintiff's subsequent filings, including ECF No. 100 (filed September 9, 2026) and ECF No. 117 (filed September 28, 2026, addressed below), which identified the period as running from approximately September 5 through October 4, 2026 and encompassing Selichos and preparatory observances beginning mid-September; Rosh Hashanah (September 11-13, 2026); the Ten Days of Repentance (September 13-20, 2026); Yom Kippur (September 20-21, 2026); Sukkot (September 25 through October 2, 2026); Shemini

Atzeret (October 3, 2026); Simchat Torah (October 4, 2026); and recurring weekly Shabbat observances throughout, running from Friday sundown to Saturday night each week.

**3**. Plaintiff proceeds entirely pro se and has no attorney, associate, paralegal, or other person who can perform litigation work in her absence. Every response to every Defendant's filing in this action must be personally researched, reviewed, prepared, drafted and filed by Plaintiff herself.

**4**. Defendants Judge Cateria McCabe and Judge Viktoria Kristiansson filed their Motion to Dismiss, ECF No. 110, on September 21, 2026, at 3:55 p.m.

**5**. Under Eastern District of Pennsylvania Local Civil Rule 7.1(c), Plaintiff ordinarily had fourteen days after service of ECF No. 110 to respond, plus three additional days under Federal Rule of Civil Procedure 6(d) because the Judicial Defendants' certificate of service identifies U.S. first-class mail as the method of service upon Plaintiff. Calculated from September 21, 2026, the resulting opposition deadline was October 8, 2026. No order identified by Plaintiff shortened that response period. Accordingly, Plaintiff's opposition was not overdue when the Court signed ECF No. 113 on September 25 or entered ECF Nos. 113 and 114 on September 28.

**6**. ECF No. 110 was filed on September 21, 2026, during Yom Kippur, when Plaintiff was observing her religious obligations and was unavailable to perform ordinary litigation work. Plaintiff undertook preparation of her opposition on September 22 through September 24, 2026, but her availability was again restricted by the commencement of Sukkot at sundown on September

25 and the religious observances that followed. The Court signed ECF No. 113 on September 25 and entered ECF Nos. 113 and 114 on September 28, while Plaintiff's opposition period remained open. Plaintiff did not abandon or waive her opposition. The Court ruled before she had the opportunity to complete and submit that opposition within the response period provided by the governing rules.

**7**. ECF No. 113 and the accompanying Order, ECF No. 114, were entered on the docket on September 28, 2026. ECF No. 114 dismissed with prejudice all claims against Judge McCabe and Judge Kristiansson and denied Plaintiff's Motion for Relief, ECF No. 108, as moot.

**8**. Plaintiff had not yet filed, and was not yet due to file, any opposition to ECF No. 110 at the time ECF Nos. 113 and 114 were signed or entered. Plaintiff was in the process of preparing that response during the very period she had notified the Court, more than a month in advance, would substantially and intermittently limit her availability to do so.

**8A**. On September 28, 2026, the same day ECF Nos. 113 and 114 were entered on the docket, Plaintiff filed ECF No. 117, titled "Plaintiff's Renewed and Expedited Motion to Extend ECF No. 105 to All Covered Filings During the Previously Noticed Religious-Observance Period." ECF No. 117 expressly identified ECF No. 110, by docket number, as one of the "[a]dditional filings" made "during the same noticed period" that ECF No. 105's existing extension "did not expressly cover," and asked the Court to extend the November 2, 2026 deadline already set by ECF No. 105 to "every motion, opposition, reply, or other substantive filing requiring a response from Plaintiff that was filed or served from September 5 through October 4, 2026," and to order

that "no covered filing shall be deemed unopposed, unanswered, waived, abandoned, or conceded before November 2, 2026."

**8B**. On September 29, 2026, the day after ECF Nos. 113 and 114 were entered, the Court entered ECF No. 118, granting ECF No. 117. ECF No. 118 ordered that "Plaintiff shall have until November 2, 2026 to file responses to the pending motions at ECF Nos. 89, 93, and 111, and to file replies to Defendants' responses to Plaintiff's pending requests for default." ECF No. 110 is not listed among the motions covered by ECF No. 118, notwithstanding that ECF No. 117 had expressly asked the Court to extend coverage to it.

**8C**. Plaintiff respectfully submits that the most reasonable reading of this sequence is not that the Court considered and declined to extend Plaintiff's time to respond to ECF No. 110, but that ECF No. 110 was already treated as resolved, by virtue of ECF Nos. 113 and 114 having been entered the day before, and was therefore omitted from ECF No. 118's list of pending motions still awaiting a response. ECF No. 110 was, as of September 29, 2026, no longer a "pending" motion in the ordinary sense only because it had already been decided on the merits before Plaintiff's response period had run, not because any court order addressed and rejected Plaintiff's request to have it covered.

**8D**. Plaintiff states the following as a fact within her own personal knowledge. On September 28, 2026, while electronically filing ECF No. 117 through the Court's CM/ECF system, Plaintiff attempted to locate the docket entry for ECF No. 110 in order to determine how and where to file her opposition to it. No such opportunity was available. Plaintiff instead discovered, in the

course of that same filing session, that ECF Nos. 113 through 116 had already been entered on the docket. ECF Nos. 113 and 114 are the orders dismissing Defendant Judges McCabe and Kristiansson with prejudice, and ECF No. 114 denied ECF No. 108 as moot. Plaintiff does not attribute the remaining entries in that range to those two orders. Plaintiff had not abandoned her opposition to ECF No. 110. She was actively working on it, within her response period, when she learned directly from the docket, while in the act of filing a related motion in this same case, that the opportunity to file it had already been foreclosed.

## II. STANDARD GOVERNING RECONSIDERATION

**9**. ECF Nos. 113 and 114 resolved fewer than all claims and all parties in this action and did not enter final judgment under Federal Rule of Civil Procedure 54(b). An order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties remains interlocutory and 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.' Fed. R. Civ. P. 54(b). The district court's authority to revise such an interlocutory order is broader than, and not limited by, the standards governing Rule 59(e) or Rule 60(b) motions directed at final judgments. *State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 & n.14 (3d Cir. 2016).

**10**. Local Civil Rule 7.1(g) supplies the local procedural vehicle for reconsideration or reargument and ordinarily requires service and filing within fourteen days after entry of the challenged order, except for matters governed by Federal Rule of Civil Procedure 59(e). ECF Nos. 113 and 114 were entered September 28, 2026. The fourteenth day, October 12, 2026, was a federal

legal holiday; accordingly, Rule 6(a)(1)(C) extended the ordinary filing period through October 13, 2026. Plaintiff filed ECF No. 125 requesting an extension of that deadline. On October 14, 2026, the Court granted Plaintiff's request in ECF No. 126 and expressly extended the deadline for filing the present Motion to October 14, 2026, at 11:59 p.m. Plaintiff submits this Motion pursuant to the Court's express extension, not merely the original filing period, and respectfully requests that it be accepted as timely under ECF No. 126.

**11**. A motion for reconsideration under this framework may be granted where the movant demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A clear error of law or fact includes the entry of a dispositive order before the responding party's time to be heard has run, without notice that the ordinary briefing schedule had been shortened. Plaintiff respectfully submits that is precisely what occurred here.

## III. THE COURT'S MEMORANDUM AND ORDER WERE ENTERED BEFORE PLAINTIFF'S TIME TO RESPOND HAD EXPIRED

**12**. Local Civil Rule 7.1(c) ordinarily affords a non-moving party fourteen days after service of a motion within which to file a response, and expressly allows the Court to direct otherwise by order. No such order appears on the docket as to ECF No. 110. Plaintiff's time to respond to ECF No. 110, measured from the September 21, 2026 filing and extended for mail service under Federal Rule of Civil Procedure 6(d), had not expired when the Court signed ECF

No. 113 on September 25, 2026, nor when ECF Nos. 113 and 114 were entered on September 28, 2026.

**13**. Plaintiff was actively preparing her opposition to ECF No. 110 during this period. She had not abandoned, waived, or conceded any argument raised in ECF No. 110. The absence of a filed opposition as of September 25 or September 28, 2026 reflected only that the period for filing one had not yet run, not any decision by Plaintiff not to oppose the motion.

**13A**. As set forth in Paragraph 8D above, Plaintiff's discovery that ECF No. 110 had already been decided did not come from any notice directed to that fact. It came in the course of Plaintiff's own attempt, on September 28, 2026, to file a related motion, ECF No. 117, in this same case, when she found no docket entry through which to file her opposition and instead found ECF Nos. 113 through 116 already entered. Plaintiff was given no opportunity to complete or submit the opposition she was actively preparing before that discovery.

**14**. This sequence **matters independently of the religious-observance circumstances** addressed in Part IV below. Entry of a dispositive ruling on the merits of a motion before the opposing party's response period has expired, and without any order shortening that period, **deprives the non-movant of the process** to which Local Civil Rule 7.1(c) and Federal Rule of Civil Procedure 6 entitle her.

**14A**. The docket's own subsequent history confirms this. As set forth in paragraphs 8A through 8C above, Plaintiff's own motion filed the same day as ECF Nos. 113 and 114, ECF No.

117, specifically asked the Court to confirm that ECF No. 110 would not be deemed unopposed, unanswered, waived, abandoned, or conceded before November 2, 2026. The Court's order the following day, ECF No. 118, granted that relief as to ECF Nos. 89, 93, and 111, but did not extend it to ECF No. 110, because ECF No. 110 had already been decided the day before, **before Plaintiff's response period had run**. Plaintiff respectfully submits that this sequence is itself evidence that the ordinary protections ECF No. 118 afforded **against** every other then-pending motion were, as to ECF No. 110 alone, foreclosed by timing rather than by any considered ruling that ECF No. 110 did not warrant the same treatment.

**14B**. Plaintiff respectfully requests that the Court **correct** this sequence by **vacating** ECF Nos. 113 and 114 and permitting Plaintiff to file her opposition to ECF No. 110, consistent with the treatment already afforded to ECF Nos. 89, 93, and 111 by ECF No. 118, to be considered on the full record before any ruling issues.

## IV. THE RULING ISSUED DURING PLAINTIFF'S NOTICED RELIGIOUS-OBSERVANCE PERIOD, WHICH SHE HAD DISCLOSED TO THE COURT MORE THAN A MONTH IN ADVANCE

**15**. Independent of the bare procedural timing described above, the particular four-day window between the filing of ECF No. 110 and the signing of ECF No. 113 fell within the religious-observance period Plaintiff had disclosed to the Court by ECF No. 73 on August 20, 2026, more than a month before ECF No. 110 was ever filed. September 21, 2026 fell on the day of Yom Kippur, September 25, 2026 fell on the first day of Sukkot and during the eight-to-ten day

Festival (September 25 through October 2, 2026); the period in which the Court's Memorandum and Order were entered on the docket, September 28, 2026, fell in the middle of Sukkot itself.

**16**. Plaintiff gave this notice precisely so that reduced or intermittent litigation activity during this religious period would not be misunderstood as abandonment, lack of diligence, or consent to any adverse filing, and so that the Court and counsel would have advance warning before any deadline affecting Plaintiff arose during the identified weeks. Plaintiff respectfully submits that the entry of a dispositive, with-prejudice ruling against her, on a motion to which her response period had not yet run, during the very days she had identified a month earlier as encompassing weekly Shabbat observance and major Jewish Holy-days, is the precise circumstance ECF No. 73 was filed to prevent.

**17**. Plaintiff does not contend, and this motion does not rest on any contention, that the Court was aware at the moment of signing ECF No. 113 that September 25, 2026 fell within the noticed period, or that the Court acted with any intent to disregard that notice. Plaintiff raises this circumstance because the First Amendment's protection of religious exercise and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1(a)-(b), independently counsel against a result in which a pro se litigant's disclosed religious observance coincides, without her fault, with the foreclosure of her opportunity to be heard. Plaintiff cannot be made to choose between observing her faith and protecting her claims from dismissal before her own response was due.

**18**. Plaintiff raises the religious-observance circumstances as an additional and independent consideration, not as a substitute for the procedural violation established in Part III.

The premature-disposition argument does not depend on the religious-observance calendar. Even apart from those observances, the Court signed and entered its dispositive ruling before Plaintiff's opposition period under Local Civil Rule 7.1(c) and Federal Rule of Civil Procedure 6(d) had expired.

## V. THE DISMISSAL WITH PREJUDICE OF ALL CLAIMS AGAINST BOTH JUDGES, ON ALL FORMS OF RELIEF, WITHOUT A REMEDY-SPECIFIC OR ACT-SPECIFIC ANALYSIS, WAS PREMATURE ON THIS RECORD

Plaintiff raises the following grounds without waiving, and expressly preserving, her position that judicial immunity **does not bar** her claims, and without conceding any factual or legal premise of ECF No. 110.

**19**. Judicial immunity requires separate examination of the nature and function of each challenged act. The Court's conclusion that the Court of Common Pleas possessed subject-matter jurisdiction over the underlying family proceeding does not itself resolve whether each act challenged in this case was judicial in function. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Mireles v. Waco*, 502 U.S. 9, 12-13 (1991); *Forrester v. White*, 484 U.S. 219, 227-29 (1988); *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768-72 (3d Cir. 2000). *Accord Gibson v. Goldston*, 85 F.4th 218, 223-27 (4th Cir. 2023) (published) (<u>holding that a family-court judge was not entitled to judicial immunity for conduct that crossed from adjudication into executive action</u>, because the doctrine is "defined by the **functions it protects and serves**, **not by the person to whom it attaches**," notwithstanding the judge's undisputed jurisdiction over the underlying family matter).

Gibson is persuasive, out-of-circuit authority, not binding on this Court, and rests on the same Supreme Court authorities already governing this case. Plaintiff cites it only for its application of that shared framework, not for any claim that the facts of Gibson and this case are identical.

**19A**. At the same time, Plaintiff recognizes, and does not ask this Court to disregard, that acts taken in error, maliciously, or in excess of a judge's authority remain immune where the court possessed at least some subject-matter jurisdiction over the proceeding; immunity is lost only where the act was nonjudicial in function or taken in the clear absence of all jurisdiction, not merely because it was erroneous or exceeded the judge's authority. *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (judge retained immunity for an erroneous contempt citation, issued without a legally required procedural safeguard, because the citation itself remained a judicial act within the judge's subject-matter jurisdiction). Plaintiff raises Figueroa because it is controlling Third Circuit authority on this point and because the relevant question it frames is the correct one for this Court to apply on a full record: <u>whether each challenged act was judicial in function</u>, and if so, <u>whether it was taken merely in excess of jurisdiction or in the clear absence of all jurisdiction,</u> not whether the act was erroneous, unauthorized, or harmful standing alone.

**20**. Separately, damages immunity, injunctive relief, and declaratory relief are governed by distinct legal standards and must be analyzed separately rather than collapsed into a single judicial-immunity ruling. As to injunctive relief, 42 U.S.C. § 1983, as amended in 1996, bars injunctive relief against a judicial officer for an act taken in a judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. See *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006); *Argen v. Katz*, No. 20-1253 (3d Cir. Sept. 15, 2020) (affirming that § 1983

barred injunctive relief against a state-court judge where neither statutory exception was present). As to declaratory relief, the Third Circuit has held that the 1996 amendment does not foreclose declaratory relief against a judicial officer in all circumstances, and that the statute implicitly recognizes declaratory relief may be available even as it limits injunctions where declaratory relief remains available. *Allen v. DeBello*, 861 F.3d 433 (3d Cir. 2017); see also *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194 (3d Cir. 2000).

**21**. ECF No. 110 did not separately analyze damages, injunctive, and declaratory relief as to either Defendant judge, and did not separately classify each challenged act as judicial or nonjudicial, or as within or in complete absence of jurisdiction, before seeking dismissal of all claims and all relief with prejudice. Plaintiff's opposition, had it been filed and considered before ECF Nos. 113 and 114 issued, would have addressed each of these distinctions in detail, including the application of the UCCJEA and PKPA subject-matter framework to the question of whether jurisdiction was completely absent rather than merely exceeded.

**22**. As to Defendant Kristiansson in particular, ECF No. 110 itself argues in the alternative, at Brief page 7, that no specific act is pled against her at all, while separately asserting at footnote 3 that she would be entitled to judicial immunity for unspecified "judicial actions." Both propositions **cannot** simultaneously support a with-prejudice dismissal: if no act is identified, there is nothing for the Court to classify as judicial or nonjudicial, and the proper disposition of a pleading deficiency is dismissal with leave to amend, not a merits immunity ruling foreclosing amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hospital*, 293

F.3d 103 (3d Cir. 2002) (**leave to amend should be freely given absent undue delay, bad faith, undue prejudice, or futility**); *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

**22A**. The Memorandum's treatment of Kristiansson compounds this problem by resting on the existence of the underlying Pennsylvania Court of Common Pleas proceeding and that court's original jurisdiction over it, without separately identifying and classifying the specific conduct attributed to Kristiansson by function, as Gibson, Forrester, and Stump require. Original jurisdiction over the underlying proceeding establishes, at most, that the court had authority over the matter; it does not establish that every act later attributed to Kristiansson within that matter was itself judicial in nature. Before immunity can dispose of a claim against her, **the challenged conduct must first be identified and classified by function**, not assumed from the existence of jurisdiction over the case in which it arose.

**22B**. Plaintiff further notes, for the Court's consideration on full briefing, that ECF No. 110 and ECF No. 113 identify the Pennsylvania Court of Common Pleas' original jurisdiction over the underlying family matter by citing 42 Pa. Cons. Stat. § 6321, which is the Juvenile Act's commencement provision governing how a dependency proceeding is initiated, rather than 42 Pa. Cons. Stat. § 931(a), which is the general grant of original jurisdiction to the courts of common pleas. Plaintiff raises this only to ensure that the jurisdictional premise underlying the immunity analysis rests on the correct statutory provision, and does not contend that the correction, standing alone, changes the outcome of that analysis; it is precisely the kind of citation-level point an opposition brief exists to flag and that could not be flagged because none was yet due.

**22C**. Plaintiff also notes that **judicial immunity, however broad, does not extend to private individuals who conspired with a judicial officer to deprive Plaintiff of her rights**; a private party's liability under 42 U.S.C. § 1983 for such a conspiracy is not defeated merely because the judicial co-conspirator is independently immune. *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980). Plaintiff raises this distinction to preserve it for full briefing, not to argue it in the first instance on this motion, and because ECF No. 110 did not address it.

**23**. Plaintiff respectfully submits that these are precisely the kind of remedy-specific and act-specific distinctions that an opposition brief exists to develop, and that could not be developed because no opposition was yet due when the Court ruled. Plaintiff asks that the Court restore the opportunity for them, together with the controlling Supreme Court and Third Circuit authority and the persuasive authority discussed above, to be briefed and considered in the first instance before any ruling on immunity becomes final.

**23A**. ECF No. 110 also argued, in the alternative, that Rooker-Feldman deprives this Court of subject-matter jurisdiction over claims that would require it to review or reject the state court's judgments, and that amendment would be futile on that and other grounds. Plaintiff could not brief either point because no opposition was yet due. As to Rooker-Feldman, the doctrine is narrow: it applies only to the four circumstances in which (1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgment itself, (3) the judgment was rendered before the federal suit was filed, and (4) the plaintiff invites the federal court to review and reject that judgment; it does not apply to an independent claim, even one that parallels or depends on issues presented in state-court litigation, merely because the state and federal suits

share a subject. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166-69 (3d Cir. 2010). The critical inquiry is the source of the injury: **where the injury is produced by the defendants' own conduct rather than by the state judgment itself**, the federal claim remains independent of that judgment. Id. This is not merely an abstract distinction in child-welfare cases. The Third Circuit has applied it on facts closely resembling Plaintiff's own: in *B.S. v. Somerset County*, 704 F.3d 250, 260 (3d Cir. 2013), a mother's federal claim survived Rooker-Feldman where her injury was traceable to the child-welfare agency's own actions rather than to the state-court custody order those actions produced; and in *Ernst v. Child & Youth Services of Chester County*, 108 F.3d 486 (3d Cir. 1997), the Third Circuit held **that adjudicating whether a child-welfare agency acted from malice or bias in a dependency proceeding would not require the federal court to hold any state judgment erroneous**, so Rooker-Feldman did not bar the claim, notwithstanding that a favorable federal ruling might later support a request to reconsider the underlying custody determination. See also *Allen v. DeBello*, 861 F.3d 433 (3d Cir. 2017) (Rooker-Feldman has 'narrow applicability' and does not bar suits attacking the conduct underlying a state decision rather than the decision itself). **Plaintiff's claims challenge the judicial Defendants' own conduct and are not, on their face, an invitation to this Court to review or reject a prior state-court judgment on its merits**, but Plaintiff did not have the opportunity to make that showing in full before the Court ruled.

**23B**. As to futility, dismissal with prejudice and without leave to amend is warranted only where amendment would be inequitable or futile, and the party opposing amendment bears the burden of demonstrating that futility; a bare assertion that amendment would be futile, without identifying what further amendment <u>could not cure, does not meet that burden</u>. *Peeples v. Citta*,

501 F. App'x 109, 111 (3d Cir. 2012). Plaintiff did not have the opportunity to respond to the futility argument raised in ECF No. 110 before the Court ruled with prejudice.

## VI. IN THE ALTERNATIVE, AND ONLY IF THE COURT DETERMINES THAT ECF NOS. 113 AND 114 ARE FINAL, RELIEF IS WARRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(1)

Plaintiff raises the following ground only in the alternative, if the Court determines that ECF Nos. 113 and 114 are final for purposes of Rule 60, and not in substitution for, the grounds set forth in Parts III, IV, and V above, each of which independently warrants the relief requested.

**24**. Federal Rule of Civil Procedure 60(b)(1) permits relief from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. Plaintiff invokes that provision solely in the alternative, if the Court determines that ECF Nos. 113 and 114 constitute a final disposition to which Rule 60(b)(1) applies. If those orders remain interlocutory, Rule 54(b) and Local Civil Rule 7.1(g) provide the primary procedural basis for reconsideration. A motion seeking relief under Rule 60(b)(1) must be made within a reasonable time under Rule 60(c)(1). Plaintiff maintains that her request satisfies that requirement and separately relies on the Court-extended deadline of October 14, 2026, at 11:59 p.m., established by ECF No. 126 for her primary Rule 54(b) and Local Civil Rule 7.1(g) request.

**25**. The Court's prior scheduling orders, ECF Nos. 105 and 118, are relevant to the procedural history, but their characterization of Plaintiff's earlier motions must be distinguished

from a legal determination that Rule 60(b) governed those requests. Plaintiff filed ECF No. 100 under Federal Rule of Civil Procedure 6(b)(1)(A), the First Amendment's Free Exercise Clause, and the Religious Freedom Restoration Act, and subsequently filed ECF No. 117 seeking an extension of the scheduling protection to additional substantive filings, including ECF No. 110. In granting scheduling relief, ECF Nos. 105 and 118 described the underlying requests as arising under Rule 60(b). Plaintiff preserves the precise distinction between the procedural rules she actually invoked and the descriptions appearing in those Orders. Neither Order expressly decided that Rule 60(b) was the governing procedural vehicle for the extension requests, nor did either Order adjudicate the availability of Rule 60(b)(1) relief from ECF Nos. 113 and 114.

**26**. Plaintiff does not rely on the descriptions contained in ECF Nos. 105 and 118 as establishing the applicability of Rule 60(b) to the present Motion. Her primary procedural basis remains Federal Rule of Civil Procedure 54(b), together with Local Civil Rule 7.1(g), because ECF No. 114 dismissed fewer than all claims and parties without directing entry of final judgment under Rule 54(b). Rule 60(b)(1) is invoked solely in the alternative, and only if the Court determines that the challenged disposition is final and otherwise subject to relief under that Rule. Under that alternative framework, Plaintiff independently identifies the premature adjudication of ECF No. 110, before expiration of her prescribed opposition period and without an identified order shortening that period, as the judicial mistake warranting consideration under Rule 60(b)(1). See Kemp v. United States, 596 U.S. 528 (2022). Plaintiff requests correction of that procedural error and the resulting dismissal with prejudice, without conceding finality, abandoning Rule 54(b), or treating the Court's characterization of prior scheduling motions as a substantive holding governing this Motion.

**27**. The standards and prerequisites governing Rule 60(b)(1) relief are distinct from those applicable to reconsideration of an interlocutory order under Rule 54(b) and Local Civil Rule 7.1(g). Plaintiff does not contend that Rule 60(b)(1) automatically provides broader relief or dispenses with its independent requirements. She invokes Rule 60(b)(1) solely as an alternative procedural basis if the Court determines that ECF Nos. 113 and 114 are final and eligible for relief under that provision. Plaintiff's primary request remains correction of the premature interlocutory disposition through Rule 54(b), restoration of adversarial briefing on ECF No. 110, and reconsideration of the dismissal with prejudice.

**27A**. 'Mistake' under Rule 60(b)(1) is not limited to clerical or factual error; it encompasses a judge's errors of law, including a ruling entered on a mistaken understanding of the procedural posture before the Court. *Kemp v. United States*, 596 U.S. 528 (2022). The premature entry of ECF Nos. 113 and 114, before Plaintiff's response period had run and apparently without the benefit of the docket reflecting that period's status, falls within that understanding of 'mistake.'

**27B**. Plaintiff notes additionally that ECF No. 110's certificate of service reflects service by U.S. first-class mail, and that service by mail is treated as complete upon mailing under Federal Rule of Civil Procedure 5(b)(2)(C), with three additional days added to any prescribed response period under Rule 6(d). To the extent the Court's ruling rested on any assumption that Plaintiff's response period had already run by September 25 or September 28, 2026, that assumption did not account for the additional mailing time to which Plaintiff was entitled, and the resulting surprise to Plaintiff supports relief under Rule 60(b)(1) if that Rule applies.

**27C**. Plaintiff does not raise, and expressly declines to rely upon, Rule 60(b)(4) in this motion. She does not contend that ECF Nos. 113 and 114 are void for lack of jurisdiction or a fundamental due-process defect of the kind that provision addresses, and raises relief under Rule 60(b) solely under subsection (b)(1) as set forth above.

## VII. THE PREMATURE DISPOSITION OF ECF NO. 110 OCCURRED WITHIN A DOCUMENTED, CROSS-FORUM PATTERN OF PROCEDURAL BARRIERS, WHICH PLAINTIFF PRESERVES FOR THE RECORD

Plaintiff raises the following only as context and for preservation of the record and future appellate review, not as an independent ground for the relief requested in this motion, and not as a contention that the tribunals and officers identified below acted in concert or with a shared intent. Plaintiff states only what the record in each forum independently reflects. This limitation concerns only an inference of coordination among the separate tribunals. It does not withdraw Plaintiff's allegations, preserved in Memorandum ¶147, of coordinated conduct among the defendant actors, which are presented as Plaintiff's allegations and not as judicial findings.

**28**. In the Philadelphia Court of Common Pleas, Family Court Division, Protection From Abuse docket No. 2503-V-7369, Plaintiff's April 9, 2026 motion for recusal and reassignment, directed at the Honorable Viktoria Kristiansson, was refused for filing at the courthouse the same day Judge Kristiansson signed a Rule on a pending petition in that matter. On June 18, 2026, Plaintiff transmitted facsimile copies of her petitions to the chambers of Judge Kristiansson and of Administrative Judge Walter J. Olszewski, each requesting written confirmation of receipt; no

confirmation was received from either chambers. On June 24, 2026, court staff at the filing window initially declined to accept Plaintiff's documents for filing and accepted them only after approximately fifteen minutes and after Plaintiff stated her intention to seek relief from the Supreme Court of Pennsylvania. The file stamp applied to those documents reads June 25, 2026, a date one day after Plaintiff's documented courthouse presence, evidenced by a parking garage receipt timestamped June 24, 2026 at 4:07 p.m.

**28A**. Plaintiff's own King's Bench Application further states that a Rule to show cause in contempt, signed July 24, 2025 against the Protection From Abuse defendant, "has never been heard on the merits, nearly one year later," and that "[n]o petition Plaintiff has submitted in this matter has ever been adjudicated on the merits." Plaintiff states that this is consistent with her experience across these proceedings generally: requests for relief, including for a finding of contempt against a party who has not been subject to any adjudicated consequence for the conduct described above, have gone **unheard** rather than being granted or denied on the merits.

**28B**. Plaintiff has also been unable to obtain the dependency and PFA hearing transcripts and complete case records necessary to support her filings in each of the forums described above. On June 18, 2025, Plaintiff requested transcripts of the dependency proceedings, Docket No. CP-51-DP-0000923-2024, from the First Judicial District's transcripts office. On June 20, 2025, that office responded that it required the exact dates of the hearings to be transcribed. Plaintiff did not have those dates because she did not have a complete copy of her own Family Court record, which was the reason she was requesting the transcripts in the first place. On June 28, 2026, Plaintiff sent a follow-up to that office asking whether the hearing dates could instead be identified from her

name and case number. The thread reflects no response to that follow-up. Separately, on June 17, 2026, Plaintiff requested complete copies of the dependency and PFA case records, docket histories, and transcripts, directing the request to the relevant court offices. The Department of Public Access responded on June 18, 2026 that the dependency records could not be produced to Plaintiff, notwithstanding her status as a party, without leave of court, and that she would instead need to file a separate motion to receive a copy of the dependency record, accompanied by a $42.68 filing fee, or, in the alternative, an in forma pauperis petition. Plaintiff responded on June 28, 2026 that the requested records were needed for her then-pending King's Bench Application and for this action, and that any failure to preserve or produce them would be brought to the attention of the respective courts.

**29**. In the Supreme Court of Pennsylvania, Eastern District, No. 55 EM 2026, Plaintiff's June 25, 2026 Application for Extraordinary Relief sought, among other things, the disqualification of Judge Kristiansson from the PFA proceeding on the same conflict-of-interest grounds, arising from her status as a named defendant in this action, that Plaintiff raises in Part V above. A per curiam Order denying that Application was entered July 23, 2026, before the response period of the respondent then named in that proceeding had run, and while a certified letter Plaintiff had sent to the Deputy Prothonotary on July 20, 2026, notifying the Court of newly obtained evidence material to the Application, sat received at the Prothonotary's office, according to postal tracking records, at 10:07 a.m. that same day, three hours and thirty-eight minutes before the 1:45 p.m. Order, without appearing on the public docket. The Office of the Prothonotary acknowledged receipt of that letter the following day and stated that no further action would be taken. Plaintiff

filed an Application for Re-Argument of the July 23, 2026 Order on July 29, 2026, raising these irregularities and seeking vacatur. That Application was also denied per curiam.

**29A**. Plaintiff notes a related pattern within this Court's own docket. Plaintiff's motion at ECF No. 107, brought under Local Civil Rule 7.1(g) and Federal Rule of Civil Procedure 54(b) for revision of an interlocutory order, was characterized in the Court's subsequent order, ECF No. 116, as a motion under Federal Rule of Civil Procedure 59(e), a provision Local Civil Rule 7.1(g) expressly excludes from its own fourteen-day reconsideration procedure. This is the third instance on this docket, together with ECF No. 105's and ECF No. 118's treatment of Plaintiff's 6(b)(1)(A) extension motions as brought under Rule 60(b) described in Part VI above, in which a motion Plaintiff brought under one procedural vehicle was addressed by the Court under a different one. Plaintiff raises this pattern only to preserve it for the record, not as a contention that any one instance, standing alone, was anything other than an ordinary characterization made in the course of deciding the underlying motion on its merits.

**30**. In this Court, as explained in Parts III, IV, and VI above, ECF Nos. 113 and 114 were entered before expiration of Plaintiff's opposition period on ECF No. 110 and during the religious-observance period of which the Court and counsel had advance notice. ECF Nos. 105 and 118 form part of the relevant scheduling history and document the Court's earlier grants of extension relief, but their references to Rule 60(b) do not constitute a determination that Rule 60(b) governs the present challenge. Plaintiff accordingly seeks reconsideration and revision primarily under Rule 54(b) and Local Civil Rule 7.1(g), preserving Rule 60(b)(1) only as an alternative ground if the Court determines that ECF Nos. 113 and 114 are final and that Rule 60(b)(1) otherwise applies.

**31**. Plaintiff identifies this sequence, across the Philadelphia Court of Common Pleas, the Supreme Court of Pennsylvania, and this Court, because in each instance a significant or dispositive order issued before the applicable response or notice period had run, and in two of the three instances, a timely communication from Plaintiff was received by the relevant office but had not yet appeared on, or been acted upon through, the public docket at the time the order issued. Plaintiff does not contend that this pattern establishes coordination among these tribunals, and makes no such claim here. She states only that the rules governing notice, docketing, service, and response periods apply equally to every party in every forum, including a party who proceeds pro se, and that she preserves this record because the same category of procedural defect has now recurred in a third, independent forum, each time to her detriment and without the relief she sought ever being adjudicated on the merits.

**32**. Plaintiff intends to pursue appellate and supervisory review of the Pennsylvania Court of Common Pleas and Supreme Court of Pennsylvania irregularities described above through the channels available in all forums. She raises them in this motion solely so that this Court has the complete procedural context before it and so that the record is preserved for any further proceeding in this action, including any future appellate review of ECF Nos. 113 and 114.

## VIII. RELIEF REQUESTED

Plaintiff requests the following relief without waiving, and expressly preserving, any right, claim, or argument not granted by this motion, including her right to appeal ECF Nos. 113 and 114 and her right to pursue any further relief this Court's ruling on this motion does not resolve.

A. **GRANT** reconsideration and reargument of ECF Nos. 113 and 114 under Local Civil Rule 7.1(g) and Rule 54(b);

B. **VACATE** ECF Nos. 113 and 114 to the extent they granted ECF No. 110, dismissed Judges McCabe and Kristiansson with prejudice, and denied ECF No. 108 as moot;

C. **RESTORE** Judges McCabe and Kristiansson to the active case posture pending full briefing and decision on ECF No. 110;

D. **RESTORE** ECF No. 110 to the active motion docket and permit Plaintiff to file her opposition within seven (7) days after entry of the Court's order, with the opposition deemed timely;

E. **PERMIT** Defendants to file any reply consistent with Judge Kenney's current Policies and Procedures and any further order of the Court, and decide ECF No. 110 only after adversarial briefing is complete;

F. **REINSTATE** ECF No. 108 for disposition of its independent service, Rule 4(m), Rule 55, preservation, and notice issues rather than treating the entire filing as moot;

G. **GRANT** Plaintiff leave to supplement her opposition to ECF No. 110 within thirty (30) days after she obtains, by whatever lawful means, the specific dependency-proceeding and PFA-proceeding transcripts, audio, docket histories, and service records identified in Part IV.E.3 of the Memorandum; this item does not seek any modification of ECF No. 115 or any order directed to the record custodians;

H. **ALTERNATIVELY**, if the Court adheres to dismissal of any claim against either Judicial Defendant, **MODIFY** the disposition to permit amendment as to the concrete

allegations identified in Part IV.C.8 of the Memorandum, to the extent amendment is legally available, or expressly identify why each proposed amendment would be inequitable or futile under Rule 15(a)(2) and the applicable substantive law. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002); *Phillips v. County of Allegheny*, 515 F.3d 224, 245–46 (3d Cir. 2008);

I. **CLARIFY** that this Motion is analyzed under Rule 54(b) and Local Civil Rule 7.1(g), with Rule 60(b)(1) invoked only in the alternative if the Court determines the challenged disposition is final for Rule 60 purposes; and

J. **GRANT** such other and further relief as justice requires, while preserving all appellate and substantive rights not expressly adjudicated.

## IX. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court **grant** this Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 54(b) and Local Civil Rule 7.1(g), or, in the alternative and only if the Court determines that ECF Nos. 113 and 114 are final, **grant** relief under Federal Rule of Civil Procedure 60(b)(1), and enter the relief requested above. Plaintiff files this motion, and every argument within it, without waiving, and while expressly preserving, any right, claim, defense, or argument not addressed herein, including her right to seek appellate review of ECF Nos. 113 and 114 regardless of the outcome of this motion. Plaintiff does not contend that *Dotzel v. Ashbridge*, 438 F.3d 320, 324 (3d Cir. 2006), or *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), independently creates appellate jurisdiction over this interlocutory dismissal

at this stage; she cites them only to preserve the applicable standard of review that would govern any future appeal of the immunity rulings at ECF Nos. 113 and 114, if and when appellate jurisdiction over those rulings exists, whether upon entry of final judgment under Rule 54(b) or otherwise. Plaintiff expressly preserves, and does not waive, that right to appellate review in whatever form it becomes available.

Respectfully submitted,

/s/ Galina M. Novakhova

**Galina M. Novakhova**

*Plaintiff, Pro Se*

P.O. Box 17635
Philadelphia, PA 19135
GalinaMN@gmail.com

**All Rights Reserved Without Prejudice**

**Date: October 13, 2026**

**FILED October 14, 2026**