**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** <br> ***Plaintiff,*** <br> **v.** <br> **ANJELIQUE J. BONILLA, et al.,** <br> ***Defendants*** | : | **CASE NO. 2:26-CV-0585-CFK** |

**ORDER**

**AND NOW**, this ____ day of __________________, 2026, upon consideration of Plaintiff's Motion for Reconsideration and Re-argument of ECF Nos. 113 and 114, the supporting Memorandum of Law, Plaintiff's Declaration, and any response thereto, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Reconsideration and Re-argument is **GRANTED** under Local Civil Rule 7.1(g) and Federal Rule of Civil Procedure 54(b).

2. ECF Nos. 113 and 114 are **VACATED** to the extent they granted ECF No. 110, dismissed with prejudice the claims against Defendants Judge Cateria McCabe and Judge Viktoria Kristiansson, and denied ECF No. 108 as moot.

3. Defendants Judge Cateria McCabe and Judge Viktoria Kristiansson are **RESTORED** to the active case posture pending renewed disposition of ECF No. 110 after completion of adversarial briefing.

4. ECF No. 110 is **RESTORED** to the active motion docket.

5. Plaintiff **SHALL** file her opposition to ECF No. 110 within seven (7) days after entry of this Order, and that opposition **SHALL** be deemed timely filed.

6. Defendants **SHALL** file any reply authorized by the Federal Rules of Civil Procedure, the Local Civil Rules, Judge Kenney's current Policies and Procedures, or further Order of this Court within the time otherwise applicable to such reply.

7. ECF No. 110 **SHALL NOT** be adjudicated on the merits until Plaintiff's opposition has been filed and the authorized briefing period has concluded.

8. In adjudicating ECF No. 110 after full briefing, the Court **SHALL** separately analyze the challenged conduct attributed to Judge Cateria McCabe and Judge Viktoria Kristiansson and **SHALL** apply the governing act-specific, function-specific, capacity-specific, jurisdiction-specific, and remedy-specific standards to each Defendant and each form of relief actually asserted.

9. The Court **SHALL** separately address, where applicable, claims for damages, declaratory relief, injunctive or other prospective relief, judicial-immunity defenses, jurisdictional defenses, Rooker-Feldman arguments, pleading sufficiency, and amendment.

10. ECF No. 108 is **REINSTATED** and **SHALL** be separately adjudicated as to the independent service, Rule 4(m), Rule 55, preservation, notice, and related procedural issues presented therein.

11. If the Court later determines that any claim against either Judicial Defendant fails for a curable pleading deficiency, Plaintiff **SHALL** be permitted leave to amend unless the Court makes an express, claim-specific determination that amendment would be inequitable or futile.

12. Nothing in this Order adjudicates the ultimate merits of ECF No. 110 before completion of restored adversarial briefing.

13. If Plaintiff obtains, by whatever lawful means, the dependency-proceeding and PFA-proceeding transcripts, audio, docket histories, and service records identified in Part IV.E.3 of the Memorandum, Plaintiff is granted leave to supplement her opposition to ECF No. 110 within thirty (30) days after obtaining them. This paragraph does not modify ECF No. 115 or direct any records custodian.

14. If the Court adheres to dismissal of any claim against either Judicial Defendant, the dismissal is **MODIFIED** to permit amendment as to the concrete allegations identified in Part IV.C.8 of the Memorandum, to the extent amendment is legally available, unless the Court expressly determines, as to each proposed amendment, that it would be inequitable or futile under Rule 15(a)(2) and the applicable substantive law.

15. All claims, defenses, objections, service positions, jurisdictional positions, appellate positions, amendment rights, preservation positions, and other substantive and procedural rights not expressly resolved by this Order are **PRESERVED**.

16. This Order is **ENTERED** pursuant to Federal Rule of Civil Procedure 54(b) and Local Civil Rule 7.1(g). Federal Rule of Civil Procedure 60(b)(1) is not reached unless the Court determines that ECF Nos. 113 and 114 constitute a final disposition for purposes of Rule 60(b).

BY THE COURT:

________________________________

Honorable Chad F. Kenney, J.