**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** | : | |
| ***Plaintiff,*** | : | **CASE NO. 2:26-CV-0585-CFK** |
| **v.** | : | |
| **ANJELIQUE J. BONILLA, et al.,** | : | |
| ***Defendants*** | : | |

**DECLARATION OF GALINA M. NOVAKHOVA UNDER 28 U.S.C. § 1746**

1. I am the Plaintiff in this action, proceeding pro se. I make this declaration based on my own personal knowledge, and if called as a witness I could and would testify competently to the matters stated herein.
2. On August 20, 2026, I filed ECF No. 73, giving this Court and all counsel of record advance notice that my Jewish religious observances during September and early October 2026 would substantially and intermittently limit my availability to conduct sustained litigation work during that period.
3. I proceed entirely pro se in this action. I have no attorney, associate, paralegal, or other person who can perform litigation work on my behalf. Every filing I make, and every response to every other party's filing, must be personally researched, reviewed, prepared, and filed by me.

4. Defendants Judge Cateria McCabe and Judge Viktoria Kristiansson filed their Motion to Dismiss, ECF No. 110, on Yom Kippur, September 21, 2026. The certificate of service on ECF No. 110 states that I was served by U.S. first-class mail. I did receive those mailed papers; I do not contend otherwise. My reconsideration position does not depend on nonreceipt.

5. I was observing Yom Kippur on September 21, 2026, and did not undertake ordinary litigation work or any work during that observance. I worked on preparing my opposition to ECF No. 110 during September 22 through September 24, 2026. My ability to continue that work was restricted by the religious observances beginning with Sukkot on September 25. I had not abandoned my opposition, decided against filing it, or waived my objections to ECF No. 110. I intended to complete and submit the opposition within the time permitted by the applicable rules.

6. On September 28, 2026, I electronically filed ECF No. 117 through this Court's CM/ECF system. In the course of that same filing session, I attempted to locate the docket entry for ECF No. 110 in order to determine how to attach ECF 117 to it. I found no such opportunity. I instead discovered, in that same session, that ECF Nos. 113 through 116 had already been entered on the docket. ECF Nos. 113 and 114 are the orders dismissing Judge McCabe and Judge Kristiansson with prejudice, and ECF No. 114 denied ECF No. 108 as moot. I do not attribute the remaining entries in that range to those two orders.

7. I had not received any notice, before that discovery, that my response period on ECF No. 110 had been shortened or that the motion had already been decided.

8. On April 9, 2026, I attempted to file a motion for recusal and reassignment directed at the Honorable Viktoria Kristiansson at the Philadelphia Court of Common Pleas, Family

Court Division. That filing was refused at the courthouse the same day Judge Kristiansson signed a Rule on a pending petition in that matter.

9. On June 18, 2026, I transmitted facsimile copies of petitions to the chambers of Judge Kristiansson and of Administrative Judge Walter J. Olszewski, each requesting written confirmation of receipt. I received no confirmation from either chambers.

10. On June 24, 2026, I presented documents for filing at the Philadelphia Court of Common Pleas filing window. Court staff initially declined to accept them and accepted them only after approximately fifteen minutes and after I stated my intention to seek relief from the Supreme Court of Pennsylvania. I have a parking garage receipt timestamped June 24, 2026 at 4:07 p.m. documenting my presence at the courthouse that day. The file stamp applied to my documents reads June 25, 2026.

11. On June 18, 2025, I requested transcripts of the dependency proceedings, Docket No. CP-51-DP-0000923-2024, from the First Judicial District's transcripts office. On June 20, 2025, the office responded that it required the exact hearing dates. I did not have those dates because I did not possess a complete copy of my own Family Court record. On June 28, 2026, I sent a follow-up to that office asking whether the hearing dates could be identified from my name and case number. The thread reflects no response to that follow-up.

12. On June 17, 2026, I requested complete copies of the dependency and PFA case records, docket histories, and transcripts. I sent the request to three addresses: Melissa.Copestake@courts.phila.gov, deppublicaccess@courts.phila.gov, and drpublicaccess@courts.phila.gov. The drpublicaccess address returned an automated delivery failure notice. The Department of Public Access responded on June 18, 2026 that

the dependency records could not be produced to me without leave of court; that I could review the record in person at 1501 Arch Street, 11th floor, with no recordings, photographs, or copies permitted; and that copies would require a separate motion accompanied by a $42.68 filing fee or an in forma pauperis petition. On June 28, 2026, I sent a written follow-up to the Department identifying the federal and state proceedings for which the records were needed.

13. On June 25, 2026, I filed an Application for Extraordinary Relief with the Supreme Court of Pennsylvania, No. 55 EM 2026, seeking disqualification of Judge Kristiansson from the PFA proceeding. The filed packet contained the federal summons identifying Judges McCabe and Kristiansson among the federal defendants, and proof of service identified Michael Daley, Esquire as a recipient. On July 20, 2026, I sent a certified letter to the Deputy Prothonotary notifying the Court of newly obtained evidence material to that Application, including newly obtained California body-worn-camera material. Postal tracking records show that letter was received at the Prothonotary's office at 10:07 a.m. on July 23, 2026. A per curiam Order denying my Application was entered that same day at 1:45 p.m., without my letter appearing on the public docket beforehand. I filed an Application for Re-Argument on July 29, 2026, raising these irregularities; that Application was also denied per curiam.

14. In September 2026, I attempted through the Pennsylvania Supreme Court's PACFile system to submit two additional applications in No. 55 EM 2026, one concerning discovery and one concerning enforcement of the PFA order. Both were returned or rejected as not being a recognized filing type. I then sent correspondence to the Deputy Prothonotary seeking procedural guidance.

15. During the dependency proceedings, my court-appointed attorney, William Rice, who had been assigned to represent me without my knowledge or consent, failed to notify me of a scheduled court hearing, and I received no notice or service of that hearing from the court. Approximately thirty minutes before the hearing, my minor daughter called me from a bathroom and asked where I was because the hearing was about to take place. I learned of the proceeding from my daughter rather than from my court-appointed attorney or the court. I also personally raised my daughter's February 22, 2025 sexual assault in the dependency proceedings after William Rice would not raise the matter on my behalf. Judge Cateria McCabe knew of the assault. When I attempted to speak about it, I was threatened with contempt, and I did not receive effective protective relief addressing my child's sexual assault in the foster home.

16. On a recorded call dated August 21, 2025, Philadelphia Police Department Detective Culbreath stated, in substance, that “no one wants to get sued,” and explained that he had made sure DHS's legal team was aware of the matter in connection with DHS Legal's position regarding enforcement. I personally participated in this recorded conversation, possess the recording, and have placed evidence of the statement on the federal record at ECF No. 28-1. I testify to the statement as a fact within my personal knowledge and rely upon it, together with the surrounding evidence, as support for my contention that avoidance of liability for my daughter's sexual assault and the subsequent failures to return her contributed to obstruction of justice and interference with constitutionally protected parental rights.

17. My minor child has made statements to me, in substance, that she was told what to say and that adults discouraged her from returning to me. My mother has also made statements to me that, in substance, describe cooperation among state and private actors in keeping my child away from me. I rely on these statements, together with my recordings and other evidence, as part of the factual basis for my contention that private and state actors coordinated to interfere with reunification, my fundamentally protected parental rights, and my relationship with my minor child. I identify this paragraph as my testimony concerning reported and recorded statements.

18. I received no advance notice of the proposed May 1, 2025 amendment to the March 31, 2025 Final PFA Order in Commonwealth docket No. 2503-V-7369. I did not petition for that amendment, and I did not authorize or consent to it. Before the May 1, 2025 amendment was entered, I received no notice of it, and no hearing on it was held with notice to me. A hearing that had been scheduled in that matter was canceled without notice to me. I did not receive the amendment papers until after the amendment was entered.

19. In the dependency proceeding before Judge McCabe, I discharged my then court-appointed attorney, William Rice, myself, and told Judge McCabe that I did not want him to represent me. My decision followed, among other matters, Rice's failure to notify me of the scheduled court hearing described in Paragraph 15, and his failure to raise my daughter's February 22, 2025 sexual assault as I requested. Judge McCabe would not allow me to speak or explain my position, and she immediately assigned Patricia Cochran as replacement counsel without asking me whether I wanted another attorney or wanted to proceed in pro se. I did not request nor consent to any public Attorney or Cochran's

appointment. I did not experience the court-appointed attorneys assigned to me in that proceeding as representing my position and relief I sought.

20. In the PFA proceeding before Judge Viktoria Kristiansson, Theo Ciccarelli Cornetta was listed to receive copies of my filings as though she were my counsel of record. She was not my attorney, did not represent my interests, and did not advocate the relief I requested. Based on her conduct, positions, and communications that I personally observed, I understood her to be acting in the interests of DHS and the opposing party rather than in my interests or those of my minor child. I petitioned Judge Kristiansson to remove Ms. Ciccarelli Cornetta from the improper counsel designation and challenged her continued involvement and asserted authority in the proceeding. I also sought contempt relief against Defendant Anjelique J. Bonilla. Judge Kristiansson did not grant the relief I requested or schedule my requests for adjudication, and the improper counsel designation was not corrected by the court or court staff.

21. On multiple occasions, Judge Kristiansson rescheduled PFA proceedings affecting me. Based on the circumstances I personally observed, those scheduling changes accommodated the opposing party's scheduling needs rather than mine. I have been unable to obtain the hearing transcripts and complete case records necessary to determine the Court's stated reasons for those scheduling decisions, despite my repeated requests for the dependency and PFA records described above.

Certain evidence and communications remain unredacted. Plaintiff is prepared to provide these materials to the Court if the Clerk of Court is willing and authorized to perform the necessary redactions to protect confidential or sensitive information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 14, 2026

Galina M. Novakhova

*Plaintiff, Pro Se*

P.O. BOX 17635, Philadelphia, PA 19135

GalinaMN@gmail.com

ALL RIGHTS RESERVED WITHOUT PREJUDICE

Executed on: October 13, 2026