FILED IN
SUPREME COURT

JUN 2 5 2026

EASTERN
DISTRICT

55 EM 2026

RECEIVED

JUN 2 5 2026

SUPREME COURT
EASTERN DISTRICT

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**In re: Petition of**

**GALINA M. NOVAKHOVA,** individually and on behalf of her minor child, A.N.,

Petitioner.

No. ____________
(Relating to: Galina M. Novakhova v. Anjelique Josephine Bonilla, Docket No. 2503-V-7369, Court of Common Pleas of Philadelphia County, Family Court Division, Protection From Abuse)

## APPLICATION FOR EXTRAORDINARY RELIEF UNDER PA.R.A.P. 3309 AND 42 Pa.C.S. § 726

### EMERGENCY REQUEST FOR IMMEDIATE STAY

Petitioner respectfully requests that this Court immediately stay all further proceedings in Docket No. 2503-V-7369 pending resolution of this Application, including any hearing scheduled before the Honorable Viktoria Kristiansson. Judge Kristiansson is a named defendant in Petitioner's pending federal civil rights action arising directly from her own conduct in this case. On June 24, 2026, the hearing scheduled for June 25, 2026 before Judge Kristiansson proceeded while this Application was being prepared and simultaneously while Petitioner's filings were being accepted under protest at the Family Court filing window following documented resistance by court staff. Permitting any further proceedings before a disqualified judge will compound an already compromised record with additional voidable orders. No adequate remedy exists absent this Court's immediate intervention.

## I. INTRODUCTION AND BASIS FOR KING'S BENCH JURISDICTION

Petitioner Galina M. Novakhova, pro se, individually and on behalf of her minor child A.N., respectfully applies to this Court for the exercise of its King's Bench and extraordinary jurisdiction pursuant to Pa.R.A.P. 3309, Article V, Section 10(a) of the Pennsylvania Constitution, and 42 Pa.C.S. § 726. This is an original miscellaneous proceeding. No adequate remedy is available through ordinary trial or appellate procedures for the reasons set forth herein.

This Application arises from a complete breakdown in the ordinary administration of justice in Docket No. 2503-V-7369 before the Court of Common Pleas of Philadelphia County, Family Court Division, Protection From Abuse. The breakdown is not merely procedural — it is structural. The presiding judge is a named defendant in Petitioner's pending federal civil rights action arising directly from her own conduct in this very case, yet continues to exercise jurisdiction. The Final Protection From Abuse Order protecting Petitioner's minor child was amended without petition, notice, or hearing by a non-party who lacked standing, and that void amendment has been used by law enforcement agencies across three states to defeat enforcement. Petitioner's filings seeking to correct the record, enforce the order, and obtain recusal have been refused at the filing window, improperly backdated upon acceptance, left unadjudicated, or ignored entirely for over fourteen months. The protected minor child has been withheld in California since May 28, 2025.

## II. FACTUAL BACKGROUND

### A. The March 31, 2025 Final Protection From Abuse Order.

On March 25, 2025, Petitioner filed a Petition for Protection From Abuse in the Court of Common Pleas of Philadelphia County, Family Court Division. A Temporary Protection From Abuse Order

was entered the same day. On March 26, 2025, Defendant Anjelique Josephine Bonilla was served personally by Deputy Sheriff Aaron Alvarez of the Los Angeles County Sheriff's Department at 20530 Anza Ave. #5, Torrance, California 90503, at 9:12 a.m.

On March 31, 2025, a Final Protection From Abuse Order was entered following a hearing at which Defendant failed to appear despite having been personally served. The Final PFA Order expressly identified Minor Child A.N. as a protected person pursuant to 23 Pa.C.S. §§ 6108(a) and 6108(a)(4), and prohibited Defendant from contact with both Petitioner and Minor Child A.N.

**B. The May 1, 2025 Void Amendment Entered Without Petition, Notice, or Hearing.**

On May 1, 2025, the Final Protection From Abuse Order was amended to remove Minor Child A.N. as a protected person. This amendment was not initiated by Petitioner. It was not initiated by Defendant. No petition was filed by any party. No notice was provided to Petitioner. No hearing was held. The amendment was procured by Theo Celeste Cornetta Ciccarelli, Esquire, a Guardian ad Litem appointed in a separate, closed DHS dependency matter, Docket No. CP-51-DP-0000923-2024 (Case No. 743808) a proceeding with no jurisdictional nexus to this PFA action.

The May 1, 2025 amendment directly violated: 23 Pa.C.S. § 6108(d), which permits amendment of a PFA order only upon subsequent petition filed by either party; 23 Pa.C.S. § 6117(a), which permits modification only after petition, service, and hearing; Pa.R.C.P. 1901.8(c), which requires a petition and court appearance for any modification after final judgment; and the due process guarantees of Article I, Sections 1 and 11 of the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution. The amendment is void ab initio.

Ciccarelli's authority as GAL was limited to DHS Dependency Case No. 743808, which closed on May 21, 2025. Ciccarelli had no standing to seek modification of the Final PFA Order under 23 Pa.C.S. § 6108(g), and no authority to appear in this matter under 42 Pa.C.S. § 6311(b), 23 Pa.C.S. § 5334(b), or In re K.M.G., 219 A.3d 662 (Pa. Super. 2019). Ciccarelli's continued listing as counsel of record and continued participation after the DHS case closed is unauthorized and ultra vires. The Defender Association of Philadelphia, with which Ciccarelli is associated, is disqualified by imputed conflict from any further participation.

**C. Unlawful Interstate Removal of Minor Child A.N. and Total Enforcement Failure.**

Minor Child A.N. was in the Commonwealth of Pennsylvania throughout the dependency proceedings. On May 21, 2025, the dependency case closed with Judge Cateria McCabe (who is also a defendant) granting temporary custody to Petitioner's mother, Alla Izrailova, without compliance with the Interstate Compact on the Placement of Children (ICPC), 62 P.S. § 761 and 55 Pa. Code § 3130.87, and without preserving Petitioner's parental rights under valid prior custody orders. Petitioner's mother (defendant) thereafter transported Minor Child A.N. from Pennsylvania to New Jersey. On May 28, 2025, Petitioner's mother transported Minor Child A.N. from New Jersey to Torrance, California, at the direction and with the facilitation of Defendant Anjelique Josephine Bonilla and Jose Anwar Tripp, without Petitioner's knowledge or consent, without court approval, and without ICPC compliance. This transport is corroborated by EZPass toll records and Edison Police Department welfare-check records. The child has been withheld from Petitioner in California continuously since that date.

This conduct violates the Final PFA Order, 23 Pa.C.S. § 6113(a), 18 Pa.C.S. § 2904 (interference with custody), 18 U.S.C. §§ 2261-2262 (interstate violation of a protection order), and 18 U.S.C. § 1204 (international parental kidnapping).

The void May 1, 2025 amendment has been used as a shield against enforcement at every level:

- Philadelphia Police Department: Detective Culbreath (#9223) refused to file a missing person or custodial interference report on July 16 and August 15, 2025, characterizing documented PFA violations as 'a custody issue.' In a recorded statement, Detective Culbreath admitted that he and DHS 'did not want to get sued.' Detective Boyle recorded Petitioner's April 22, 2025 statement reporting violations. No enforcement action was taken.
- Edison Police Department (NJ): On July 21, 2025, Supervisor Esposito accepted Petitioner's documents, asserted that the PFA 'is not valid in New Jersey' without presenting proof of lawful process, and refused to document Petitioner's complaint, relying on the Philadelphia Police Department and DHS to defeat enforcement of an order entitled to full faith and credit under 18 U.S.C. § 2265.
- Torrance Police Department (CA): Refused to enforce the Pennsylvania Final PFA Order against Defendant at 20530 Anza Ave. #5, Torrance, California 90503, despite mandatory full faith and credit obligations under 18 U.S.C. § 2265.
- FBI and NCMEC: Also declined to act, each deferring to local agencies.

No law enforcement agency at any level has taken action to enforce the Final PFA Order or to secure the return of Minor Child A.N. to Petitioner.

**D. Petitioner's Filings Refused, Undocketed, and Unadjudicated.**

Since May 2025, Petitioner has submitted multiple petitions, motions, and requests for relief seeking enforcement of the Final PFA Order, vacatur of the void amendment, removal of Ciccarelli, recusal of the presiding judge, and correction of the PFAD database record. The procedural history reflects a documented pattern of obstruction and non-adjudication:

- The matter has been rescheduled more than four times May 12, 2025; August 11, 2025; October 8, 2025; subsequent relistings; April 9, 2026 across at least three judicial officers, each reassignment without prior written notice to Petitioner.
- On April 9, 2026, Petitioner appeared in person at 1501 Arch Street prepared to present her Motion for Immediate Recusal and Reassignment. A court officer refused to accept it for filing and stated, 'I don't think so,' when Petitioner stated that service on the judge was required. On that same date, after Defendant failed to appear, the matter was rescheduled in Petitioner's absence. On that same date, Judge Kristiansson personally signed the Rule on Defendant's Petition to Modify continuing to act in this case while a named defendant in Petitioner's federal action and while the recusal motion was being tendered.
- The Court's treatment of non-appearances has been starkly unequal: Defendant's March 31, 2025 non-appearance after personal service resulted in entry of the Final PFA Order against her; Defendant's April 9, 2026 and prior non-appearance was rewarded with an automatic continuance while Petitioner present in the courthouse was neither seen nor heard.
- Multiple petitions submitted by Petitioner were never file-stamped, never docketed, and never listed for hearing, in violation of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania, Sections 4.0 and 5.0.

- On September 30, 2025, Petitioner faxed a Motion to Reschedule to the then-assigned judge's chambers fax number with confirmed transmission; chambers later stated in writing that the motion had not been received.

The contempt Rule signed July 24, 2025 has never been heard on the merits, nearly one year later. No petition Petitioner has submitted in this matter has ever been adjudicated on the merits.

**E. The Federal Civil Rights Action Disqualifying Conflict.**

Petitioner filed a civil rights action in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 2:26-cv-00585-CFK), naming, among others, the Honorable Viktoria Kristiansson, Cateria McCabe and Theo Celeste Cornetta Ciccarelli as defendants. The action is based directly on the conduct described herein. A related appeal is pending before the United States Court of Appeals for the Third Circuit, Appeal No. 26-2463.

Judge Kristiansson is therefore an adverse party to Petitioner in pending federal litigation arising directly from her own judicial conduct in this case. She cannot preside over, schedule, or in any capacity act upon proceedings in which her own challenged conduct is at issue without violating Pennsylvania Code of Judicial Conduct Rule 2.11(A), 28 U.S.C. § 455(a), Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), and In re Murchison, 349 U.S. 133, 136 (1955) ('No man can be a judge in his own case.').

**F. The June 17-18, 2026 Fax; The June 24, 2026 Fax, Emergency Circumstances, Filing Obstruction and Documented Backdating.**

On June 17, 2026, Petitioner prepared the petitions and motions identified herein for filing. On June 18, 2026, Petitioner appeared at the Family Court Building at 1501 Arch Street, Philadelphia, to file the documents in person and found the courthouse closed for a court holiday. On June 18, 2026, Petitioner transmitted by facsimile from Office Depot OfficeMax, Philadelphia, Pennsylvania: (a) a first facsimile of 47 pages transmitted at 10:02 a.m. to the chambers of the Honorable Viktoria Kristiansson at (215) 686-7822; and (b) a second facsimile of 21 pages transmitted at 10:27 a.m. to the chambers of Administrative Judge Walter J. Olszewski at (215) 686-9158. The fax cover letter requested written confirmation of receipt from each recipient. No acknowledgment or confirmation of receipt was received from either chambers.

On June 24, 2026, Petitioner appeared in person at the Family Court Building, 1501 Arch Street, Philadelphia, to file her Petition for Contempt, Petition to Modify, and Motion for Recusal. Petitioner's presence at the courthouse on June 24, 2026 is documented by a parking receipt from the Family Court Courthouse Garage, 1503-11 Arch Street, Philadelphia, PA 19102, timestamped 06/24/26 at 4:07 p.m.

Court staff at the Domestic Violence Unit filing window initially refused to accept Petitioner's documents for filing. Petitioner invoked the requirement that any refusal to accept a filing must be documented in writing, identifying the specific rule, policy, or authority relied upon, showing Federal Summons and informed court staff that she would be filing for King's Bench jurisdiction and that this record of obstruction would be incorporated into all pending proceedings, including Civil Action No. 2:26-cv-00585-CFK and Third Circuit Appeal No. 26-2463. Petitioner further stated that the fax transmissions to Judge Kristiansson's chambers and to Administrative Judge Olszewski's chambers on June 18, 2026 had already been sent, and that Judge Kristiansson was required to recuse as a named federal defendant.

After approximately 15 minutes of resistance, court staff accepted the documents for filing and applied a file stamp. However, the file stamp applied to all three documents reads 'Filed JUN 25 2026, Domestic Violence Unit, 4:27 pm.' This date is incorrect. Petitioner was physically present at the courthouse on June 24, 2026, as documented by the parking receipt timestamped 4:07 p.m. on 06/24/26. The filing window stamp time of 4:27 p.m. is consistent with Petitioner having entered the garage at 4:07 p.m. and reaching the filing window approximately twenty minutes later on the same date, June 24, 2026. The backdating of the file stamp from June 24 to June 25 constitutes a further irregularity in the official record of this matter and is preserved herein as additional evidence of the pattern of obstruction documented throughout this Application.

This Application is filed on June 24, 2026, the date of Petitioner's courthouse appearance, as documented by the parking receipt. The hearing before Judge Kristiansson, the conflicted judge whose disqualification is sought, was scheduled for June 25, 2026.

## III. LEGAL STANDARD FOR KING'S BENCH AND EXTRAORDINARY JURISDICTION

The Supreme Court of Pennsylvania possesses plenary King's Bench and extraordinary jurisdiction over all courts of this Commonwealth. Article V, Section 10(a) of the Pennsylvania Constitution vests in this Court 'general supervisory and administrative authority over all the courts.' 42 Pa.C.S. § 726 provides that the Supreme Court 'may, on its own motion or upon petition of any party, in any matter pending before any court... assume plenary jurisdiction of the matter at any time... if it appears that the interest of justice require prompt action by the Supreme Court.' See also 42 Pa.C.S. § 502.

King's Bench jurisdiction is properly invoked where: (1) the matter is of immediate public importance; (2) a breakdown in the ordinary administration of justice has occurred that cannot be adequately remedied through ordinary trial or appellate procedures; or (3) supervisory intervention is necessary to ensure the proper functioning of the judicial system. See In re Avellino, 690 A.2d 1138 (Pa. 1997); Mun. Publications, Inc. v. Court of Common Pleas, 507 A.2d 1243, 1245 (Pa. 1986).

Each of these criteria is independently satisfied here. The systemic refusal to enforce a final protection order protecting a minor child, the continued exercise of jurisdiction by a conflicted judge who is a federal defendant adverse to the petitioner, the repeated denial of access to the courts including the backdating of a filed document on the date of filing, and the total failure of ordinary remedies across fourteen months present precisely the circumstances for which King's Bench authority exists.

## IV. GROUNDS FOR EXTRAORDINARY RELIEF

### A. The Presiding Judge Is Disqualified by Actual Conflict.

Judge Kristiansson is a named defendant in Civil Action No. 2:26-cv-00585-CFK, a federal civil rights action brought by Petitioner, arising directly from Judge Kristiansson's own conduct in this case specifically the May 1, 2025 amendment, the refusal to accept filings, and the prolonged non-adjudication of Petitioner's motions. She cannot preside over proceedings in which her own challenged conduct is the central issue. Pa. Code of Judicial Conduct Rule 2.11(A) (mandatory disqualification where impartiality might reasonably be questioned); Caperton, 556 U.S. at 876-84; In re Murchison, 349 U.S. at 136; Goodheart v. Casey, 565 A.2d 757, 763 (Pa. 1989); 28 U.S.C. § 455(a).

The conflict is not theoretical. Judge Kristiansson has a personal financial and reputational stake in the outcome of proceedings in which her own conduct is challenged. She has continued to act in this matter signing the Rule on April 9, 2026 on the same day Petitioner tendered a recusal motion directed at her while a federal action based on that very conduct was pending. A court cannot insulate a conflicted judge by refusing to docket the motion that challenges her.

**B. The May 1, 2025 Amendment Is Void Ab Initio.**

The May 1, 2025 amendment to the Final PFA Order is void as a matter of law. A court order entered without jurisdiction, without the procedural prerequisites mandated by statute, and on the application of a person without standing is void ab initio and subject to collateral attack at any time. The procedural requirements for modification of a PFA order are mandatory: 23 Pa.C.S. § 6108(d) provides that the court may amend its order only upon subsequent petition filed by either party; 23 Pa.C.S. § 6117(a) expressly requires that modification be ordered only after the filing of a petition for modification, service of the petition, and a hearing on the petition. Neither requirement was satisfied. Ciccarelli, the non-party who procured the amendment, was not 'either party' within the meaning of § 6108(d) and had no authority to seek modification under any provision of the PFA Act.

A void order need not be appealed it may be challenged at any time in any proceeding. See Shearer v. Shearer, 564 A.2d 524 (Pa. Super. 1989). The appropriate remedy is vacatur and reinstatement of the March 31, 2025 Final PFA Order in its entirety.

**C. Total and Documented Enforcement Failure Affecting a Minor Child.**

The void amendment has caused a total collapse of enforcement. Law enforcement agencies in Pennsylvania, New Jersey, and California have each declining to enforce a final court order to which Congress has mandated full faith and credit. 18 U.S.C. § 2265 imposes mandatory enforcement obligations on every law enforcement agency in every state. The documented, recorded refusal of Detective Culbreath (#9223) to act on the admitted ground that he and DHS 'did not want to get sued' is not a lawful basis to decline enforcement and constitutes official oppression under 18 Pa.C.S. § 5301 and deprivation of rights under color of law under 18 U.S.C. § 242.

A minor child has been withheld across state lines for over thirteen months. The danger to the child is not speculative it is documented and ongoing. The systemic failure of law enforcement to enforce a final protective order, directly caused by an unauthorized judicial amendment, presents an issue of immediate public importance warranting this Court's supervisory intervention.

**D. Systematic Denial of Access to the Courts, Including Refusal to File, and Documented Backdating.**

Pennsylvania Constitution Article I, Section 11 guarantees every person the right of access to the courts and a remedy by due course of law without delay. The First Amendment guarantees the right to petition the government for redress of grievances. These rights have been comprehensively violated. Petitioner's filings have been refused at the filing window, left unstamped and undocketed, and ignored for over fourteen months. The recusal motion was refused for filing on April 9, 2026. No petition Petitioner has submitted has been adjudicated on the merits.

Most recently, on June 24, 2026, after approximately fifteen minutes of resistance at the filing window, court staff accepted Petitioner's filings only after Petitioner invoked several times, the written-refusal requirement and stated her intention to seek King's Bench relief. The file stamp applied to the accepted documents reads June 25, 2026 a date that did not exist at the time of filing, as documented by a parking receipt from the Family Court Courthouse Garage timestamped 4:07 p.m. on June 24, 2026. The stamp time of 4:27 p.m. is consistent with the same visit. The backdating of the official file stamp is itself a record irregularity that further demonstrates the pattern of obstruction requiring this Court's supervisory intervention.

**E. Ciccarelli's Unauthorized Participation and the Defender Association Conflict.**

Ciccarelli has continued to appear as counsel of record to Petitioner in this PFA matter despite the closure of the dependency case that was the sole basis for Ciccarelli's appointment, and despite the complete absence of any lawful authority to participate in a PFA proceeding and Pettitioner's requests to remove Ciccarelli as her counsel. Ciccarelli is a named federal defendant in Civil Action No. 2:26-cv-00585-CFK, adverse to Petitioner. The Defender Association of Philadelphia is subject to imputed disqualification. Ciccarelli's unauthorized appearance, unauthorized filings, and unauthorized listing on the docket must be stricken, and the Defender Association must be precluded from any further participation.

## V. INADEQUACY OF ORDINARY REMEDIES

The extraordinary nature of King's Bench jurisdiction requires a showing that ordinary remedies are inadequate. That showing is satisfied here on multiple independent grounds.

First, the presiding judge from whom recusal is sought is the very judge who must act on the recusal motion in the absence of King's Bench intervention. That motion was refused for docketing on April 9, 2026, and the file stamp applied on June 24, 2026 was backdated to June 25. A conflicted judge cannot be the arbiter of her own disqualification, and the obstruction of the filing process has prevented any neutral adjudicator from reaching the question.

Second, ordinary appellate review is available only after a final order. No final order on any of Petitioner's petitions exists because none has ever been adjudicated. There is nothing to appeal from fourteen months of non-adjudication.

Third, the damage flowing from continued proceedings before a conflicted judge cannot be remedied after the fact. Any order entered by a disqualified judge is itself voidable. Further proceedings permitting the June 25, 2026 hearing to proceed before Judge Kristiansson, risks compounding an already compromised record with additional voidable orders.

Fourth, the enforcement failure is ongoing and compounding. Every day the PFAD database reflects the void amendment. Ordinary appellate timelines are incompatible with the protection of a minor child in real time.

Fifth, administrative remedies within the Common Pleas system have been exhausted or rendered unavailable. Faxes to Administrative Judge Olszewski's chambers on June 18, 2026 produced no response. Petitioner's June 24, 2026 in-person filing was accepted only after thirty minutes of resistance, and the resulting file stamp was backdated. There is no administrative pathway that has not already been obstructed.

## VI. RELIEF REQUESTED

**WHEREFORE,** Petitioner Galina M. Novakhova, individually and on behalf of her minor child A.N., respectfully requests that this Court exercise its King's Bench and extraordinary jurisdiction pursuant to Pa.R.A.P. 3309 and 42 Pa.C.S. § 726, and enter an Order granting the following:

**A. EMERGENCY RELIEF:**

**1.** Immediately staying all further proceedings in Docket No. 2503-V-7369 before the Honorable Viktoria Kristiansson, pending resolution of this Application;

**2.** Directing the immediate recusal and disqualification of the Honorable Viktoria Kristiansson from any further participation, supervision, adjudication, or decision-making in Docket No. 2503-V-7369, based on disqualifying conflict arising from Civil Action No. 2:26-cv-00585-CFK (E.D. Pa.), in which Judge Kristiansson is a named defendant adverse to Petitioner;

**3.** Directing the immediate reassignment of Docket No. 2503-V-7369 to a judicial officer with no prior involvement in the proceedings, no involvement in DHS Dependency Case No. CP-51-DP-0000923-2024, and no professional relationship with Ciccarelli;

**B. SUPERVISORY RELIEF:**

**4.** Assuming King's Bench and extraordinary jurisdiction over Docket No. 2503-V-7369, Court of Common Pleas of Philadelphia County, Family Court Division, Protection From Abuse, pursuant to Pa.R.A.P. 3309, Article V, Section 10(a) of the Pennsylvania Constitution, and 42 Pa.C.S. § 726;

**5.** Declaring the May 1, 2025 amendment to the March 31, 2025 Final Protection From Abuse Order void ab initio as having been entered without petition, notice, or hearing, in violation of 23

Pa.C.S. §§ 6108(d) and 6117(a), and the due process guarantees of Article I, Sections 1 and 11 of the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution;

**6.** Directing that the March 31, 2025 Final Protection From Abuse Order be reinstated in its entirety, including Minor Child A.N. as a protected party pursuant to 23 Pa.C.S. §§ 6108(a) and 6108(a)(4), and recognized as the sole operative, enforceable order in Docket No. 2503-V-7369;

**7.** Directing the immediate removal of Theo Celeste Cornetta Ciccarelli, Esquire, as Guardian ad Litem or in any capacity in Docket No. 2503-V-7369; directing that Ciccarelli's appearance, filings, and listing as counsel of record be struck from all docket entries, court case management systems, and service lists; and directing the Clerk of Court to provide Petitioner with a certified printout confirming Ciccarelli's removal from all court case management systems, pursuant to Section 11.0 of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania;

**8.** Restraining Ciccarelli from any further participation in, interference with, or submission of filings in Docket No. 2503-V-7369 in any capacity whatsoever;

**9.** Disqualifying the Defender Association of Philadelphia, Theo Celeste Cornetta Ciccarelli, Esquire, the Honorable Cateria McCabe, the Philadelphia Department of Human Services, and all named and Jane/John Doe defendants in Civil Action No. 2:26-cv-00585-CFK (E.D. Pa.) from any further participation in Docket No. 2503-V-7369 or any matter arising therefrom, due to disqualifying conflicts of interest, unauthorized participation, and adverse interests to Petitioner; and further directing that the dependency custody order entered in DHS Case No. CP-51-DP-0000923-2024 (Case No. 743808) be declared ultra vires and without legal effect as having been entered without ICPC compliance, without preservation of Petitioner's parental rights, and in excess of the court's lawful authority;

And add this as a new paragraph 10, shifting all subsequent numbers up by one:

**10.** Directing referral to appropriate law enforcement authorities and the Pennsylvania Attorney General of the failure by the Philadelphia Department of Human Services, the Defender Association of Philadelphia, and all parties acting in concert with them, to protect Minor Child A.N. from sexual assault, and the obstruction of the Philadelphia Police Department Special Victims Unit investigation by these parties and all named and Jane/John Doe defendants in Civil Action No. 2:26-cv-00585-CFK, for criminal investigation and prosecution;

**11.** Directing all law enforcement agencies with jurisdiction, including but not limited to those in the Commonwealth of Pennsylvania, the State of New Jersey, and the State of California, to recognize, enforce, and comply with the reinstated March 31, 2025 Final Protection From Abuse Order in accordance with 18 U.S.C. § 2265 and 23 Pa.C.S. § 6113(a), immediately upon entry of this Court's Order;

**12.** Directing all appropriate Commonwealth agencies and law enforcement authorities, in coordination with the President Judge of the Court of Common Pleas of Philadelphia County, to take all steps necessary to secure the immediate physical return of Minor Child A.N. to Petitioner Galina M. Novakhova, in enforcement of the reinstated March 31, 2025 Final Protection From Abuse Order, pursuant to 23 Pa.C.S. § 6113(a) and 18 U.S.C. § 2265;

**13.** Directing that Respondent Anjelique Josephine Bonilla, Jose Anwar Tripp, and all persons acting in concert with them, directly or indirectly, including through third-party intermediaries and state actors, be immediately held in contempt of the March 31, 2025 Final Protection From Abuse Order for willful and continuing violations thereof, including the interstate removal and ongoing retention of Minor Child A.N. from Petitioner, coordinated interference with enforcement, and conspiracy to obstruct enforcement of a valid court order, in violation of 23

Pa.C.S. § 6114(a), 18 U.S.C. § 2265, 18 U.S.C. § 242, and 42 U.S.C. § 1985(3), and that appropriate sanctions including arrest of all responsible parties be imposed forthwith;

**14.** Directing the Clerk of the Court of Common Pleas of Philadelphia County, Family Court Division, to docket, time-stamp, and calendar for prompt hearing every petition and motion submitted by Petitioner in Docket No. 2503-V-7369, nunc pro tunc to the date of original submission, including any submission previously received but not entered on the docket, and to correct the file stamp date on documents accepted on June 24, 2026 and erroneously stamped June 25, 2026, to reflect the actual date of filing;

**15.** Directing that Petitioner be protected from further retaliation by any party, state actor, or person acting in concert with any defendant, arising from Petitioner's pursuit of her civil rights claims in Civil Action No. 2:26-cv-00585-CFK (E.D. Pa.) and Third Circuit Appeal No. 26-2463, and that any act of retaliation be treated as contempt of this Court's Order;

**16.** Directing referral to the appropriate disciplinary authority, including the Disciplinary Board of the Supreme Court of Pennsylvania, of the conduct of Theo Celeste Cornetta Ciccarelli, Esquire, and any other attorney whose conduct in connection with Docket No. 2503-V-7369 warrants disciplinary review, for investigation and action;

**17.** Directing the production to Petitioner of all evidence, recordings, communications, and records identified in this Application and in Petitioner's filings in Docket No. 2503-V-7369, Civil Action No. 2:26-cv-00585-CFK, and Third Circuit Appeal No. 26-2463, including all records held by the Philadelphia Police Department, the Edison New Jersey Police Department, the Torrance California Police Department, the Defender Association of Philadelphia, and all DHS records related to Dependency Case No. CP-51-DP-0000923-2024 and Case No. 743808, and that judicial subpoenas issue to each such agency forthwith;

**18.** Directing the preservation of all records, communications, and recordings identified herein to prevent spoliation of evidence;

**19.** Directing the Administrative Judge of the Family Court Division of the Court of Common Pleas of Philadelphia County to monitor compliance with this Court's Order and to report to this Court at such intervals as this Court directs on the status of compliance; and

**20.** Granting such other and further relief as this Court deems just and proper.

## VERIFICATION

I, Galina M. Novakhova, verify that the statements made in this Application are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: June 25, 2026

/s/ Galina M. Novakhova

Petitioner, Pro Se

P.O. Box 17635, Philadelphia, PA 19135

GalinaMN@gmail.com

*All rights reserved, without prejudice.*

## CERTIFICATE OF SERVICE

I, Galina M. Novakhova, hereby certify that I will cause a true and correct copy of the foregoing Application for Extraordinary Relief Under Pa.R.A.P. 3309 and 42 Pa.C.S. § 726, together with the accompanying Proposed Order, to be served upon the following persons in compliance with Pa.R.A.P. 3309, by U.S. First Class Mail or such other method as is available, promptly upon filing:

1. Anjelique Josephine Bonilla, Respondent — 20530 Anza Ave. #5, Torrance, CA 90503
2. The Honorable Viktoria Kristiansson — 1546 Family Court Building, 1501 Arch Street, Philadelphia, PA 19102; Facsimile (215) 686-7822
3. Administrative Judge Walter J. Olszewski — Room 1450, City Hall, Philadelphia, PA 19107; Facsimile (215) 686-9158
4. ~~President Judge Nina N. Wright Padilla — 360 City Hall, Philadelphia, PA 19107~~
5. Theo Celeste Cornetta Ciccarelli, Esquire — Defender Association of Philadelphia, last known office address
6. Clerk of the Court of Common Pleas of Philadelphia County, Family Court Division, Protection From Abuse — 11th Floor, 1501 Arch Street, Philadelphia, PA 19102

/s/ Galina M. Novakhova

Date: June 25, 2026

*All rights reserved, without prejudice.*

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

GALINA M NOVAKHOVA,
PLAINTIFF

vs.

ANJELIQUE JOSEPHINE BONILLA,
DEFENDANT

: FAMILY COURT DIVISION
: PROTECTION FROM ABUSE
: NO. 2503-V-7369

## RULE

AND NOW, this ____________ day of ______________, 20 26 , a Rule is granted upon the Defendant, ANJELIQUE JOSEPHINE BONILLA, to show cause why he/she should not be held in contempt of the Protection From Abuse Order dated ______________________, entered by this Court, the Honorable ________________________________ presiding, and why appropriate sanctions under the Protection From Abuse Act, should not be entered.

A hearing will be held on the ____________ day of ______________, 20_____, in Courtroom ____, at 1501 Arch Street, Philadelphia, Pennsylvania 19102, at _______ a.m./p.m., to determine whether the requested relief will be granted.

BY THE COURT:

_______________________________
J.

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | | |
|---|---|---|
| GALINA M NOVAKHOVA, PLAINTIFF | : | FAMILY COURT DIVISION |
| vs. | : | PROTECTION FROM ABUSE |
| ANJELIQUE JOSEPHINE BONILLA, DEFENDANT | : | NO. 2503-V-7369 |

## ORDER

AND NOW, this _____ day of ______________, 20_____, it is ORDERED, ADJUDGED and DECREED that the Defendant, ___________________________, is found in Contempt of Court and the following sanctions are entered.

BY THE COURT:

_____________________________________
J.

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

GALINA M NOVAKHOVA, PLAINTIFF : FAMILY COURT DIVISION

vs. : PROTECTION FROM ABUSE

ANJELIQUE JOSEPHINE BONILLA, DEFENDANT : NO. 2503-V-7369

## PETITION FOR CONTEMPT OF PROTECTION FROM ABUSE ORDER

1. My name is GALINA M NOVAKHOVA

   I am ☑ Plaintiff in the above-cited case.

   My address is ☑ confidential or as follows (street, city, state, zip): PO BOX 17635 PHILADELPHIA PA 19135

2. The other Party is ANJELIQUE JOSEPHINE BONILLA, who is the ☐ Defendant in the above-cited case, and resides at (street, city, state, zip): 20530 ANZA AVE APT 5 TORRANCE CA

3. On 3/31/2025, the parties appeared before the Honorable VIKTORIA KRISTIANSSON, in an action filed under the Protection From Abuse Act, NO: 2503-V-7369

4. On the above date, a ☐ Temporary Protection From Abuse Order ☑ Final Protection From Abuse Order was entered (attached hereto as Exhibit "A").

5. Since the entering of the aforementioned order, the Plaintiff alleges that the Defendant has engaged in the following behavior:

A. Defendant has violated the PFA through direct and indirect contact and through participation in the un-authorized interstate removal of my minor child and continued retention of my minor child A.N. in California since May 28, 2025.

B. Since order had been issued many violations, threats, using the police and 3rd parties in retaliations, witnesses available. SEE ATTACHED DETAILED PETITION FOR CONTEMPT

C. SEE ATTACHED PETITION

Sent via FAX to Hon. Judge OLSZENWSKI & Judge KRISTIANSSON on JUNE 18, 2024

WHEREFORE, the Plaintiff requests the Honorable Court to:

a) Grant a hearing on the matters complained of above.

b) Enter an ex parte Temporary Protection Order, or a Final Protection Order, after a hearing:

1. restraining Defendant from abusing, harassing, stalking, threatening, or attempting or threatening to use physical force against Plaintiff, or any other person protected under the order, in any place where they might be found;

2. evicting and excluding Defendant from the residence or any other permanent or temporary residence where Plaintiff or any other person protected under the order may live;

3. prohibiting Defendant from having ANY CONTACT with the Plaintiff, or any other person protected under the order, either directly or indirectly, at any location, including but not limited to any contact at Plaintiff's school, business or place of employment;

4. prohibiting Defendant from contacting Plaintiff, or any other person protected under the order, either directly or indirectly, by telephone or by any other means, including through third persons;

5. prohibiting Defendant from possessing or acquiring firearms; and/or directing Defendant to relinquish to the sheriff or the appropriate law enforcement agency firearm licenses owned or possessed by Defendant; and/or directing Defendant to relinquish to the sheriff or the appropriate law enforcement agency any firearm, other weapon, or ammunition listed in Attachment A to the Temporary Order or the Final Order; and

6. any other relief deemed appropriate.

c) After a hearing, hold Defendant in contempt of the Protection From Abuse Order.

d) Enter sanctions against Defendant, pursuant to the Protection From Abuse Act.

JUNE 24th 2026

Date

Signature

**VERIFICATION**

I verify that the statements made in this petition are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

JUNE 24th 2026

Date

GALINA M NOVAKHOVA

Petitioner

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | | |
|---|---|---|
| GALINA M NOVAKHOVA ______________, PLAINTIFF | : | FAMILY COURT DIVISION |
| vs. | : | PROTECTION FROM ABUSE |
| ANJELIQUE JOSEPHINE BONILLA ______, DEFENDANT | : | NO. |

## AFFIDAVIT OF SERVICE

I, ________________________, the undersigned, hereby state that I served a copy of the Rule, the Order and Petition in the above-captioned action by handing the papers to ________________________________ at the following address: __________________________ ______________________________ on the ______ day of ____________________, 20 ___, at approximately _____ o'clock ___. m.

I verify that the statements made in this Affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

(Signature) ______________________________________________________________

(Title) __________________________________________________________________

(Address) ________________________________________________________________

(Date) ___________________________________________________________________

THIS FORM MUST BE COMPLETED AND SIGNED BY THE PERSON WHO SERVED THE RULE, THE ORDER AND PETITION FOR CONTEMPT OF PROTECTION FROM ABUSE ORDER. IT MUST BE FILED WITH THE PROTHONOTARY OR BROUGHT TO THE COURT ON THE HEARING DATE.

(Caption)

GALINA M. NOVAKHOVA v. ANJELIQUE J. BONILLA, DC NO.2503V7369

## NOTICE OF HEARING AND ORDER

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following papers, you must appear at the hearing scheduled herein. If you fail to do so, the case may proceed against you and a FINAL order may be entered against you granting the relief requested in the petition. In particular, you may be evicted from your residence, prohibited from possessing any firearm, other weapon, ammunition, or any firearm license, and lose other important rights, including custody of your children. A protection order granted by a court may be considered in subsequent proceedings under Title 23 (Domestic Relations) of the Pennsylvania Consolidated Statutes, including child custody proceedings under Chapter 53 (relating to custody) and Child Protective Services Law proceedings under Chapter 63 (related to juvenile matters).

A hearing on the matter is scheduled for the ____ day of                    , 20___ , at _.m. in Courtroom _________ at_______________ Courthouse, Pennsylvania.

If an order of protection has been entered, you MUST obey the order until it is modified or terminated by the court after notice and hearing. If you disobey this order, the police or sheriff may arrest you. Violation of this order may subject you to a charge of indirect criminal contempt under 23 Pa C.S. § 6114. Violation may also subject you to prosecution and criminal penalties under the Pennsylvania Crimes Code. Under federal law, 18. U.S.C. § 2265, this order is enforceable anywhere in the United States, tribal lands, U.S. Territories, and the Commonwealth of Puerto Rico. If you travel outside of the state and intentionally violate this order, you may be subject to federal criminal proceedings under the Violence Against Women Act. 18 U.S.C. §§ 2261-2262.

If this order directs you to relinquish any firearm, other weapon, ammunition, or any firearm license to the sheriff or the appropriate law enforcement agency, you may do so upon service of this order. As an alternative, you may relinquish any firearm, other weapon, or ammunition listed herein to a third party provided you and the third party first comply with all requirements to obtain a safekeeping permit. 23 Pa.C.S. § 6108.3. You must relinquish any firearm, other weapon, ammunition, or

any firearm license listed in the order no later than 24 hours after service of the order. If, due to their current location, firearms, other weapons, or ammunition cannot reasonably be retrieved within the time for relinquishment, you must provide an affidavit to the sheriff or the appropriate law enforcement agency listing the firearms, other weapons, or ammunition and their current location no later than 24 hours after service of the order. Failure to timely relinquish any firearm, other weapon, ammunition, or any firearm license shall result in a violation of this order and may result in criminal conviction under the Uniform Firearms Act, 18 Pa.C.S. § 6105.

*NOTICE*: Even if this order does not direct you to relinquish firearms, you may be subject to federal firearms prohibitions and federal criminal penalties under 18 U.S.C. § 922(g)(8) or state firearms prohibitions and state criminal penalties under 18 Pa.C.S. § 6105.

YOU HAVE THE RIGHT TO HAVE A LAWYER REPRESENT YOU AT THE HEARING, HOWEVER, THE COURT WILL NOT APPOINT A LAWYER FOR YOU. YOU HAVE THE RIGHT TO PRESENT EVIDENCE AT THE HEARING, INCLUDING SUBPOENAING WITNESSES TO TESTIFY ON YOUR BEHALF.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. IF YOU CANNOT FIND A LAWYER, YOU MAY HAVE TO PROCEED WITHOUT ONE.

County Lawyer Referral Service

[Insert Street Address]

[Insert City, State, Zip Code]

[Insert Phone]

Case 2:26-cv-00585-CFK Document 24 Filed 05/01/26 Page 1 of 2

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

EASTERN District of PENNSYLVANIA

RECEIVED
JUN 25 2026
SUPREME COURT
EASTERN DISTRICT

GALINA M. NOVAKHOVA
*Plaintiff(s)*
v.
ANJELIQUE J. BONILLA; ALLA IZRAILOVA; JOSE ANWAR TRIPP; MICHAEL ANTHONY JIANNOTTI; THOMAS JOSEPHI NAYLOR; JUDGE CATERIA MCCABE; JUDGE VICTORIA KRISTIANSON; THEO CORNETTA CICCARELLI; PHILADELPHIA DEFENDER ASSOCIATION; DEPT. OF HUMAN SERVICES OF PHILADELPHIA CITY/COUNTY/STATE; CUA3; EL CONCILIO (DHS SUBCONTRACTOR); CARO; OCYF; TORRANCE POLICE DEPT., LA COUNTY, CA; EDISON TWP. POLICE DEPT., MIDDLESEX COUNTY NJ; DEPT. OF CHILD & FAMILY SERVICES, DCFS NJ
*Defendant(s)*

Civil Action No. 26-cv-585

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
GALINA M. NOVAKHOVA
P.O. BOX 17635
PHILADELPHIA, PA 19135
Email: galinaMN@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

Date: 5/1/26

s/Frank Del Campo
*Signature of Clerk or Deputy Clerk*

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Galina M. Novakhova

Signature: [signature]

Name: Galina M. Novakhova

Attorney No. (if applicable): N/A

RECEIVED
JUN 25 2026
SUPREME COURT
EASTERN DISTRICT

**Proof of Service**

I hereby certify that I am this day serving the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of Pa.R.A.P. 121:

Name: Michael Daley, Esq.
Representing: Administrative Office of PA Courts
Date Served: June 25, 2026

Address: 1515 Market St
Suite 1414
Philadelphia, PA 19102

Method of Service:
☑ First Class Mail/Commercial Carrier
☐ Hand Deliver
☑ E-Mail/Fax*

E-Mail (if applicable): ______________
Fax (if applicable): ______________

Name: Aaron Marcus, Esq.
Representing: Defender Association of Philadelphia
Date Served: June 25, 2026

Address: 1441 Sansom St.
Suite 817
Philadelphia, PA 19102

Method of Service:
☑ First Class Mail/Commercial Carrier
☐ Hand Deliver
☐ E-Mail/Fax*

E-Mail (if applicable): ______________
Fax (if applicable): ______________

Name: ______________
Representing: ______________
Date Served: ______________

Address: ______________

Method of Service:
☐ First Class Mail/Commercial Carrier
☐ Hand Deliver
☐ E-Mail/Fax*

E-Mail (if applicable): ______________
Fax (if applicable): ______________

[signature]
*(Original Signature of Filer)*

Date: 6/25/26

Filer Information - Galina M Novakhova
Address: Galina M Novakhova
P.O. Box 17635
Philadelphia PA 19135

E-Mail *(if applicable)*: GalinaMN@gmail.com
Fax *(if applicable)*: ______________
Phone *(if applicable)*: 404-936-0467

**Note: By selecting E-Mail or Fax as a method of service, you are verifying that you and the opposing party have an agreement that E-Mail or Fax is an acceptable method of service.*