Received 07/29/2026 02:44 PM Supreme Court Eastern District

# IN THE SUPREME COURT OF PENNSYLVANIA
# EASTERN DISTRICT

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** *individually and on behalf of her minor child, A.N.,* | : | |
| *Petitioner.* | : | |
| **v.** | : | **No. 55 EM 2026** |
| ANJELIQUE J. BONILLA, HON. VIKTORIA KRISTIANSSON, ADMINISTRATIVE JUDGE WALTER J. OLSZEWSKI, DEFENDER ASSOCIATION OF PHILADELPHIA, CLERK OF THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, FAMILY COURT DIVISION,et al., | : | |
| *Respondents.* | : | |

## PETITIONER'S APPLICATION FOR RE-ARGUMENT OF THE JULY 23, 2026 ORDER

**I am a member of the public whom this Court exists to serve under law. My rights are inherent, inalienable, and protected by the Pennsylvania Constitution and the United States Constitution. They are not privileges granted by court operations, court officers, agencies, or opposing parties. I claim and preserve those rights fully.**

## I. INTRODUCTION — WHY THE JULY 23, 2026 ORDER MUST BE VACATED

Petitioner Galina M. Novakhova, pro se, individually and on behalf of her minor child, A.N., applies under Pa.R.A.P. 2541–2544 for re-argument of the per curiam Order entered July 23, 2026: "AND NOW, this 23rd day of July, 2026, the 'Application for Extraordinary Relief' is DENIED."

The July 23, 2026 Order must be vacated. The reason begins with this Court's own rules.

The Internal Operating Procedures implement Article V of the Pennsylvania Constitution, statutory provisions, the Pennsylvania Rules of Appellate Procedure, and the customs and traditions of this Court.

IOP § 1. The Preamble declares that every Justice bears equal responsibility for the proper disposition of every matter before the Court, and that assignment to a single Justice exists solely for administrative efficiency and does not diminish the duty of the remaining Justices.

IOP § 2. Petitioner recognizes that IOP § 1 states that the procedures do not independently create substantive or procedural rights. Petitioner relies upon them as this Court's published description of how King's Bench applications are processed and collectively decided, together with the express distribution requirements of Pa.R.A.P. 3309(c), and not as an independent cause of action.

Section 7 expressly governs "motions, miscellaneous petitions and applications for relief, including emergency motions and those requesting the exercise of King's Bench powers." Under § 7, a compliant filing is docketed, a response is allowed, and at the expiration of the response period the matter is forwarded to the Court. The Chief Justice then prepares a memorandum setting forth the parties' positions and a recommended disposition. A majority vote is required to implement that disposition. The resulting order must identify any Justice who did not participate.

IOP §§ 7(A), 7(B). Section 7 also requires expedited treatment in **Children's Fast Track** cases. The IOP defines such a case as "any case involving an order regarding dependency, termination of parental rights, adoptions, custody or paternity."

IOP § 3(C)(6) n.1. No. 55 EM 2026 directly concerns dependency and custody orders, the post-closure transfer of a Pennsylvania child, the enforceability of a final

PFA, and the obstruction of an SVU investigation into the child's sexual assault while in state custody. It is a **Children's Fast Track** case by the Court's own definition. The IOP requires the recommendation to circulate within fifteen days and the matter to be decided within thirty days. Section 7 does not restrict **Children's Fast Track** treatment to conventional appeals. It expressly includes applications requesting King's Bench powers and then **requires expedited handling** of those matters when dependency or custody orders are involved.

The Application was docketed June 25, 2026. Thirty days is July 25, 2026. The Order was entered July 23, 2026 — inside that window, before Respondent Bonilla's response period had expired, before the Defender Association filed any response at all, and while Petitioner's certified letter notifying the Court of newly produced California evidence sat at the Prothonotary's office since 10:07 AM that same day without appearing on the public docket. A single-Justice determination of a King's Bench proceeding is not permitted.

IOP § 7(D). The Prothonotary is not authorized to decide the merits of a King's Bench application. The proper procedure — assignment to the Chief Justice, preparation of a memorandum setting forth the parties' positions, circulation to all participating Justices, and a majority vote — is required before any disposition of this proceeding.

Petitioner respectfully demands confirmation that No. 55 EM 2026 received the procedure prescribed by IOP §§ 7(A) and 7(B): that a Chief Justice memorandum was prepared; that the Application was circulated to all participating Justices; that a majority vote was taken; and that any non-participating Justice was identified. If that process was not completed, **this Order must be vacated** and the Application redistributed and decided under the Children's Fast Track schedule.

**That is the first ground for vacatur**. It comes from this Court's own published rules. It was found by a Mother who read every footnote in search of Justice for her Child.

This Application readily satisfies the established grounds for King's Bench intervention. The controversy implicates the integrity and lawful operation of Pennsylvania's dependency, custody, PFA, and criminal-justice processes; the **protection of a child removed through state action** and **sexually assaulted while in state custody**; and the inability or refusal of inferior tribunals to provide a lawful and effective forum. These are not private disagreements over custody administration. They present an **immediate challenge** to the integrity, authority, and public legitimacy of Pennsylvania's Unified Judicial System.

This Court has invoked King's Bench authority where ordinary procedures remained available. Here, ordinary procedures were systematically refused, backdated, undocketed, and rendered unavailable for over twenty-one months. The Court's supervisory doctrine demands consistent application. The deficiencies in the ordinary processes of law have become the instrument by which the injuries continue. Commonwealth v. Williams, 129 A.3d 1199 (Pa. 2015); In re Bruno, 627 Pa. 505, 101 A.3d 635, 669–72 (2014).

## II. BASIS FOR JURISDICTION

Petitioner invokes this Court's jurisdiction under 42 Pa.C.S. § 502 and Article V, Section 10(a) of the Pennsylvania Constitution, which confer King's Bench authority independently of whether a matter remains pending in an inferior court — the essential foundation given the documented jurisdictional displacement and obstruction of ordinary remedies. 42 Pa.C.S. § 726 provides an additional basis to the extent any qualifying PFA, custody, or related proceeding remains pending. The Court's IOP confirms that these authorities together form the basis for Section 7's assignment, circulation, voting, and disposition requirements applicable to this proceeding.

## III. ADDITIONAL PROCEDURAL GROUNDS FOR RE-ARGUMENT

**A. The Disposition Preceded Completion of the Rule 3309 Process.**

Petitioner served the Application upon Respondent Bonilla by United States Certified Mail, Restricted Delivery, on July 13, 2026, Tracking No. 9589 0710 5270 4007 5343 98, at 20530 Anza Ave. #5, Torrance, CA 90503 (Ex. D). Under Pa.R.A.P. 121(c)(2), 3309(b), and 121(e), Bonilla had fourteen days plus three mail-service days — through July 30, 2026. The Order was entered July 23. No order shortening that period appears on the public record. The Defender Association, served June 25 by signed receipt (Ex. C), never filed an answer or the mandatory No Answer Letter. IOP § 7(A) states that documents are forwarded to the Court "[a]t the expiration of the response period." That period had not expired as to Bonilla. Additionally, the filing was docketed as compliant; certain judicial respondents filed a No Answer Letter, leaving the Application's documented facts substantively unanswered; and the absence of a merits answer does not diminish the Court's responsibility to evaluate the unrebutted record.

Petitioner requests clarification of whether the Application was distributed before Bonilla's period expired, whether any shortening order was entered, and whether the IOP § 7(B) majority vote was taken on the unrebutted record.

**B. The Court Did Not Have Material Evidence — Petitioner Followed IOP § 10.**

Section 10 of the IOP provides that all communications from an unrepresented party while a matter is pending before the Court are to be addressed to the Prothonotary's office. Petitioner followed § 10. On July 20, 2026, she sent Deputy Prothonotary Rothermel a certified letter addressed to him by name and title (Ex. F; mailing receipt Ex. F-1), notifying the Court that California records material to the Application had become available and requesting procedural guidance. USPS tracking (Ex. G) confirms delivery at 10:07 AM on July 23 — three hours and thirty-eight minutes before the 1:45 PM Order — with a delivery signature captured by an unknown individual. The letter does not appear on the public docket. The Office acknowledged receipt on July 24 and stated no further action would be taken (Ex. H). IOP § 7(B) requires the Chief Justice's memorandum to set forth "the positions of the parties." Whether the memorandum presented to the Court included Petitioner's timely notice of newly produced California evidence is a serious question that re-argument must address.

## IV. WHAT THE ORDER PREVENTED THE COURT FROM CONSIDERING

**Any party, agency, officer, or court actor making, relying upon, enforcing, or benefiting from a claim against me or my child must prove that claim by competent evidence, lawful authority, and lawful procedure. Unsupported accusations are not evidence. Administrative convenience is not due process. Silence is not proof. Concealment is not authority.**

### A. The Unbroken Institutional Chain and the Judicial Ping-Pong.

DHS and CUA removed A.N. without a warrant or exigent danger or any danger on October 18, 2024 — the Jewish holiday of Sukkot immediately preceding Shabbat — violating Petitioner's religious rights from the outset. A.N. was sexually assaulted by a member of the foster household on February 22, 2025, while placed under DHS and CUA3 supervision.

The Honorable Cateria McCabe's May 21, 2025 dependency disposition closed the dependency case without restoring A.N. to Petitioner, without any evidence presented and placed temporary legal custody with Petitioner's mother in New Jersey

without Petitioner's consent or presence, without ICPC compliance, 62 P.S. § 761. One week later, on May 28, 2025, A.N. was sent to California and without production of any judge-signed order authorizing Bonilla to exercise custody. That institutional failure entered PFA Docket No. 2503-V-7369. On May 1, 2025, Theo Celeste Cornetta Ciccarelli, Esquire — whose GAL appointment arose from the dependency case and had expired upon its closure — procured an amendment to the March 31, 2025 Final PFA Order without a petition by either party, notice, or hearing. Section 6108(d) permits amendment only "upon subsequent petition filed by either party." No such petition, notice, or hearing preceded the May 1 amendment. The amendment was therefore entered without the statutory predicate required by 23 Pa.C.S. § 6108(d). See also 23 Pa.C.S. § 6117(a). The amendment is evidence of the systemic bias — actors operating outside their authority with no accountability — not an explanation for enforcement failures. Ciccarelli and the Defender Association continued participating in the PFA proceeding after the dependency case closed despite Petitioner's demands. Ciccarelli is listed herself as Petitioner's "counsel of record".

The Honorable Viktoria Kristiansson continued presiding while Petitioner's recusal motion was refused for filing on April 9, 2026 — the same day she signed the Rule on Respondent's petition. A conflicted judge cannot adjudicate her own

disqualification where doing so requires her to determine disputed matters concerning her own conduct. Pa. Code of Judicial Conduct Rule 2.11(A); Municipal Publications, Inc. v. Court of Common Pleas of Philadelphia County, 507 Pa. 194, 489 A.2d 1286 (1985); Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009); In re Murchison, 349 U.S. 133 (1955).

Filings were refused, backdated, and left undocketed for over fourteen months. Every failure prevented the next remedy from being heard and allowed the injuries to continue. This is the continuing displacement of jurisdiction and refusal to adjudicate that this Court's King's Bench supervisory authority exists to stop. See In re Bruno, 627 Pa. 505, 101 A.3d 635, 669–72 (2014).

**B. The Coordinated Ping-Pong: No Agency Acted — Each One Redirected.**

No court, agency, or law enforcement officer ever awarded custody of A.N. to Anjelique Josephine Bonilla or her boyfriend. There is no custody order giving them custody. The PFA defendant has the child — over fourteen months. Every institution with authority to act redirected responsibility to another. PPD told NCMEC this was not a missing or abducted child but a "custody dispute." NCMEC directed Petitioner to contact local police. FBI and USMS directed Petitioner to contact local police. Edison Township Police (NJ) deferred to PPD and DHS. Torrance Police (CA)

deferred to Pennsylvania. PPD deferred to DHS. DHS deferred to the dependency proceeding. The dependency case was closed. The circle was complete.

Detective Culbreath (Badge No. 9223) stated on the phone record that he and the DHS legal team "did not want to get sued" — supporting the inference that institutional self-protection, rather than a lawful custody determination, drove the continued non-action. 18 Pa.C.S. § 5301. Pennsylvania criminal law expressly prohibits interference with the custody of children. 18 Pa.C.S. § 2904. Yet the documented withholding and interstate transfer produced only institutional referrals and non-action. State actors coordinated the same conduct and faced no accountability. Civil rights were violated throughout. Criminal charges were ignored throughout. That systemic bias — rules for the governed but not for the governing — is the breakdown this Court's supervisory authority exists to correct.

**C. Obstruction of the SVU Investigation.**

After the February 22, 2025 assault, the Philadelphia SVU, including Detective Brennan, required access to A.N. A.N. was not produced for the interview before she was transported from Pennsylvania through New Jersey to California. The foster care placement was not held responsible. The criminal investigation was not completed. Criminal charges were not filed. The agencies and persons controlling

A.N.'s location possessed material information and failed to secure her availability. A.N. was then transferred across state lines. Obstruction of a sexual assault investigation involving a child in state custody is not a collateral complaint. It is documented proof that the institutional failure was active, not inadvertent.

**D. The California Evidence Corroborates the Original Grounds.**

The California evidence does not present a new controversy. The original Application placed before this Court the interstate removal, the withholding of A.N. in California, California authorities' failure to give effect to the Pennsylvania PFA, and the coordinated displacement of responsibility among Pennsylvania, New Jersey, and California. The subsequently produced body-camera footage corroborates those grounds.

Petitioner represents that the footage captures Respondent Bonilla personally present and speaking in her own voice; documents reliance on a notarized private letter displayed on a telephone rather than any authenticated judge-signed custody order; reflects communications involving Pennsylvania and New Jersey; and documents the continued refusal to give effect to the operative Pennsylvania PFA. The recordings were produced July 17, 2026 — after the Application was filed, before the denial. They were never received, lodged, or reviewed through any authorized

procedure. Because these materials cannot be submitted electronically, Petitioner requests leave and a designated procedure to present the original electronic recordings in person through whatever authenticated process the Court directs.

**Petitioner expressly objects to any further disposition that does not comply with the governing rules, constitutional due process, and this Court's established procedures. The documented failures to accept, docket, process, and adjudicate filings according to law have deprived Petitioner of an effective judicial forum and caused a profound loss of confidence in the administration of justice. Petitioner does not waive any objection to jurisdiction, notice, service, judicial disqualification, procedural irregularity, or deprivation of constitutional rights. She demands a lawful adjudication on a complete record and invokes this Court's supervisory authority to end the continuing breakdown in the ordinary judicial process.**

## V. REQUEST FOR RELIEF

For the foregoing reasons, Petitioner respectfully demands that this Court:

**A.** Vacate the July 23, 2026 Order and grant re-argument;

**B.** Designate No. 55 EM 2026 as a Children's Fast Track case under IOP § 3(C)(6) n.1 and apply the expedited procedures required by IOP § 7;

**C.** Confirm whether the IOP § 7(B) procedure was completed before disposition — whether a Chief Justice memorandum setting forth the parties' positions was prepared, the Application was circulated to all participating Justices, a majority vote was taken, and any non-participating Justice was identified — and, if that process was not completed, redistribute the Application and complete it;

**D.** Accept Petitioner's supplemental evidence and provide instructions for Petitioner to lodge and present the California body-camera footage and recorded conversations in person through a procedure designated by the Court;

**E.** Ensure that the Chief Justice memorandum prepared under IOP § 7(B) sets forth the complete positions of all parties, including Petitioner's July 20, 2026 notice of newly produced California evidence;

**F.** Direct Respondents — including the relevant judicial and governmental respondents — to answer the specific factual, jurisdictional, and supervisory issues presented; permit Petitioner to reply; and receive focused briefing

and, if appropriate, oral argument under 42 Pa.C.S. §§ 502 and 726 and Article V, Section 10(a);

**G.** Exercise King's Bench and supervisory authority to keep inferior jurisdictions and judicial officers within the bounds of their lawful authority; recuse Judge Kristiansson; assign a disinterested judicial officer; direct nunc pro tunc adjudication of all pending filings; and end the coordinated obstruction and judicial ping-pong;

**H.** Enforce the March 31, 2025 Final PFA Order; address the void May 1, 2025 amendment; and direct immediate lawful action to restore A.N. to Petitioner;

**I.** Order preservation and production of all judicial, agency, law-enforcement, interagency, audio, video, and documentary records material to the removal, placement, sexual assault, SVU investigation, interstate transfer, and subsequent obstruction; and refer the documented obstruction of the SVU investigation and criminal-charge failures to an appropriate independent law-enforcement authority;

**J.** Resolve this proceeding through the majority vote required by IOP § 7(B), with the resulting order identifying any Justice who did not participate; and

**K.** Grant such other and further relief as is necessary to cause right and justice to be done.

**Petitioner does not waive and expressly preserves all objections to jurisdiction, notice, service, judicial disqualification, procedural irregularity, docket actions entered without proper judicial consideration, and deprivation of constitutional rights under the Pennsylvania Constitution and the United States Constitution. The ordinary process has failed. The record proves that failure. This Court is being called upon to exercise its supervisory duty to stop it.**

**Petitioner does not request an unlimited or extralegal exercise of authority. She requests the lawful exercise of this Court's established supervisory power where ordinary judicial mechanisms have failed, jurisdictional responsibility has been repeatedly displaced, and continuing constitutional injury remains without an effective judicial forum.**

## CONCLUSION

The Court's own Internal Operating Procedures required this Children's Fast Track King's Bench proceeding to receive assignment to the Chief Justice, a memorandum setting forth the parties' positions, circulation to all participating Justices, a majority

vote, and identification of any non-participating Justice. The IOP does not authorize administrative closure or a single-actor determination of a King's Bench application. IOP §§ 7(B), 7(D). The July 23, 2026 Order was entered before Bonilla's response period expired, before the Defender Association filed any response, and before Petitioner's certified notice of newly produced California evidence could be incorporated into any statement of the parties' positions. Petitioner is not asking this Court to become another stop in the cycle of referrals, refusals, and jurisdictional displacement. She is asking it to end that cycle — through the collective, constitutionally grounded supervisory process its own rules require. This Court is being called upon to exercise its supervisory duty to stop it, and to cause right and justice to be done.

## <u>EXHIBITS</u>

Exhibit A — Original Application for Extraordinary Relief, filed June 25, 2026, incorporated by reference in its entirety including the Proposed Order. (Addendum A: per curiam Order of July 23, 2026.)

Exhibit B — Docket Sheet, No. 55 EM 2026, July 23, 2026. Case Status: Decided/Active. No docket entry for Petitioner's July 20 letter.

Exhibit C — Signed receipt bearing the signature of Liz Gordon, Defender Association of Philadelphia, 1441 Sansom Street, 6th Floor, June 25, 2026, confirming personal delivery of the Application. No separate affidavit of service was prepared; the signed receipt documents delivery.

Exhibit D — Petitioner's Certificate of Service and USPS Certified Mail Receipt, Tracking No. 9589 0710 5270 4007 5343 98, postmarked July 13, 2026, establishing Petitioner's service of the Application upon Respondent Bonilla by Certified Mail, Restricted Delivery. Note: Michael Daley's Proof of Service filed July 13, 2026 is Daley's own proof of serving his No Answer Letter on Bonilla by First Class Mail on July 14 — it does not establish what Petitioner mailed.

Exhibit E — Michael Daley's Proof of Service, filed July 13, 2026.

Exhibit F — Petitioner's letter to Deputy Prothonotary Steven Rothermel, July 20, 2026. Transmitted pursuant to IOP § 10.

Exhibit F-1 — USPS Certified Mail Receipt for Petitioner's July 20 letter. Postmarked July 20, 2026, Tracking No. 9589 0710 5270 4007 5345 10, mailed 11:30 AM from Tacony, Philadelphia PA 19135. Addressed to Steven Rothermel, 468 City Hall, Philadelphia PA 19107.

Exhibit G — USPS Tracking Intranet Delivery Confirmation, printed July 28, 2026, Tracking No. 9589071052704007534510. Confirms delivery July 23, 2026 at 10:07

AM at 468 City Hall, status "Left with Individual," delivery signature captured by an unknown individual.

Exhibit H — Office of the Prothonotary acknowledgment letter, July 24, 2026. Confirms receipt of Petitioner's letter on July 23, 2026. States "No further action will be taken." Carbon-copied to Michael Daley, Esq. and Aaron Joshua Marcus, Esq.

## WORD COUNT CERTIFICATION

Pursuant to Pa.R.A.P. 2544(c)–(d), Petitioner certifies that this Application for Reargument contains 3,479 words, exclusive of the pages containing the caption, certificates, verification, certificate of service, and the addendum and supplementary material permitted to be excluded under Rule 2544(c). Petitioner is filing contemporaneously an Application for Leave to File an Overlength Application for Re-argument.

## CERTIFICATION PURSUANT TO Pa.R.A.P. 127

Petitioner certifies compliance with the Public Access Policy of the Unified Judicial System of Pennsylvania. The minor child is identified by initials only. No restricted identifiers appear in this document.

# VERIFICATION

I, Galina M. Novakhova, verify that the statements made in this Application for Re-argument are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: July 29, 2026

/s/ Galina M. Novakhova

**Galina M. Novakhova**

Petitioner, Pro Se

P.O. Box 17635

Philadelphia, PA 19135

GalinaMN@gmail.com

# CERTIFICATE OF SERVICE

I, Galina M. Novakhova, certify that on the date below I served a true and correct copy of this Application for Re-argument upon all parties of record in compliance with Pa.R.A.P. 121:

Anjelique Josephine Bonilla,
20530 Anza Ave. #5, Torrance, CA 90503
Pro Se Respondent
First Class Mail or Email: Anjelique.Bonilla01@gmail.com

Michael Daley, Esq., AOPC
1515 Market Street, Suite 1414, Philadelphia, PA 19102
Email: Michael.Daley@pacourts.us

Aaron Joshua Marcus, Esq.,
Defender Association of Philadelphia
1441 Sansom Street, Suite 817, Philadelphia, PA 19102
Email: amarcus@philadefender.org

Date: July 29, 2026

/s/ Galina M. Novakhova
Galina M. Novakhova, Petitioner, Pro Se

FILED IN
SUPREME COURT

JUN 25 2026

EASTERN
DISTRICT

55 EM 2026

RECEIVED

JUN 25 2026

SUPREME COURT
EASTERN DISTRICT

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| **In re: Petition of** | : | No. ______________ |
| | : | (Relating to: Galina M. Novakhova v. |
| **GALINA M. NOVAKHOVA,** individually and on behalf of her minor child, A.N., | : | Anjelique Josephine Bonilla, Docket No. 2503-V-7369, Court of Common Pleas of Philadelphia County, Family Court Division, Protection From Abuse) |
| Petitioner. | : | |

**APPLICATION FOR EXTRAORDINARY RELIEF UNDER**
**PA.R.A.P. 3309 AND 42 Pa.C.S. § 726**

**<u>EMERGENCY REQUEST FOR IMMEDIATE STAY</u>**

Petitioner respectfully requests that this Court immediately stay all further proceedings in Docket No. 2503-V-7369 pending resolution of this Application, including any hearing scheduled before the Honorable Viktoria Kristiansson. Judge Kristiansson is a named defendant in Petitioner's pending federal civil rights action arising directly from her own conduct in this case. On June 24, 2026, the hearing scheduled for June 25, 2026 before Judge Kristiansson proceeded while this Application was being prepared and simultaneously while Petitioner's filings were being accepted under protest at the Family Court filing window following documented resistance by court staff. Permitting any further proceedings before a disqualified judge will compound an already compromised record with additional voidable orders. No adequate remedy exists absent this Court's immediate intervention.

## I. INTRODUCTION AND BASIS FOR KING'S BENCH JURISDICTION

Petitioner Galina M. Novakhova, pro se, individually and on behalf of her minor child A.N., respectfully applies to this Court for the exercise of its King's Bench and extraordinary jurisdiction pursuant to Pa.R.A.P. 3309, Article V, Section 10(a) of the Pennsylvania Constitution, and 42 Pa.C.S. § 726. This is an original miscellaneous proceeding. No adequate remedy is available through ordinary trial or appellate procedures for the reasons set forth herein.

This Application arises from a complete breakdown in the ordinary administration of justice in Docket No. 2503-V-7369 before the Court of Common Pleas of Philadelphia County, Family Court Division, Protection From Abuse. The breakdown is not merely procedural — it is structural. The presiding judge is a named defendant in Petitioner's pending federal civil rights action arising directly from her own conduct in this very case, yet continues to exercise jurisdiction. The Final Protection From Abuse Order protecting Petitioner's minor child was amended without petition, notice, or hearing by a non-party who lacked standing, and that void amendment has been used by law enforcement agencies across three states to defeat enforcement. Petitioner's filings seeking to correct the record, enforce the order, and obtain recusal have been refused at the filing window, improperly backdated upon acceptance, left unadjudicated, or ignored entirely for over fourteen months. The protected minor child has been withheld in California since May 28, 2025.

## II. FACTUAL BACKGROUND

### A. The March 31, 2025 Final Protection From Abuse Order.

On March 25, 2025, Petitioner filed a Petition for Protection From Abuse in the Court of Common Pleas of Philadelphia County, Family Court Division. A Temporary Protection From Abuse Order

was entered the same day. On March 26, 2025, Defendant Anjelique Josephine Bonilla was served personally by Deputy Sheriff Aaron Alvarez of the Los Angeles County Sheriff's Department at 20530 Anza Ave. #5, Torrance, California 90503, at 9:12 a.m.

On March 31, 2025, a Final Protection From Abuse Order was entered following a hearing at which Defendant failed to appear despite having been personally served. The Final PFA Order expressly identified Minor Child A.N. as a protected person pursuant to 23 Pa.C.S. §§ 6108(a) and 6108(a)(4), and prohibited Defendant from contact with both Petitioner and Minor Child A.N.

**B. The May 1, 2025 Void Amendment Entered Without Petition, Notice, or Hearing.**

On May 1, 2025, the Final Protection From Abuse Order was amended to remove Minor Child A.N. as a protected person. This amendment was not initiated by Petitioner. It was not initiated by Defendant. No petition was filed by any party. No notice was provided to Petitioner. No hearing was held. The amendment was procured by Theo Celeste Cornetta Ciccarelli, Esquire, a Guardian ad Litem appointed in a separate, closed DHS dependency matter, Docket No. CP-51-DP-0000923-2024 (Case No. 743808) a proceeding with no jurisdictional nexus to this PFA action.

The May 1, 2025 amendment directly violated: 23 Pa.C.S. § 6108(d), which permits amendment of a PFA order only upon subsequent petition filed by either party; 23 Pa.C.S. § 6117(a), which permits modification only after petition, service, and hearing; Pa.R.C.P. 1901.8(c), which requires a petition and court appearance for any modification after final judgment; and the due process guarantees of Article I, Sections 1 and 11 of the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution. The amendment is void ab initio.

Ciccarelli's authority as GAL was limited to DHS Dependency Case No. 743808, which closed on May 21, 2025. Ciccarelli had no standing to seek modification of the Final PFA Order under 23 Pa.C.S. § 6108(g), and no authority to appear in this matter under 42 Pa.C.S. § 6311(b), 23 Pa.C.S. § 5334(b), or In re K.M.G., 219 A.3d 662 (Pa. Super. 2019). Ciccarelli's continued listing as counsel of record and continued participation after the DHS case closed is unauthorized and ultra vires. The Defender Association of Philadelphia, with which Ciccarelli is associated, is disqualified by imputed conflict from any further participation.

**C. Unlawful Interstate Removal of Minor Child A.N. and Total Enforcement Failure.**

Minor Child A.N. was in the Commonwealth of Pennsylvania throughout the dependency proceedings. On May 21, 2025, the dependency case closed with Judge Cateria McCabe (who is also a defendant) granting temporary custody to Petitioner's mother, Alla Izrailova, without compliance with the Interstate Compact on the Placement of Children (ICPC), 62 P.S. § 761 and 55 Pa. Code § 3130.87, and without preserving Petitioner's parental rights under valid prior custody orders. Petitioner's mother (defendant) thereafter transported Minor Child A.N. from Pennsylvania to New Jersey. On May 28, 2025, Petitioner's mother transported Minor Child A.N. from New Jersey to Torrance, California, at the direction and with the facilitation of Defendant Anjelique Josephine Bonilla and Jose Anwar Tripp, without Petitioner's knowledge or consent, without court approval, and without ICPC compliance. This transport is corroborated by EZPass toll records and Edison Police Department welfare-check records. The child has been withheld from Petitioner in California continuously since that date.

This conduct violates the Final PFA Order, 23 Pa.C.S. § 6113(a), 18 Pa.C.S. § 2904 (interference with custody), 18 U.S.C. §§ 2261-2262 (interstate violation of a protection order), and 18 U.S.C. § 1204 (international parental kidnapping).

The void May 1, 2025 amendment has been used as a shield against enforcement at every level:

- Philadelphia Police Department: Detective Culbreath (#9223) refused to file a missing person or custodial interference report on July 16 and August 15, 2025, characterizing documented PFA violations as 'a custody issue.' In a recorded statement, Detective Culbreath admitted that he and DHS 'did not want to get sued.' Detective Boyle recorded Petitioner's April 22, 2025 statement reporting violations. No enforcement action was taken.
- Edison Police Department (NJ): On July 21, 2025, Supervisor Esposito accepted Petitioner's documents, asserted that the PFA 'is not valid in New Jersey' without presenting proof of lawful process, and refused to document Petitioner's complaint, relying on the Philadelphia Police Department and DHS to defeat enforcement of an order entitled to full faith and credit under 18 U.S.C. § 2265.
- Torrance Police Department (CA): Refused to enforce the Pennsylvania Final PFA Order against Defendant at 20530 Anza Ave. #5, Torrance, California 90503, despite mandatory full faith and credit obligations under 18 U.S.C. § 2265.
- FBI and NCMEC: Also declined to act, each deferring to local agencies.

No law enforcement agency at any level has taken action to enforce the Final PFA Order or to secure the return of Minor Child A.N. to Petitioner.

**D. Petitioner's Filings Refused, Undocketed, and Unadjudicated.**

Since May 2025, Petitioner has submitted multiple petitions, motions, and requests for relief seeking enforcement of the Final PFA Order, vacatur of the void amendment, removal of Ciccarelli, recusal of the presiding judge, and correction of the PFAD database record. The procedural history reflects a documented pattern of obstruction and non-adjudication:

- The matter has been rescheduled more than four times May 12, 2025; August 11, 2025; October 8, 2025; subsequent relistings; April 9, 2026 across at least three judicial officers, each reassignment without prior written notice to Petitioner.
- On April 9, 2026, Petitioner appeared in person at 1501 Arch Street prepared to present her Motion for Immediate Recusal and Reassignment. A court officer refused to accept it for filing and stated, 'I don't think so,' when Petitioner stated that service on the judge was required. On that same date, after Defendant failed to appear, the matter was rescheduled in Petitioner's absence. On that same date, Judge Kristiansson personally signed the Rule on Defendant's Petition to Modify continuing to act in this case while a named defendant in Petitioner's federal action and while the recusal motion was being tendered.
- The Court's treatment of non-appearances has been starkly unequal: Defendant's March 31, 2025 non-appearance after personal service resulted in entry of the Final PFA Order against her; Defendant's April 9, 2026 and prior non-appearance was rewarded with an automatic continuance while Petitioner present in the courthouse was neither seen nor heard.
- Multiple petitions submitted by Petitioner were never file-stamped, never docketed, and never listed for hearing, in violation of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania, Sections 4.0 and 5.0.

- On September 30, 2025, Petitioner faxed a Motion to Reschedule to the then-assigned judge's chambers fax number with confirmed transmission; chambers later stated in writing that the motion had not been received.

The contempt Rule signed July 24, 2025 has never been heard on the merits, nearly one year later. No petition Petitioner has submitted in this matter has ever been adjudicated on the merits.

**E. The Federal Civil Rights Action Disqualifying Conflict.**

Petitioner filed a civil rights action in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 2:26-cv-00585-CFK), naming, among others, the Honorable Viktoria Kristiansson, Cateria McCabe and Theo Celeste Cornetta Ciccarelli as defendants. The action is based directly on the conduct described herein. A related appeal is pending before the United States Court of Appeals for the Third Circuit, Appeal No. 26-2463.

Judge Kristiansson is therefore an adverse party to Petitioner in pending federal litigation arising directly from her own judicial conduct in this case. She cannot preside over, schedule, or in any capacity act upon proceedings in which her own challenged conduct is at issue without violating Pennsylvania Code of Judicial Conduct Rule 2.11(A), 28 U.S.C. § 455(a), Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), and In re Murchison, 349 U.S. 133, 136 (1955) ('No man can be a judge in his own case.').

**F. The June 17-18, 2026 Fax; The June 24, 2026 Fax, Emergency Circumstances, Filing Obstruction and Documented Backdating.**

On June 17, 2026, Petitioner prepared the petitions and motions identified herein for filing. On June 18, 2026, Petitioner appeared at the Family Court Building at 1501 Arch Street, Philadelphia, to file the documents in person and found the courthouse closed for a court holiday. On June 18, 2026, Petitioner transmitted by facsimile from Office Depot OfficeMax, Philadelphia, Pennsylvania: (a) a first facsimile of 47 pages transmitted at 10:02 a.m. to the chambers of the Honorable Viktoria Kristiansson at (215) 686-7822; and (b) a second facsimile of 21 pages transmitted at 10:27 a.m. to the chambers of Administrative Judge Walter J. Olszewski at (215) 686-9158. The fax cover letter requested written confirmation of receipt from each recipient. No acknowledgment or confirmation of receipt was received from either chambers.

On June 24, 2026, Petitioner appeared in person at the Family Court Building, 1501 Arch Street, Philadelphia, to file her Petition for Contempt, Petition to Modify, and Motion for Recusal. Petitioner's presence at the courthouse on June 24, 2026 is documented by a parking receipt from the Family Court Courthouse Garage, 1503-11 Arch Street, Philadelphia, PA 19102, timestamped 06/24/26 at 4:07 p.m.

Court staff at the Domestic Violence Unit filing window initially refused to accept Petitioner's documents for filing. Petitioner invoked the requirement that any refusal to accept a filing must be documented in writing, identifying the specific rule, policy, or authority relied upon, showing Federal Summons and informed court staff that she would be filing for King's Bench jurisdiction and that this record of obstruction would be incorporated into all pending proceedings, including Civil Action No. 2:26-cv-00585-CFK and Third Circuit Appeal No. 26-2463. Petitioner further stated that the fax transmissions to Judge Kristiansson's chambers and to Administrative Judge Olszewski's chambers on June 18, 2026 had already been sent, and that Judge Kristiansson was required to recuse as a named federal defendant.

After approximately 15 minutes of resistance, court staff accepted the documents for filing and applied a file stamp. However, the file stamp applied to all three documents reads 'Filed JUN 25 2026, Domestic Violence Unit, 4:27 pm.' This date is incorrect. Petitioner was physically present at the courthouse on June 24, 2026, as documented by the parking receipt timestamped 4:07 p.m. on 06/24/26. The filing window stamp time of 4:27 p.m. is consistent with Petitioner having entered the garage at 4:07 p.m. and reaching the filing window approximately twenty minutes later on the same date, June 24, 2026. The backdating of the file stamp from June 24 to June 25 constitutes a further irregularity in the official record of this matter and is preserved herein as additional evidence of the pattern of obstruction documented throughout this Application.

This Application is filed on June 24, 2026, the date of Petitioner's courthouse appearance, as documented by the parking receipt. The hearing before Judge Kristiansson, the conflicted judge whose disqualification is sought, was scheduled for June 25, 2026.

## III. LEGAL STANDARD FOR KING'S BENCH AND EXTRAORDINARY JURISDICTION

The Supreme Court of Pennsylvania possesses plenary King's Bench and extraordinary jurisdiction over all courts of this Commonwealth. Article V, Section 10(a) of the Pennsylvania Constitution vests in this Court 'general supervisory and administrative authority over all the courts.' 42 Pa.C.S. § 726 provides that the Supreme Court 'may, on its own motion or upon petition of any party, in any matter pending before any court... assume plenary jurisdiction of the matter at any time... if it appears that the interest of justice require prompt action by the Supreme Court.' See also 42 Pa.C.S. § 502.

King's Bench jurisdiction is properly invoked where: (1) the matter is of immediate public importance; (2) a breakdown in the ordinary administration of justice has occurred that cannot be adequately remedied through ordinary trial or appellate procedures; or (3) supervisory intervention is necessary to ensure the proper functioning of the judicial system. See In re Avellino, 690 A.2d 1138 (Pa. 1997); Mun. Publications, Inc. v. Court of Common Pleas, 507 A.2d 1243, 1245 (Pa. 1986).

Each of these criteria is independently satisfied here. The systemic refusal to enforce a final protection order protecting a minor child, the continued exercise of jurisdiction by a conflicted judge who is a federal defendant adverse to the petitioner, the repeated denial of access to the courts including the backdating of a filed document on the date of filing, and the total failure of ordinary remedies across fourteen months present precisely the circumstances for which King's Bench authority exists.

## IV. GROUNDS FOR EXTRAORDINARY RELIEF

### A. The Presiding Judge Is Disqualified by Actual Conflict.

Judge Kristiansson is a named defendant in Civil Action No. 2:26-cv-00585-CFK, a federal civil rights action brought by Petitioner, arising directly from Judge Kristiansson's own conduct in this case specifically the May 1, 2025 amendment, the refusal to accept filings, and the prolonged non-adjudication of Petitioner's motions. She cannot preside over proceedings in which her own challenged conduct is the central issue. Pa. Code of Judicial Conduct Rule 2.11(A) (mandatory disqualification where impartiality might reasonably be questioned); Caperton, 556 U.S. at 876-84; In re Murchison, 349 U.S. at 136; Goodheart v. Casey, 565 A.2d 757, 763 (Pa. 1989); 28 U.S.C. § 455(a).

The conflict is not theoretical. Judge Kristiansson has a personal financial and reputational stake in the outcome of proceedings in which her own conduct is challenged. She has continued to act in this matter signing the Rule on April 9, 2026 on the same day Petitioner tendered a recusal motion directed at her while a federal action based on that very conduct was pending. A court cannot insulate a conflicted judge by refusing to docket the motion that challenges her.

**B. The May 1, 2025 Amendment Is Void Ab Initio.**

The May 1, 2025 amendment to the Final PFA Order is void as a matter of law. A court order entered without jurisdiction, without the procedural prerequisites mandated by statute, and on the application of a person without standing is void ab initio and subject to collateral attack at any time. The procedural requirements for modification of a PFA order are mandatory: 23 Pa.C.S. § 6108(d) provides that the court may amend its order only upon subsequent petition filed by either party; 23 Pa.C.S. § 6117(a) expressly requires that modification be ordered only after the filing of a petition for modification, service of the petition, and a hearing on the petition. Neither requirement was satisfied. Ciccarelli, the non-party who procured the amendment, was not 'either party' within the meaning of § 6108(d) and had no authority to seek modification under any provision of the PFA Act.

A void order need not be appealed it may be challenged at any time in any proceeding. See Shearer v. Shearer, 564 A.2d 524 (Pa. Super. 1989). The appropriate remedy is vacatur and reinstatement of the March 31, 2025 Final PFA Order in its entirety.

**C. Total and Documented Enforcement Failure Affecting a Minor Child.**

The void amendment has caused a total collapse of enforcement. Law enforcement agencies in Pennsylvania, New Jersey, and California have each declining to enforce a final court order to which Congress has mandated full faith and credit. 18 U.S.C. § 2265 imposes mandatory enforcement obligations on every law enforcement agency in every state. The documented, recorded refusal of Detective Culbreath (#9223) to act on the admitted ground that he and DHS 'did not want to get sued' is not a lawful basis to decline enforcement and constitutes official oppression under 18 Pa.C.S. § 5301 and deprivation of rights under color of law under 18 U.S.C. § 242.

A minor child has been withheld across state lines for over thirteen months. The danger to the child is not speculative it is documented and ongoing. The systemic failure of law enforcement to enforce a final protective order, directly caused by an unauthorized judicial amendment, presents an issue of immediate public importance warranting this Court's supervisory intervention.

**D. Systematic Denial of Access to the Courts, Including Refusal to File, and Documented Backdating.**

Pennsylvania Constitution Article I, Section 11 guarantees every person the right of access to the courts and a remedy by due course of law without delay. The First Amendment guarantees the right to petition the government for redress of grievances. These rights have been comprehensively violated. Petitioner's filings have been refused at the filing window, left unstamped and undocketed, and ignored for over fourteen months. The recusal motion was refused for filing on April 9, 2026. No petition Petitioner has submitted has been adjudicated on the merits.

Most recently, on June 24, 2026, after approximately fifteen minutes of resistance at the filing window, court staff accepted Petitioner's filings only after Petitioner invoked several times, the written-refusal requirement and stated her intention to seek King's Bench relief. The file stamp applied to the accepted documents reads June 25, 2026 a date that did not exist at the time of filing, as documented by a parking receipt from the Family Court Courthouse Garage timestamped 4:07 p.m. on June 24, 2026. The stamp time of 4:27 p.m. is consistent with the same visit. The backdating of the official file stamp is itself a record irregularity that further demonstrates the pattern of obstruction requiring this Court's supervisory intervention.

**E. Ciccarelli's Unauthorized Participation and the Defender Association Conflict.**

Ciccarelli has continued to appear as counsel of record to Petitioner in this PFA matter despite the closure of the dependency case that was the sole basis for Ciccarelli's appointment, and despite the complete absence of any lawful authority to participate in a PFA proceeding and Pettitioner's requests to remove Ciccarelli as her counsel. Ciccarelli is a named federal defendant in Civil Action No. 2:26-cv-00585-CFK, adverse to Petitioner. The Defender Association of Philadelphia is subject to imputed disqualification. Ciccarelli's unauthorized appearance, unauthorized filings, and unauthorized listing on the docket must be stricken, and the Defender Association must be precluded from any further participation.

## V. INADEQUACY OF ORDINARY REMEDIES

The extraordinary nature of King's Bench jurisdiction requires a showing that ordinary remedies are inadequate. That showing is satisfied here on multiple independent grounds.

First, the presiding judge from whom recusal is sought is the very judge who must act on the recusal motion in the absence of King's Bench intervention. That motion was refused for docketing on April 9, 2026, and the file stamp applied on June 24, 2026 was backdated to June 25. A conflicted judge cannot be the arbiter of her own disqualification, and the obstruction of the filing process has prevented any neutral adjudicator from reaching the question.

Second, ordinary appellate review is available only after a final order. No final order on any of Petitioner's petitions exists because none has ever been adjudicated. There is nothing to appeal from fourteen months of non-adjudication.

Third, the damage flowing from continued proceedings before a conflicted judge cannot be remedied after the fact. Any order entered by a disqualified judge is itself voidable. Further proceedings permitting the June 25, 2026 hearing to proceed before Judge Kristiansson, risks compounding an already compromised record with additional voidable orders.

Fourth, the enforcement failure is ongoing and compounding. Every day the PFAD database reflects the void amendment. Ordinary appellate timelines are incompatible with the protection of a minor child in real time.

Fifth, administrative remedies within the Common Pleas system have been exhausted or rendered unavailable. Faxes to Administrative Judge Olszewski's chambers on June 18, 2026 produced no response. Petitioner's June 24, 2026 in-person filing was accepted only after thirty minutes of resistance, and the resulting file stamp was backdated. There is no administrative pathway that has not already been obstructed.

## VI. RELIEF REQUESTED

**WHEREFORE,** Petitioner Galina M. Novakhova, individually and on behalf of her minor child A.N., respectfully requests that this Court exercise its King's Bench and extraordinary jurisdiction pursuant to Pa.R.A.P. 3309 and 42 Pa.C.S. § 726, and enter an Order granting the following:

**A. EMERGENCY RELIEF:**

**1.** Immediately staying all further proceedings in Docket No. 2503-V-7369 before the Honorable Viktoria Kristiansson, pending resolution of this Application;

**2.** Directing the immediate recusal and disqualification of the Honorable Viktoria Kristiansson from any further participation, supervision, adjudication, or decision-making in Docket No. 2503-V-7369, based on disqualifying conflict arising from Civil Action No. 2:26-cv-00585-CFK (E.D. Pa.), in which Judge Kristiansson is a named defendant adverse to Petitioner;

**3.** Directing the immediate reassignment of Docket No. 2503-V-7369 to a judicial officer with no prior involvement in the proceedings, no involvement in DHS Dependency Case No. CP-51-DP-0000923-2024, and no professional relationship with Ciccarelli;

**B. SUPERVISORY RELIEF:**

**4.** Assuming King's Bench and extraordinary jurisdiction over Docket No. 2503-V-7369, Court of Common Pleas of Philadelphia County, Family Court Division, Protection From Abuse, pursuant to Pa.R.A.P. 3309, Article V, Section 10(a) of the Pennsylvania Constitution, and 42 Pa.C.S. § 726;

**5.** Declaring the May 1, 2025 amendment to the March 31, 2025 Final Protection From Abuse Order void ab initio as having been entered without petition, notice, or hearing, in violation of 23

Pa.C.S. §§ 6108(d) and 6117(a), and the due process guarantees of Article I, Sections 1 and 11 of the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution;

**6.** Directing that the March 31, 2025 Final Protection From Abuse Order be reinstated in its entirety, including Minor Child A.N. as a protected party pursuant to 23 Pa.C.S. §§ 6108(a) and 6108(a)(4), and recognized as the sole operative, enforceable order in Docket No. 2503-V-7369;

**7.** Directing the immediate removal of Theo Celeste Cornetta Ciccarelli, Esquire, as Guardian ad Litem or in any capacity in Docket No. 2503-V-7369; directing that Ciccarelli's appearance, filings, and listing as counsel of record be struck from all docket entries, court case management systems, and service lists; and directing the Clerk of Court to provide Petitioner with a certified printout confirming Ciccarelli's removal from all court case management systems, pursuant to Section 11.0 of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania;

**8.** Restraining Ciccarelli from any further participation in, interference with, or submission of filings in Docket No. 2503-V-7369 in any capacity whatsoever;

**9.** Disqualifying the Defender Association of Philadelphia, Theo Celeste Cornetta Ciccarelli, Esquire, the Honorable Cateria McCabe, the Philadelphia Department of Human Services, and all named and Jane/John Doe defendants in Civil Action No. 2:26-cv-00585-CFK (E.D. Pa.) from any further participation in Docket No. 2503-V-7369 or any matter arising therefrom, due to disqualifying conflicts of interest, unauthorized participation, and adverse interests to Petitioner; and further directing that the dependency custody order entered in DHS Case No. CP-51-DP-0000923-2024 (Case No. 743808) be declared ultra vires and without legal effect as having been entered without ICPC compliance, without preservation of Petitioner's parental rights, and in excess of the court's lawful authority;

And add this as a new paragraph 10, shifting all subsequent numbers up by one:

**10.** Directing referral to appropriate law enforcement authorities and the Pennsylvania Attorney General of the failure by the Philadelphia Department of Human Services, the Defender Association of Philadelphia, and all parties acting in concert with them, to protect Minor Child A.N. from sexual assault, and the obstruction of the Philadelphia Police Department Special Victims Unit investigation by these parties and all named and Jane/John Doe defendants in Civil Action No. 2:26-cv-00585-CFK, for criminal investigation and prosecution;

**11.** Directing all law enforcement agencies with jurisdiction, including but not limited to those in the Commonwealth of Pennsylvania, the State of New Jersey, and the State of California, to recognize, enforce, and comply with the reinstated March 31, 2025 Final Protection From Abuse Order in accordance with 18 U.S.C. § 2265 and 23 Pa.C.S. § 6113(a), immediately upon entry of this Court's Order;

**12.** Directing all appropriate Commonwealth agencies and law enforcement authorities, in coordination with the President Judge of the Court of Common Pleas of Philadelphia County, to take all steps necessary to secure the immediate physical return of Minor Child A.N. to Petitioner Galina M. Novakhova, in enforcement of the reinstated March 31, 2025 Final Protection From Abuse Order, pursuant to 23 Pa.C.S. § 6113(a) and 18 U.S.C. § 2265;

**13.** Directing that Respondent Anjelique Josephine Bonilla, Jose Anwar Tripp, and all persons acting in concert with them, directly or indirectly, including through third-party intermediaries and state actors, be immediately held in contempt of the March 31, 2025 Final Protection From Abuse Order for willful and continuing violations thereof, including the interstate removal and ongoing retention of Minor Child A.N. from Petitioner, coordinated interference with enforcement, and conspiracy to obstruct enforcement of a valid court order, in violation of 23

Pa.C.S. § 6114(a), 18 U.S.C. § 2265, 18 U.S.C. § 242, and 42 U.S.C. § 1985(3), and that appropriate sanctions including arrest of all responsible parties be imposed forthwith;

**14.** Directing the Clerk of the Court of Common Pleas of Philadelphia County, Family Court Division, to docket, time-stamp, and calendar for prompt hearing every petition and motion submitted by Petitioner in Docket No. 2503-V-7369, nunc pro tunc to the date of original submission, including any submission previously received but not entered on the docket, and to correct the file stamp date on documents accepted on June 24, 2026 and erroneously stamped June 25, 2026, to reflect the actual date of filing;

**15.** Directing that Petitioner be protected from further retaliation by any party, state actor, or person acting in concert with any defendant, arising from Petitioner's pursuit of her civil rights claims in Civil Action No. 2:26-cv-00585-CFK (E.D. Pa.) and Third Circuit Appeal No. 26-2463, and that any act of retaliation be treated as contempt of this Court's Order;

**16.** Directing referral to the appropriate disciplinary authority, including the Disciplinary Board of the Supreme Court of Pennsylvania, of the conduct of Theo Celeste Cornetta Ciccarelli, Esquire, and any other attorney whose conduct in connection with Docket No. 2503-V-7369 warrants disciplinary review, for investigation and action;

**17.** Directing the production to Petitioner of all evidence, recordings, communications, and records identified in this Application and in Petitioner's filings in Docket No. 2503-V-7369, Civil Action No. 2:26-cv-00585-CFK, and Third Circuit Appeal No. 26-2463, including all records held by the Philadelphia Police Department, the Edison New Jersey Police Department, the Torrance California Police Department, the Defender Association of Philadelphia, and all DHS records related to Dependency Case No. CP-51-DP-0000923-2024 and Case No. 743808, and that judicial subpoenas issue to each such agency forthwith;

**18.** Directing the preservation of all records, communications, and recordings identified herein to prevent spoliation of evidence;

**19.** Directing the Administrative Judge of the Family Court Division of the Court of Common Pleas of Philadelphia County to monitor compliance with this Court's Order and to report to this Court at such intervals as this Court directs on the status of compliance; and

**20.** Granting such other and further relief as this Court deems just and proper.

**VERIFICATION**

I, Galina M. Novakhova, verify that the statements made in this Application are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: June 25, 2026

/s/ Galina M. Novakhova

Petitioner, Pro Se

P.O. Box 17635, Philadelphia, PA 19135

GalinaMN@gmail.com

*All rights reserved, without prejudice.*

**CERTIFICATE OF SERVICE**

I, Galina M. Novakhova, hereby certify that I will cause a true and correct copy of the foregoing Application for Extraordinary Relief Under Pa.R.A.P. 3309 and 42 Pa.C.S. § 726, together with the accompanying Proposed Order, to be served upon the following persons in compliance with Pa.R.A.P. 3309, by U.S. First Class Mail or such other method as is available, promptly upon filing:

1. Anjelique Josephine Bonilla, Respondent — 20530 Anza Ave. #5, Torrance, CA 90503
2. The Honorable Viktoria Kristiansson — 1546 Family Court Building, 1501 Arch Street, Philadelphia, PA 19102; Facsimile (215) 686-7822
3. Administrative Judge Walter J. Olszewski — Room 1450, City Hall, Philadelphia, PA 19107; Facsimile (215) 686-9158
4. ~~President Judge Nina N. Wright Padilla — 360 City Hall, Philadelphia, PA 19107~~ GN
5. Theo Celeste Cornetta Ciccarelli, Esquire — Defender Association of Philadelphia, last known office address
6. Clerk of the Court of Common Pleas of Philadelphia County, Family Court Division, Protection From Abuse — 11th Floor, 1501 Arch Street, Philadelphia, PA 19102

**/s/** Galina M. Novakhova

Date: June 25, 2026

*All rights reserved, without prejudice.*

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

GALINA M NOVAKHOVA,
PLAINTIFF

vs.

ANJELIQUE JOSEPHINE BONILLA,
DEFENDANT

FAMILY COURT DIVISION

PROTECTION FROM ABUSE

NO. 2503-V-7369

## RULE

AND NOW, this ______ day of ______, 2026, a Rule is granted upon the Defendant, ANJELIQUE JOSEPHINE BONILLA, to show cause why he/she should not be held in contempt of the Protection From Abuse Order dated ______, entered by this Court, the Honorable ______ presiding, and why appropriate sanctions under the Protection From Abuse Act, should not be entered.

A hearing will be held on the ______ day of ______, 20____, in Courtroom ____, at 1501 Arch Street, Philadelphia, Pennsylvania 19102, at ______ a.m./p.m., to determine whether the requested relief will be granted.

BY THE COURT:

______________________________
J.

AUGUST 2020
CONTEMPT

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | | |
|---|---|---|
| GALINA M NOVAKHOVA, PLAINTIFF | : | FAMILY COURT DIVISION |
| vs. | : | PROTECTION FROM ABUSE |
| ANJELIQUE JOSEPHINE BONILLA, DEFENDANT | : | NO. 2503-V-7369 |

## ORDER

AND NOW, this _____ day of _____________, 20_____, it is ORDERED, ADJUDGED and DECREED that the Defendant, ___________________________, is found in Contempt of Court and the following sanctions are entered.

BY THE COURT:

_________________________________
J.

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | | |
|---|---|---|
| GALINA M NOVAKHOVA, PLAINTIFF | : | FAMILY COURT DIVISION |
| vs. | : | PROTECTION FROM ABUSE |
| ANJELIQUE JOSEPHINE BONILLA, DEFENDANT | : | NO. 2503-V-7369 |

## PETITION FOR CONTEMPT OF PROTECTION FROM ABUSE ORDER

1. My name is GALINA M NOVAKHOVA

   I am ☑ Plaintiff in the above-cited case.

   My address is ☑ confidential or as follows (street, city, state, zip): PO BOX 17635 PHILADELPHIA PA 19135

2. The other Party is ANJELIQUE JOSEPHINE BONILLA,

   who is the ☐ Defendant in the above-cited case, and resides at (street, city, state, zip): 20530 ANZA AVE APT 5 TORRANCE CA

3. On 3/31/2025, the parties appeared before the Honorable VIKTORIA KRISTIANSSON, in an action filed under the Protection From Abuse Act, NO: 2503-V-7369

4. On the above date, a ☐ Temporary Protection From Abuse Order ☑ Final Protection From Abuse Order was entered (attached hereto as Exhibit "A").

5. Since the entering of the aforementioned order, the Plaintiff alleges that the Defendant has engaged in the following behavior:

A. Defendant has violated the PFA through direct and indirect contact and through participation in the un-authorized interstate removal of my minor child and continued retention of my minor child A.N. in California since May 28, 2025.

B. Since order had been issued many violations, threats, using the police and 3rd parties in retaliations, witnesses available. SEE ATTACHED DETAILED PETITION FOR CONTEMPT

C. SEE ATTACHED PETITION

Sent via FAX to Hon. Judge OLSZENWSKI & Judge KRISTIANSSON on JUNE 18, 2024

WHEREFORE, the Plaintiff requests the Honorable Court to:

a) Grant a hearing on the matters complained of above.

b) Enter an ex parte Temporary Protection Order, or a Final Protection Order, after a hearing:

1. restraining Defendant from abusing, harassing, stalking, threatening, or attempting or threatening to use physical force against Plaintiff, or any other person protected under the order, in any place where they might be found;

2. evicting and excluding Defendant from the residence or any other permanent or temporary residence where Plaintiff or any other person protected under the order may live;

3. prohibiting Defendant from having ANY CONTACT with the Plaintiff, or any other person protected under the order, either directly or indirectly, at any location, including but not limited to any contact at Plaintiff's school, business or place of employment;

4. prohibiting Defendant from contacting Plaintiff, or any other person protected under the order, either directly or indirectly, by telephone or by any other means, including through third persons;

5. prohibiting Defendant from possessing or acquiring firearms; and/or directing Defendant to relinquish to the sheriff or the appropriate law enforcement agency firearm licenses owned or possessed by Defendant; and/or directing Defendant to relinquish to the sheriff or the appropriate law enforcement agency any firearm, other weapon, or ammunition listed in Attachment A to the Temporary Order or the Final Order; and

6. any other relief deemed appropriate.

c) After a hearing, hold Defendant in contempt of the Protection From Abuse Order.

d) Enter sanctions against Defendant, pursuant to the Protection From Abuse Act.

JUNE 24th 2026

Date

Signature

**VERIFICATION**

I verify that the statements made in this petition are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

JUNE 24th 2026

Date

GALINA M NOVAKHOVA

Petitioner

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | | |
|---|---|---|
| GALINA M NOVAKHOVA, PLAINTIFF | : | FAMILY COURT DIVISION |
| vs. | : | PROTECTION FROM ABUSE |
| ANJELIQUE JOSEPHINE BONILLA, DEFENDANT | : | NO. |

## AFFIDAVIT OF SERVICE

I, ______________________, the undersigned, hereby state that I served a copy of the Rule, the Order and Petition in the above-captioned action by handing the papers to ____________________________ at the following address: ________________________ ___________________________ on the ______ day of ____________________, 20 ___, at approximately _____ o'clock ___. m.

I verify that the statements made in this Affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

(Signature) ______________________________________________

(Title) ______________________________________________

(Address) ______________________________________________

(Date) ______________________________________________

THIS FORM MUST BE COMPLETED AND SIGNED BY THE PERSON WHO SERVED THE RULE, THE ORDER AND PETITION FOR CONTEMPT OF PROTECTION FROM ABUSE ORDER. IT MUST BE FILED WITH THE PROTHONOTARY OR BROUGHT TO THE COURT ON THE HEARING DATE.

AUGUST 2020
CONTEMPT

(Caption)

GALINA M. NOVAKHOVA v. ANJELIQUE J. BONILLA, DC NO.2503V7369

## NOTICE OF HEARING AND ORDER

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following papers, you must appear at the hearing scheduled herein. If you fail to do so, the case may proceed against you and a FINAL order may be entered against you granting the relief requested in the petition. In particular, you may be evicted from your residence, prohibited from possessing any firearm, other weapon, ammunition, or any firearm license, and lose other important rights, including custody of your children. A protection order granted by a court may be considered in subsequent proceedings under Title 23 (Domestic Relations) of the Pennsylvania Consolidated Statutes, including child custody proceedings under Chapter 53 (relating to custody) and Child Protective Services Law proceedings under Chapter 63 (related to juvenile matters).

A hearing on the matter is scheduled for the ____ day of                    , 20__ , at _.m. in Courtroom _________ at_______________ Courthouse, Pennsylvania.

If an order of protection has been entered, you MUST obey the order until it is modified or terminated by the court after notice and hearing. If you disobey this order, the police or sheriff may arrest you. Violation of this order may subject you to a charge of indirect criminal contempt under 23 Pa C.S. § 6114. Violation may also subject you to prosecution and criminal penalties under the Pennsylvania Crimes Code. Under federal law, 18. U.S.C. § 2265, this order is enforceable anywhere in the United States, tribal lands, U.S. Territories, and the Commonwealth of Puerto Rico. If you travel outside of the state and intentionally violate this order, you may be subject to federal criminal proceedings under the Violence Against Women Act. 18 U.S.C. §§ 2261-2262.

If this order directs you to relinquish any firearm, other weapon, ammunition, or any firearm license to the sheriff or the appropriate law enforcement agency, you may do so upon service of this order. As an alternative, you may relinquish any firearm, other weapon, or ammunition listed herein to a third party provided you and the third party first comply with all requirements to obtain a safekeeping permit. 23 Pa.C.S. § 6108.3. You must relinquish any firearm, other weapon, ammunition, or

any firearm license listed in the order no later than 24 hours after service of the order. If, due to their current location, firearms, other weapons, or ammunition cannot reasonably be retrieved within the time for relinquishment, you must provide an affidavit to the sheriff or the appropriate law enforcement agency listing the firearms, other weapons, or ammunition and their current location no later than 24 hours after service of the order. Failure to timely relinquish any firearm, other weapon, ammunition, or any firearm license shall result in a violation of this order and may result in criminal conviction under the Uniform Firearms Act, 18 Pa.C.S. § 6105.

*NOTICE*: Even if this order does not direct you to relinquish firearms, you may be subject to federal firearms prohibitions and federal criminal penalties under 18 U.S.C. § 922(g)(8) or state firearms prohibitions and state criminal penalties under 18 Pa.C.S. § 6105.

YOU HAVE THE RIGHT TO HAVE A LAWYER REPRESENT YOU AT THE HEARING, HOWEVER, THE COURT WILL NOT APPOINT A LAWYER FOR YOU. YOU HAVE THE RIGHT TO PRESENT EVIDENCE AT THE HEARING, INCLUDING SUBPOENAING WITNESSES TO TESTIFY ON YOUR BEHALF.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. IF YOU CANNOT FIND A LAWYER, YOU MAY HAVE TO PROCEED WITHOUT ONE.

County Lawyer Referral Service

[Insert Street Address]

[Insert City, State, Zip Code]

[Insert Phone]

Case 2:26-cv-00585-CFK Document 24 Filed 05/01/26 Page 1 of 2

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

EASTERN District of PENNSYLVANIA

RECEIVED
JUN 25 2026
SUPREME COURT
EASTERN DISTRICT

GALINA M. NOVAKHOVA
*Plaintiff(s)*

v.

ANJELIQUE J. BONILLA; ALLA IZRAILOVA; JOSE ANWAR TRIPP; MICHAEL ANTHONY JIANNOTTI; THOMAS JOSEPHI NAYLOR; JUDGE CATERIA MCCABE; JUDGE VICTORIA KRISTIANSON; THEO CORNETTA CICCARELLI; PHILADELPHIA DEFENDER ASSOCIATION; DEPT. OF HUMAN SERVICES OF PHILADELPHIA CITY/COUNTY/STATE; CUA3; EL CONCILIO (DHS SUBCONTRACTOR); CARO; OCYF; TORRANCE POLICE DEPT., LA COUNTY, CA; EDISON TWP. POLICE DEPT., MIDDLESEX COUNTY NJ; DEPT. OF CHILD & FAMILY SERVICES, DCFS NJ
*Defendant(s)*

Civil Action No. 26-cv-585

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
GALINA M. NOVAKHOVA
P.O. BOX 17635
PHILADELPHIA, PA 19135
Email: galinaMN@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

Date: 5/1/26

s/Frank Del Campo
*Signature of Clerk or Deputy Clerk*

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Galina M. Novakhova

Signature: [signature]

Name: Galina M. Novakhova

Attorney No. (if applicable): N/A

RECEIVED
JUN 25 2026
SUPREME COURT
EASTERN DISTRICT

**Proof of Service**

I hereby certify that I am this day serving the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of Pa.R.A.P. 121:

Name: Michael Daley, Esq.
Representing: Administrative Office of PA Courts
Date Served: June 25, 2026

Address: 1515 Market St
Suite 1414
Philadelphia, PA 19102

Method of Service:
☑ First Class Mail/Commercial Carrier
☐ Hand Deliver
☑ E-Mail/Fax*

E-Mail (if applicable): ____________
Fax (if applicable): ____________

Name: Aaron Marcus, Esq.
Representing: Defender Association of Philadelphia
Date Served: June 25, 2026

Address: 1441 Sansom St.
Suite 817
Philadelphia, PA 19102

Method of Service:
☑ First Class Mail/Commercial Carrier
☐ Hand Deliver
☐ E-Mail/Fax*

E-Mail (if applicable): ____________
Fax (if applicable): ____________

Name: ____________
Representing: ____________

Date Served: ____________

Address: ____________

Method of Service:
☐ First Class Mail/Commercial Carrier
☐ Hand Deliver
☐ E-Mail/Fax*

E-Mail (if applicable): ____________
Fax (if applicable): ____________

[signature]
*(Original Signature of Filer)*

Date: 6/25/26

Filer Information - Galina M Novakhova
Address: P.O. Box 17635
Philadelphia PA 19135

E-Mail *(if applicable)*: GalinaMN@gmail.com
Fax *(if applicable)*: ____________
Phone *(if applicable)*: 404-936-0467

**Note: By selecting E-Mail or Fax as a method of service, you are verifying that you and the opposing party have an agreement that E-Mail or Fax is an acceptable method of service.*

**Supreme Court of Pennsylvania**

**Miscellaneous Docket Sheet**

**Docket Number: 55 EM 2026**



**July 23, 2026**

## CAPTION

In re: Petition of: Galina M. Novakhova, individually and on behalf of her minor child, A.N., Petitioner

## CASE INFORMATION

Initiating Document: Application for Extraordinary Relief

Case Status: Decided/Active
Journal Number:

Case Category: Civil    Case Type(s): Extraordinary Relief

## CONSOLIDATED CASES    RELATED CASES

## COUNSEL INFORMATION

Pro Se: Novakhova, Galina M.
Address: P.O. Box 17635
Philadelphia, PA 19135
Receive Mail: Yes
Pro Se: Novakhova, Galina M., Petitioner
Pro Se: Yes
IFP Status: Pa.R.A.P. 553

---

Pro Se: Bonilla, Anjelique Josephine
Address: 20530 Anza Ave. #5
Torrance, CA 90503
Receive Mail: Yes
Pro Se: Bonilla, Anjelique Josephine, Respondent
Pro Se: Yes
IFP Status:

---

Attorney: Daley, Michael
Administrative Office of Pennsylvania Courts
Address: Admin Office Of Pa Courts
1515 Market St Ste 1414
Philadelphia, PA 19102
Phone No: (215) 560-6326
Receive Mail: Yes
Representing: Clerk of the Court of Common Pleas of Philadelphia County, Family Court Division, Respondent
Pro Se: No
IFP Status:
Representing: Kristiansson, Viktoria, Respondent
Pro Se: No
IFP Status:
Representing: Olszewski, Walter J., Respondent
Pro Se: No
IFP Status:

---

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

**Supreme Court of Pennsylvania**

**Miscellaneous Docket Sheet**

**Docket Number: 55 EM 2026**



**July 23, 2026**

## COUNSEL INFORMATION

| | |
|---|---|
| Attorney: | Marcus, Aaron Joshua<br>Defender Association of Philadelphia |
| Address: | Defender Assoc Of Phila<br>1441 Sansom St Ste 817<br>Philadelphia, PA 19102 |
| Phone No: | (267) 765-6760 |
| Receive Mail: | Yes |
| Representing: | Defender Association of Philadelphia, Respondent |
| Pro Se: | No |
| IFP Status: | |

## FEE INFORMATION

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|---|---|---|---|---|---|

## AGENCY/TRIAL COURT INFORMATION

Court Below:

County: Division:

Date of Agency/Trial Court Order:

Docket Number:

Judge(s): OTN:

Order Type:

## ORIGINAL RECORD CONTENT

| Original Record Item | Filed Date | Content/Description |
|---|---|---|

**Record Remittal:**

## DISPOSITION INFORMATION

| | | | |
|---|---|---|---|
| Related Journal No: | | Judgment Date: | |
| Category: | Decided | Disposition Author: | Per Curiam |
| Disposition: | Order Denying Application for Extraordinary Relief | Disposition Date: | July 23, 2026 |
| Dispositional Filing: | | Author: | |
| Filed Date: | | | |

## DOCKET ENTRY

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| **June 25, 2026** | **Emergency Request for Immediate Stay** | | |
| | | Petitioner | Novakhova, Galina M. |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

**Supreme Court of Pennsylvania**

**Miscellaneous Docket Sheet**

**Docket Number: 55 EM 2026**



**July 23, 2026**

**DOCKET ENTRY**

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| **June 25, 2026** | **Application to Proceed In Forma Pauperis** | | |
| | | Petitioner | Novakhova, Galina M. |
| **June 25, 2026** | **In Forma Pauperis Granted** | | |
| | | | Rothermel, Steven |
| **July 13, 2026** | **No Answer Letter to Application** | | |
| | | Respondent | Kristiansson, Viktoria |
| | | Respondent | Olszewski, Walter J. |
| | | Respondent | Clerk of the Court of Common Pleas of Philadelphia County, Family Court Division |
| **July 23, 2026** | **Order Denying Application for Extraordinary Relief** | | |
| | | | Per Curiam |

Comments:
AND NOW, this 23rd day of July, 2026, the "Application for Extraordinary Relief" is DENIED.

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| **July 23, 2026** | **Order Exited** | | |
| | | | Office of the Prothonotary |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

City of Philadelphia

Michael Daley, Esq.
Administrative Office of PA Courts
1515 Market Street, Ste 1414
Philadelphia, Pa 19102

Eric Assini, Esq

Eric.Assini@courts.phila.gov

Defenders

Aaron Marcus, Esq.
Defender Association of Philadelphia
1441 Sansom Street, Ste 817
Philadelphia, Pa 19102

Discovery request pursuant to the rules

Liz Gordos

Prothonotary's Office

Steve - Deputy

Supreme Court of Pennsylvania

215-560-6370

Pat DAmbrosio

Gmail Galina N <galinamn@gmail.com>

**FOURTH AND FINAL NOTICE - Service and Request for Acknowledgment of Receipt Re: Novakhova v. Bonilla, et al., Case No. 2:26-cv-00585-CFK (E.D. Pa.); In re Petition of Galina M. Novakhova individually and on behalf of her minor child, No. 55 EM 2026 (Pa. Supreme Ct., Eastern District)**
1 message

**Galina M. Novahova** <galinamn@gmail.com> Wed, Jul 22, 2026 at 3:45 PM
To: Aaron Marcus Esquire Chief Appeal Unit <amarcus@philadefender.org>
Cc: Philadelphia Defender Association <contact@philadefender.org>

***GALINA M. NOVAKHOVA***
P.O. BOX 17635
PHILADELPHIA, PA 19135
GalinaMN@gmail.com

July 22, 2026

Aaron Marcus, Esquire
Chief, Appeals Unit
Defender Association of Philadelphia
1441 Sansom Street, 8th Floor
Philadelphia, Pennsylvania 19102

To: amarcus@philadefender.org
CC: contact@philadefender.org

Subject: **FOURTH AND FINAL NOTICE** - Service and Request for Acknowledgment of Receipt

Re: *Novakhova v. Bonilla, et al.,* Case No. 2:26-cv-00585-CFK (E.D. Pa.);
In re Petition of *Galina M. Novakhova individually and on behalf of her minor child,* No. 55 EM 2026 (Pa. Supreme Ct., Eastern District)

Dear Mr. Aaron Joshua Marcus:

I am the Plaintiff in the above-referenced federal civil-rights action and the Petitioner in the above-referenced extraordinary relief proceeding. I am also the mother of the minor child who is the subject of those proceedings. This is the fourth and final notice of service directed to you and to the Defender Association of Philadelphia. In light of the four documented notices summarized below, I request written acknowledgment of receipt.

-

## I. CHRONOLOGY OF SERVICE: FOUR NOTICES

The Defender Association of Philadelphia and you, as its counsel of record in No. 55 EM 2026, have received notice and copies of pleadings, summonses, motions, applications, and related service records through four separate transmissions using four distinct methods.

First Notice - May 14, 2026: Service by United States Postal Service Certified Mail, Restricted Delivery, Return Receipt Requested, addressed to the Defender Association of Philadelphia and Theo Cornetta Ciccarelli, 1441 Sansom Street, Philadelphia, Pennsylvania 19102, USPS tracking number 7020 2450 0000 6052 9310, as reflected in Exhibit B-4 of ECF No. 31, filed June 9, 2026 in Civil Action No. 2:26-cv-00585-CFK. No acknowledgment or response was received.

Second Notice - June 25, 2026: Personal hand delivery to 1441 Sansom Street, 6th Floor, Philadelphia, Pennsylvania 19102, of the complete King's Bench Application package filed in No. 55 EM 2026 and received by the Pennsylvania Supreme Court, Eastern District, on June 25, 2026, together with the federal summons issued in Civil Action No. 2:26-cv-00585-CFK (ECF No. 24), bearing the Pennsylvania Supreme Court received stamp. The package was received and signed for by Liz Gordon at the Defender Association office on June 25, 2026. No acknowledgment was received.

Third Notice - July 13, 2026: Electronic service upon you personally via the Pennsylvania Supreme Court PACFile system in No. 55 EM 2026, at amarcus@philadefender.org, as reflected in the PACFile Proof of Service filed July 13, 2026. The PACFile record identifies you as the eService recipient for the Defender Association of Philadelphia and lists your professional contact information. No acknowledgment was received.

Fourth Notice - July 22, 2026: This correspondence, transmitted by electronic mail to amarcus@philadefender.org with a copy to contact@philadefender.org, together with the documents enumerated below.

-

-

## II. STATUS OF THE DEFENDER ASSOCIATION IN THE RELATED PROCEEDINGS

The Defender Association of Philadelphia is a named Respondent in No. 55 EM 2026 and a named Defendant in Civil Action No. 2:26-cv-00585-CFK. Accordingly, this correspondence is directed to the organization through its counsel of record to document notice and preserve the chronology of service.

The Application seeks, among other relief, an order disqualifying the Defender Association from any further participation in Docket No. 2503-V-7369 and all matters arising therefrom, based on the unauthorized participation of Theo Celeste Cornetta Ciccarelli, Esquire, in

proceedings for which her appointment had expired and in which she lacked any lawful authority, and based on the Defender Association's imputed conflict of interest as her employing organization. The Defender Association is simultaneously a defendant in Civil Action No. 2:26-cv-00585-CFK pending in the Eastern District of Pennsylvania.

## III. REQUEST FOR WRITTEN ACKNOWLEDGMENT

Please provide written acknowledgment by return email of this correspondence. Specifically, please confirm:

1. Receipt of this email and all attached documents;
2. Confirmation that the June 25, 2026 hand-delivered package was received at the Defender Association's office and accepted by Liz Gordon;
3. Whether the May 14, 2026 certified-mail package bearing USPS tracking number 7020 2450 0000 6052 9310 was received and, if so, the date of receipt;
4. Whether you are the attorney authorized to receive further service and correspondence in both Civil Action No. 2:26-cv-00585-CFK and No. 55 EM 2026 on behalf of the Defender Association of Philadelphia; and
5. Whether counsel has entered an appearance on behalf of the Defender Association in Civil Action No. 2:26-cv-00585-CFK, and whether you or any other attorney is authorized to accept future service and correspondence on its behalf in that action.

## IV. PRESERVATION OF THE SERVICE AND NOTICE RECORD

The Defender Association's failure to acknowledge or respond to the three prior transmissions over a period exceeding sixty days is documented by the corresponding delivery and service records. This correspondence and the prior delivery and service records will be preserved and may be presented in the respective proceedings concerning notice, service, representation, or related procedural issues.

## V. DOCUMENTS ATTACHED

ECF No. 3 — Emergency Verified Motion for Temporary Restraining Order, Preliminary Injunction, Writ of Habeas Corpus, and Mandamus, filed January 28, 2026

ECF No. 21 — Verified Emergency Complaint, filed May 1, 2026

ECF No. 24 — Federal Summons issued by the Clerk of Court, May 1, 2026, bearing a received stamp from the Supreme Court of Pennsylvania dated June 25, 2026

ECF No. 51 — Amended Summons issued July 2, 2026

ECF No. 31 — Plaintiff's Motion with USPS Certified Mail Exhibits of Service, including ECF No. 31 reflecting tracking number 7020 2450 0000 6052 9310 addressed to 1441 Sansom Street

No. 55 EM 2026 — Application for Extraordinary Relief Under Pa.R.A.P. 3309 and 42 Pa.C.S. § 726, filed and received by the Pennsylvania Supreme Court, Eastern District, June 25, 2026

No. 55 EM 2026 — Proof of Service filed July 13, 2026 confirming eService upon Aaron Marcus, Esquire, at amarcus@philadefender.org

Nothing in this correspondence shall be construed as a waiver of any claim, objection, remedy, procedural right, or other legal or equitable right, including without limitation: (1) Plaintiff's claims for compensatory and punitive damages; (2) individual and official capacity claims against all defendants; (3) claims against private co-conspirators; (4) Plaintiff's right to criminal referral; or (5) any remedy available under 42 U.S.C. §§ 1983, 1985, 1986, or applicable state law.

Respectfully submitted,

/s/ Galina M. Novakhova
Plaintiff and Petitioner, Pro Se

*All Rights Reserved Without Prejudice*

--
***Galina M. Novahova***

***(404) 936-0467***

**Reservation of Rights:** Nothing contained in this communication shall be construed as a waiver, release, admission, concession, consent, stipulation, election of remedies, or relinquishment of any claim, defense, privilege, immunity, objection, procedural right, appellate right, or other legal or equitable remedy. All rights are expressly reserved.

Notice: this message is a private/privileged communication, intended for the recipient only. No content is to be construed as any type of legal or other advice or counsel in any way, shape or form. Any information is solely informal, personal dialogue or opinion as of the type between friends or acquaintances. The sender of this message shall not be liable for any use, misuse, or distribution of the content herein. If you are not the intended recipient, delete this message and any and all attachments. Notice to Principal is Notice to Agent / Notice to Agent is Notice to Principal. With explicit reservation of all My rights, without prejudice and without recourse to any of My rights.

**8 attachments**

**07-22-2026 4th NOTICE OF SERVICE and AKNOWLEDGEMENT - Email Letter to Aaron Marcus Counsel of Record for Defenders Assoc and Theo Cornetta.pdf**
180K

**ECF 3 motion filed 01-28-2026.pdf**
366K

**ECF 24 SUMMONS.pdf**
320K

**ECF 21 MOTION AND COMPLAINT for Temporary Restraining Order and Preliminary Injunction 05-01-2026.pdf**
1005K

**ECF 31 Motion for USPS CERTIFIED MAIL EXHIBITS OF SERVICE TO DEFENDANTS.pdf**
170K

**ECF 51 SUMMONS - AMMENDED.pdf**
324K

**07-13-2026 PROOF OF SERVICE by MICHAEL DALEY SUPREME COURT OF PA.pdf**
109K

**06-25-2026 FILED KINGS BENCH APPLICATION NOVAKHOVA v. BONILLA et al No. 55-EM-2026 in Re No. 2503-V-7369.pdf**
697K

***GALINA M. NOVAKHOVA***
P.O. BOX 17635
PHILADELPHIA, PA 19135
GalinaMN@gmail.com

July 22, 2026

Aaron Marcus, Esquire
Chief, Appeals Unit
Defender Association of Philadelphia
1441 Sansom Street, 8th Floor
Philadelphia, Pennsylvania 19102

To: amarcus@philadefender.org
CC: contact@philadefender.org

Subject: **FOURTH AND FINAL NOTICE** - Service and Request for Acknowledgment of Receipt

Re: *Novakhova v. Bonilla, et al.,* Case No. 2:26-cv-00585-CFK (E.D. Pa.);
In re Petition of *Galina M. Novakhova individually and on behalf of her minor child,* No. 55 EM 2026 (Pa. Supreme Ct., Eastern District)

Dear Mr. Aaron Joshua Marcus:

I am the Plaintiff in the above-referenced federal civil-rights action and the Petitioner in the above-referenced extraordinary relief proceeding. I am also the mother of the minor child who is the subject of those proceedings. This is the fourth and final notice of service directed to you and to the Defender Association of Philadelphia. In light of the four documented notices summarized below, I request written acknowledgment of receipt.

## I. CHRONOLOGY OF SERVICE: FOUR NOTICES

The Defender Association of Philadelphia and you, as its counsel of record in No. 55 EM 2026, have received notice and copies of pleadings, summonses, motions, applications, and related service records through four separate transmissions using four distinct methods.

First Notice - May 14, 2026: Service by United States Postal Service Certified Mail, Restricted Delivery, Return Receipt Requested, addressed to the Defender Association of Philadelphia and Theo Cornetta Ciccarelli, 1441 Sansom Street, Philadelphia, Pennsylvania 19102, USPS tracking number 7020 2450 0000 6052 9310, as reflected in Exhibit B-4 of ECF No. 31, filed June 9, 2026 in Civil Action No. 2:26-cv-00585-CFK. No acknowledgment or response was received.

Second Notice - June 25, 2026: Personal hand delivery to 1441 Sansom Street, 6th Floor, Philadelphia, Pennsylvania 19102, of the complete King's Bench Application package filed in No. 55 EM 2026 and received by the Pennsylvania Supreme Court, Eastern District, on June 25, 2026, together with the federal summons issued in Civil Action No. 2:26-cv-00585-CFK (ECF No. 24), bearing the Pennsylvania Supreme Court received stamp. The package was received and signed for by Liz Gordon at the Defender Association office on June 25, 2026. No acknowledgment was received.

Third Notice - July 13, 2026: Electronic service upon you personally via the Pennsylvania Supreme Court PACFile system in No. 55 EM 2026, at amarcus@philadefender.org, as reflected in the PACFile Proof of Service filed July 13, 2026. The PACFile record identifies you as the eService recipient for the Defender Association of Philadelphia and lists your professional contact information. No acknowledgment was received.

Fourth Notice - July 22, 2026: This correspondence, transmitted by electronic mail to amarcus@philadefender.org with a copy to contact@philadefender.org, together with the documents enumerated below.

## II. STATUS OF THE DEFENDER ASSOCIATION IN THE RELATED PROCEEDINGS

The Defender Association of Philadelphia is a named Respondent in No. 55 EM 2026 and a named Defendant in Civil Action No. 2:26-cv-00585-CFK. Accordingly, this correspondence is directed to the organization through its counsel of record to document notice and preserve the chronology of service.

The Application seeks, among other relief, an order disqualifying the Defender Association from any further participation in Docket No. 2503-V-7369 and all matters arising therefrom, based on the unauthorized participation of Theo Celeste

Cornetta Ciccarelli, Esquire, in proceedings for which her appointment had expired and in which she lacked any lawful authority, and based on the Defender Association's imputed conflict of interest as her employing organization. The Defender Association is simultaneously a defendant in Civil Action No. 2:26-cv-00585-CFK pending in the Eastern District of Pennsylvania.

## III. REQUEST FOR WRITTEN ACKNOWLEDGMENT

Please provide written acknowledgment by return email of this correspondence. Specifically, please confirm:

1. Receipt of this email and all attached documents;
2. Confirmation that the June 25, 2026 hand-delivered package was received at the Defender Association's office and accepted by Liz Gordon;
3. Whether the May 14, 2026 certified-mail package bearing USPS tracking number 7020 2450 0000 6052 9310 was received and, if so, the date of receipt;
4. Whether you are the attorney authorized to receive further service and correspondence in both Civil Action No. 2:26-cv-00585-CFK and No. 55 EM 2026 on behalf of the Defender Association of Philadelphia; and
5. Whether counsel has entered an appearance on behalf of the Defender Association in Civil Action No. 2:26-cv-00585-CFK, and whether you or any other attorney is authorized to accept future service and correspondence on its behalf in that action.

## IV. PRESERVATION OF THE SERVICE AND NOTICE RECORD

The Defender Association's failure to acknowledge or respond to the three prior transmissions over a period exceeding sixty days is documented by the corresponding delivery and service records. This correspondence and the prior delivery and service records will be preserved and may be presented in the respective proceedings concerning notice, service, representation, or related procedural issues.

## V. DOCUMENTS ATTACHED

ECF No. 3 — Emergency Verified Motion for Temporary Restraining Order, Preliminary Injunction, Writ of Habeas Corpus, and Mandamus, filed January 28, 2026

ECF No. 21 — Verified Emergency Complaint, filed May 1, 2026

ECF No. 24 — Federal Summons issued by the Clerk of Court, May 1, 2026, bearing a received stamp from the Supreme Court of Pennsylvania dated June 25, 2026

ECF No. 51 — Amended Summons issued July 2, 2026

ECF No. 31 — Plaintiff's Motion with USPS Certified Mail Exhibits of Service, including ECF No. 31 reflecting tracking number 7020 2450 0000 6052 9310 addressed to 1441 Sansom Street

No. 55 EM 2026 — Application for Extraordinary Relief Under Pa.R.A.P. 3309 and 42 Pa.C.S. § 726, filed and received by the Pennsylvania Supreme Court, Eastern District, June 25, 2026

No. 55 EM 2026 — Proof of Service filed July 13, 2026 confirming eService upon Aaron Marcus, Esquire, at amarcus@philadefender.org

Nothing in this correspondence shall be construed as a waiver of any claim, objection, remedy, procedural right, or other legal or equitable right, including without limitation: (1) Plaintiff's claims for compensatory and punitive damages; (2) individual and official capacity claims against all defendants; (3) claims against private co-conspirators; (4) Plaintiff's right to criminal referral; or (5) any remedy available under 42 U.S.C. §§ 1983, 1985, 1986, or applicable state law.

Respectfully submitted,

/s/ Galina M. Novakhova
Plaintiff and Petitioner, Pro Se

*All Rights Reserved Without Prejudice*

RECEIVED
JUN 25 2026
SUPREME COURT
EASTERN DISTRICT

IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT

| | | |
|---|---|---|
| **In re: Petition of**<br><br>**GALINA M. NOVAKHOVA,** individually and on behalf of her minor child, A.N.,<br><br>Petitioner. | : | No. 55 EM 2026<br>(Relating to: Galina M. Novakhova v.<br><br>Anjelique Josephine Bonilla, Docket No. 2503-V-7369, Court of Common Pleas of Philadelphia County, Family Court Division, Protection From Abuse) |

## APPLICATION FOR EXTRAORDINARY RELIEF UNDER PA.R.A.P. 3309 AND 42 Pa.C.S. § 726

## EMERGENCY REQUEST FOR IMMEDIATE STAY

Petitioner respectfully requests that this Court immediately stay all further proceedings in Docket No. 2503-V-7369 pending resolution of this Application, including any hearing scheduled before the Honorable Viktoria Kristiansson. Judge Kristiansson is a named defendant in Petitioner's pending federal civil rights action arising directly from her own conduct in this case. On June 24, 2026, the hearing scheduled for June 25, 2026 before Judge Kristiansson proceeded while this Application was being prepared and simultaneously while Petitioner's filings were being accepted under protest at the Family Court filing window following documented resistance by court staff. Permitting any further proceedings before a disqualified judge will compound an already compromised record with additional voidable orders. No adequate remedy exists absent this Court's immediate intervention.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

EASTERN District of PENNSYLVANIA

RECEIVED
JUN 25 2026
SUPREME COURT
EASTERN DISTRICT

GALINA M. NOVAKHOVA
*Plaintiff(s)*

v.

ANJELIQUE J. BONILLA; ALLA IZRAILOVA; JOSE ANWAR TRIPP; MICHAEL ANTHONY JIANNOTTI; THOMAS JOSEPHI NAYLOR; JUDGE CATERIA MCCABE; JUDGE VICTORIA KRISTIANSON; THEO CORNETTA CICCARELLI; PHILADELPHIA DEFENDER ASSOCIATION; DEPT. OF HUMAN SERVICES OF PHILADELPHIA CITY/COUNTY/STATE; CUA3; EL CONCILIO (DHS SUBCONTRACTOR); CARO; OCYF; TORRANCE POLICE DEPT., LA COUNTY, CA; EDISON TWP. POLICE DEPT., MIDDLESEX COUNTY NJ; DEPT. OF CHILD & FAMILY SERVICES, DCFS NJ
*Defendant(s)*

Civil Action No. 26-cv-585

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
GALINA M. NOVAKHOVA
P.O. BOX 17635
PHILADELPHIA, PA 19135
Email: galinaMN@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

*CLERK OF COURT*

Date: 5/1/26

s/Frank Del Campo
*Signature of Clerk or Deputy Clerk*

9589 0710 5270 4007 5343 74

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Torrance, CA 90502
OFFICIAL USE

Certified Mail Fee $ $4.65
0158
6

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy) $ $0.00
- ☐ Return Receipt (electronic) $ $14.35
- ☒ Certified Mail Restricted Delivery $ $0.00
- ☐ Adult Signature Required $ $0.00
- ☐ Adult Signature Restricted Delivery $

Postmark Here

Postage $ $4.02
07/13/2026

Total Postage and Fees $ $23.02

Sent To Jose Anwar Tripp
Street and Apt. No., or PO Box No. 20530 Anza Ave #5
City, State, ZIP+4® Torrance CA 90502

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 4007 5343 98

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Torrance, CA 90503
OFFICIAL USE

Certified Mail Fee $ $4.65
0158
6

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy) $ $0.00
- ☐ Return Receipt (electronic) $ $14.35
- ☒ Certified Mail Restricted Delivery $ $0.00
- ☐ Adult Signature Required $ $0.00
- ☐ Adult Signature Restricted Delivery $

Postmark Here

Postage $ $5.24
07/13/2026

Total Postage and Fees $ $24.24

Sent To Anjelique J. Bonilla
Street and Apt. No., or PO Box No. 20530 Anza Ave, #5
City, State, ZIP+4® Torrance CA 90502

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

```
        Recipient name
          JOSE A TRIPP
        Tracking #:
          9589 0710 5270 4007 5343 74
    Return Receipt                          $4.65
        Tracking #:
          9590 9402 9266 4295 3916 64
Total                                       $23.02

First-Class Mail®     1                     $5.24
Large Envelope
    Torrance, CA 90503
    Weight: 0 lb 12.30 oz
    Estimated Delivery Date
        Sat 07/18/2026
    Restricted Del                          $14.35
        Recipient name
          ANJELIQUE J BONILLA
        Tracking #:
          9589 0710 5270 4007 5343 98
    Return Receipt                          $4.65
        Tracking #:
          9590 9402 9266 4295 3916 88
Total                                       $24.24

US Flags Bklt         2      $16.40         $32.80

------------------------------------------------
Grand Total:                                $80.06
------------------------------------------------
Credit Card Remit                           $80.06
```

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

EASTERN District of PENNSYLVANIA

RECEIVED
JUN 25 2026
SUPREME COURT
EASTERN DISTRICT

GALINA M. NOVAKHOVA
*Plaintiff(s)*

v.

ANJELIQUE J. BONILLA; ALLA IZRAILOVA; JOSE ANWAR TRIPP; MICHAEL ANTHONY JIANNOTTI; THOMAS JOSEPHI NAYLOR; JUDGE CATERIA MCCABE; JUDGE VICTORIA KRISTIANSON; THEO CORNETTA CICCARELLI; PHILADELPHIA DEFENDER ASSOCIATION; DEPT. OF HUMAN SERVICES OF PHILADELPHIA CITY/COUNTY/STATE; CUA3; EL CONCILIO (DHS SUBCONTRACTOR); CARO; OCYF; TORRANCE POLICE DEPT., LA COUNTY, CA; EDISON TWP. POLICE DEPT., MIDDLESEX COUNTY NJ; DEPT. OF CHILD & FAMILY SERVICES, DCFS NJ
*Defendant(s)*

Civil Action No. 26-cv-585

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
GALINA M. NOVAKHOVA
P.O. BOX 17635
PHILADELPHIA, PA 19135
Email: galinaMN@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

*CLERK OF COURT*

Date: 5/1/26

s/Frank Del Campo
*Signature of Clerk or Deputy Clerk*

RECEIVED
JUN 25 2026
SUPREME COURT
EASTERN DISTRICT

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| **In re: Petition of** | : | No. 55 EM 2026 (Relating to: Galina M. Novakhova v. |
| **GALINA M. NOVAKHOVA,** individually and on behalf of her minor child, A.N., Petitioner. | : | Anjelique Josephine Bonilla, Docket No. 2503-V-7369, Court of Common Pleas of Philadelphia County, Family Court Division, Protection From Abuse) |

**APPLICATION FOR EXTRAORDINARY RELIEF UNDER PA.R.A.P. 3309 AND 42 Pa.C.S. § 726**

**EMERGENCY REQUEST FOR IMMEDIATE STAY**

Petitioner respectfully requests that this Court immediately stay all further proceedings in Docket No. 2503-V-7369 pending resolution of this Application, including any hearing scheduled before the Honorable Viktoria Kristiansson. Judge Kristiansson is a named defendant in Petitioner's pending federal civil rights action arising directly from her own conduct in this case. On June 24, 2026, the hearing scheduled for June 25, 2026 before Judge Kristiansson proceeded while this Application was being prepared and simultaneously while Petitioner's filings were being accepted under protest at the Family Court filing window following documented resistance by court staff. Permitting any further proceedings before a disqualified judge will compound an already compromised record with additional voidable orders. No adequate remedy exists absent this Court's immediate intervention.

2:20 A.M.

**Supreme Court of Pennsylvania**

**Miscellaneous Docket Sheet**

**Docket Number: 55 EM 2026**



**July 5, 2026**

## CAPTION

Galina M. Novakhova, Petitioner

v.

Anjelique Josephine Bonilla, The Honorable Viktoria Kristiansson, Admininstrative Judge Walter J. Olszewski, Defender Association of Philadelphia, Clerk of the Court of Common Please of Philadelphia County, Family Court Division, Respondents

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Initiating Document: | Application for Extraordinary Relief | | |
| Case Status: | Active | | |
| Journal Number: | | | |
| Case Category: | Civil | Case Type(s): | Extraordinary Relief |

## CONSOLIDATED CASES

## RELATED CASES

## COUNSEL INFORMATION

| | |
|---|---|
| Pro Se: | Novakhova, Galina M. |
| Address: | P.O. Box 17635<br>Philadelphia, PA 19135 |
| Receive Mail: | Yes |
| Pro Se: | Novakhova, Galina M., Petitioner |
| Pro Se: | Yes |
| IFP Status: | Pa.R.A.P. 553 |

| | |
|---|---|
| Pro Se: | Bonilla, Anjelique Josephine |
| Address: | 20530 Anza Ave. #5<br>Torrance, CA 90503 |
| Receive Mail: | Yes |
| Pro Se: | Bonilla, Anjelique Josephine, Respondent |
| Pro Se: | Yes |
| IFP Status: | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

GALINA M. NOVAKHOVA
*Plaintiff(s)*

v.

ANJELIQUE J. BONILLA, CARO, THEO CORNETTA CICCARELLI, CUA3, DEPT. OF CHILD & FAMILY SERVICES, DCFS NJ, DEPT. OF HUMAN SERVICES OF PHILADELPHIA CITY/COUNTY/STATE, EDISON TWP. POLICE DEPT., MIDDLESEX COUNTY NJ, EL CONCILIO, ALLA IZRAILOVA, MICHAEL ANTHONY JIANNOTTI, VICTORIA KRISTIANSON, CATERIA MCCABE, THOMAS JOSEPH NAYLOR, OCYF, PHILADELPHIA DEFENDER ASSOCIATION, TORRANCE POLICE DEPT., LA COUNTY, CA, JOSE ANWAR TRIPP, CITY OF PHILADELPHIA (IN OFFICIAL CAPACITY); CITY OF PHILADELPHIA POLICE DEPARTMENT (IN OFFICIAL CAPACITY).
*Defendant(s)*

Civil Action No. 26-585

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Jose Anwar Tripp

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
GALINA M. NOVAKHOVA
Galina M Novakhova
PO BOX 17635
Philadelphia, PA 19135

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 7/2/2026

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

s/Joseph Gerard Gerald Lavin
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

GALINA M. NOVAKHOVA
*Plaintiff(s)*
v.
ANJELIQUE J. BONILLA, CARO, THEO CORNETTA CICCARELLI, CUA3, DEPT. OF CHILD & FAMILY SERVICES, DCFS NJ, DEPT. OF HUMAN SERVICES OF PHILADELPHIA CITY/COUNTY/STATE, EDISON TWP. POLICE DEPT., MIDDLESEX COUNTY NJ, EL CONCILIO, ALLA IZRAILOVA, MICHAEL ANTHONY JIANNOTTI, VICTORIA KRISTIANSON, CATERIA MCCABE, THOMAS JOSEPH NAYLOR, OCYF, PHILADELPHIA DEFENDER ASSOCIATION, TORRANCE POLICE DEPT., LA COUNTY, CA, JOSE ANWAR TRIPP, CITY OF PHILADELPHIA (IN OFFICIAL CAPACITY); CITY OF PHILADELPHIA POLICE DEPARTMENT (IN OFFICIAL CAPACITY).
*Defendant(s)*

Civil Action No. 26-585

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
City of
Torrance Clerk

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
GALINA M. NOVAKHOVA
Galina M Novakhova
PO BOX 17635
Philadelphia, PA 19135

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: 7/2/2026

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

*CLERK OF COURT*

s/Joseph Gerard Gerald Lavin
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

GALINA M. NOVAKHOVA
*Plaintiff(s)*

v.

ANJELIQUE J. BONILLA, CARO, THEO CORNETTA CICCARELLI, CUA3, DEPT. OF CHILD & FAMILY SERVICES, DCFS NJ, DEPT. OF HUMAN SERVICES OF PHILADELPHIA CITY/COUNTY/STATE, EDISON TWP. POLICE DEPT., MIDDLESEX COUNTY NJ, EL CONCILIO, ALLA IZRAILOVA, MICHAEL ANTHONY JIANNOTTI, VICTORIA KRISTIANSON, CATERIA MCCABE, THOMAS JOSEPH NAYLOR, OCYF, PHILADELPHIA DEFENDER ASSOCIATION, TORRANCE POLICE DEPT., LA COUNTY, CA, JOSE ANWAR TRIPP, CITY OF PHILADELPHIA (IN OFFICIAL CAPACITY); CITY OF PHILADELPHIA POLICE DEPARTMENT (IN OFFICIAL CAPACITY).
*Defendant(s)*

Civil Action No. 26-585

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Anjelique Josephine Bonilla

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
GALINA M. NOVAKHOVA
Galina M Novakhova
PO BOX 17635
Philadelphia, PA 19135

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 7/2/2026

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

s/Joseph Gerard Gerald Lavin
*Signature of Clerk or Deputy Clerk*

CODE OF CIVIL PROCEDURE - CCP
PART 2. OF CIVIL ACTIONS [307 - 1062.34] *( Part 2 enacted 1872. )*
TITLE 5. JURISDICTION AND SERVICE OF PROCESS [410.10 - 418.11] *( Title 5 added by Stats. 1969, Ch. 1610. )*
CHAPTER 4. Service of Summons [413.10 - 417.40] *( Chapter 4 added by Stats. 1969, Ch. 1610. )*

**ARTICLE 3. Manner of Service of Summons [415.10 - 415.95]** *( Article 3 added by Stats. 1969, Ch. 1610. )*

**415.30.** (a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.

(b) The notice specified in subdivision (a) shall be in substantially the following form:

To:ANJELIQUE JOSEPHINE BONILLA

This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons.

| Signature of sender [signature] | 7/5/2026 |
| --- | --- |

This acknowledges receipt on JULY 5, 2026 of a copy of the summons and of the complaint at 20530 ANZA AVE. APT.5 TORRANCE, CA 90503

| |
| --- |
| Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person |

(c) Service of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender.

(d) If the person to whom a copy of the summons and of the complaint are mailed pursuant to this section fails to complete and return the acknowledgement form set forth in subdivision (b) within 20 days from the date of such mailing, the party to whom the summons was mailed shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method permitted by this chapter, and, except for good cause shown, the court in which the action is pending, upon motion, with or without notice, shall award the party such expenses whether or not he is otherwise entitled to recover his costs in the action.

(e) A notice or acknowledgment of receipt in form approved by the Judicial Council is deemed to comply with this section.

*(Added by Stats. 1969, Ch. 1610.)*

CODE OF CIVIL PROCEDURE - CCP
PART 2. OF CIVIL ACTIONS [307 - 1062.34] *( Part 2 enacted 1872. )*
TITLE 5. JURISDICTION AND SERVICE OF PROCESS [410.10 - 418.11] *( Title 5 added by Stats. 1969, Ch. 1610. )*
CHAPTER 4. Service of Summons [413.10 - 417.40] *( Chapter 4 added by Stats. 1969, Ch. 1610. )*

**ARTICLE 3. Manner of Service of Summons [415.10 - 415.95]** *( Article 3 added by Stats. 1969, Ch. 1610. )*

**415.30.** (a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.

(b) The notice specified in subdivision (a) shall be in substantially the following form:

To:ANJELIQUE JOSEPHINE BONILLA

This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons.

| Signature of sender [signature] | 7/5/2026 |
|---|---|

This acknowledges receipt on JULY 5, 2026 of a copy of the summons and of the complaint at 20530 ANZA AVE. APT.5 TORRANCE, CA 90503

| |
|---|
| Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person |

(c) Service of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender.

(d) If the person to whom a copy of the summons and of the complaint are mailed pursuant to this section fails to complete and return the acknowledgement form set forth in subdivision (b) within 20 days from the date of such mailing, the party to whom the summons was mailed shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method permitted by this chapter, and, except for good cause shown, the court in which the action is pending, upon motion, with or without notice, shall award the party such expenses whether or not he is otherwise entitled to recover his costs in the action.

(e) A notice or acknowledgment of receipt in form approved by the Judicial Council is deemed to comply with this section.

*(Added by Stats. 1969, Ch. 1610.)*

CODE OF CIVIL PROCEDURE - CCP

PART 2. OF CIVIL ACTIONS [307 - 1062.34] *( Part 2 enacted 1872. )*

TITLE 5. JURISDICTION AND SERVICE OF PROCESS [410.10 - 418.11] *( Title 5 added by Stats. 1969, Ch. 1610. )*

CHAPTER 4. Service of Summons [413.10 - 417.40] *( Chapter 4 added by Stats. 1969, Ch. 1610. )*

**ARTICLE 3. Manner of Service of Summons [415.10 - 415.95]** *( Article 3 added by Stats. 1969, Ch. 1610. )*

**415.30.** (a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.

(b) The notice specified in subdivision (a) shall be in substantially the following form:

To:**CITY OF TORRANCE CLERK**

This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons.

| |
|---|
| Signature of sender [signature] |

7/5/2026

This acknowledges receipt on **JULY** 5 **2026** of a copy of the summons and of the complaint at **3031 Torrance Blvd, Torrance, CA 9050**

| |
|---|
| Date:(Date this acknowledgement is executed) |
| Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person |

(c) Service of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender.

(d) If the person to whom a copy of the summons and of the complaint are mailed pursuant to this section fails to complete and return the acknowledgement form set forth in subdivision (b) within 20 days from the date of such mailing, the party to whom the summons was mailed shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method permitted by this chapter, and, except for good cause shown, the court in which the action is pending, upon motion, with or without notice, shall award the party such expenses whether or not he is otherwise entitled to recover his costs in the action.

(e) A notice or acknowledgment of receipt in form approved by the Judicial Council is deemed to comply with this section.

*(Added by Stats. 1969, Ch. 1610.)*

CODE OF CIVIL PROCEDURE - CCP
PART 2. OF CIVIL ACTIONS [307 - 1062.34] *( Part 2 enacted 1872. )*
TITLE 5. JURISDICTION AND SERVICE OF PROCESS [410.10 - 418.11] *( Title 5 added by Stats. 1969, Ch. 1610. )*
CHAPTER 4. Service of Summons [413.10 - 417.40] *( Chapter 4 added by Stats. 1969, Ch. 1610. )*

**ARTICLE 3. Manner of Service of Summons [415.10 - 415.95]** *( Article 3 added by Stats. 1969, Ch. 1610. )*

**415.30.** (a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.

(b) The notice specified in subdivision (a) shall be in substantially the following form:

To: **CITY OF TORRANCE CLERK**

This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons.

| Signature of sender [signature] | 7/5/2026 |
|---|---|

This acknowledges receipt on **JULY** 5 **2026** of a copy of the summons and of the complaint at **3031 Torrance Blvd, Torrance, CA 9050**

| Date:(Date this acknowledgement is executed) |
|---|
| Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person |

(c) Service of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender.

(d) If the person to whom a copy of the summons and of the complaint are mailed pursuant to this section fails to complete and return the acknowledgement form set forth in subdivision (b) within 20 days from the date of such mailing, the party to whom the summons was mailed shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method permitted by this chapter, and, except for good cause shown, the court in which the action is pending, upon motion, with or without notice, shall award the party such expenses whether or not he is otherwise entitled to recover his costs in the action.

(e) A notice or acknowledgment of receipt in form approved by the Judicial Council is deemed to comply with this section.

*(Added by Stats. 1969, Ch. 1610.)*

CODE OF CIVIL PROCEDURE - CCP
PART 2. OF CIVIL ACTIONS [307 - 1062.34] *( Part 2 enacted 1872. )*
TITLE 5. JURISDICTION AND SERVICE OF PROCESS [410.10 - 418.11] *( Title 5 added by Stats. 1969, Ch. 1610. )*
CHAPTER 4. Service of Summons [413.10 - 417.40] *( Chapter 4 added by Stats. 1969, Ch. 1610. )*

**ARTICLE 3. Manner of Service of Summons [415.10 - 415.95]** *( Article 3 added by Stats. 1969, Ch. 1610. )*

**415.30.** (a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.

(b) The notice specified in subdivision (a) shall be in substantially the following form:

To: **JOSE ANWAR TRIPP**

This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons.

| Signature of sender | [signature] |
|---|---|

7/5/2026

This acknowledges receipt on **JULY** 5 **2026** of a copy of the summons and of the complaint at **20530 ANZA AVE APT.5 TORRANCE, CA 90503**

| |
|---|
| Date: (Date this acknowledgement is executed) |
| Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person |

(c) Service of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender.

(d) If the person to whom a copy of the summons and of the complaint are mailed pursuant to this section fails to complete and return the acknowledgement form set forth in subdivision (b) within 20 days from the date of such mailing, the party to whom the summons was mailed shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method permitted by this chapter, and, except for good cause shown, the court in which the action is pending, upon motion, with or without notice, shall award the party such expenses whether or not he is otherwise entitled to recover his costs in the action.

(e) A notice or acknowledgment of receipt in form approved by the Judicial Council is deemed to comply with this section.

*(Added by Stats. 1969, Ch. 1610.)*

CODE OF CIVIL PROCEDURE - CCP

PART 2. OF CIVIL ACTIONS [307 - 1062.34] *( Part 2 enacted 1872. )*

TITLE 5. JURISDICTION AND SERVICE OF PROCESS [410.10 - 418.11] *( Title 5 added by Stats. 1969, Ch. 1610. )*

CHAPTER 4. Service of Summons [413.10 - 417.40] *( Chapter 4 added by Stats. 1969, Ch. 1610. )*

**ARTICLE 3. Manner of Service of Summons [415.10 - 415.95]** *( Article 3 added by Stats. 1969, Ch. 1610. )*

**415.30.** (a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.

(b) The notice specified in subdivision (a) shall be in substantially the following form:

To:**JOSE ANWAR TRIPP**

This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons.

| Signature of sender | [signature] |
|---|---|

7/5/2026

This acknowledges receipt on **JULY 5 2026** of a copy of the summons and of the complaint at **20530 ANZA AVE APT.5 TORRANCE, CA 90503**

| |
|---|
| Date:(Date this acknowledgement is executed) |
| Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person |

(c) Service of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender.

(d) If the person to whom a copy of the summons and of the complaint are mailed pursuant to this section fails to complete and return the acknowledgement form set forth in subdivision (b) within 20 days from the date of such mailing, the party to whom the summons was mailed shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method permitted by this chapter, and, except for good cause shown, the court in which the action is pending, upon motion, with or without notice, shall award the party such expenses whether or not he is otherwise entitled to recover his costs in the action.

(e) A notice or acknowledgment of receipt in form approved by the Judicial Council is deemed to comply with this section.

*(Added by Stats. 1969, Ch. 1610.)*

Gmail

Galina N <galinamn@gmail.com>

**Novakhova v. Bonilla, et al., Case No. 2:26-cv-00585-CFK (E.D. Pa.) Notice of Service of Summons and Verified Emergency Complaint Upon Judge Cateria McCabe and Judge Viktoria Kristiansson**

1 message

**Galina M. Novahova** <galinamn@gmail.com> Wed, Jul 22, 2026 at 7:30 AM
To: Michael Daley Esq AOPC <michael.daley@pacourts.us>

***GALINA M. NOVAKHOVA***
P.O. BOX 17635
PHILADELPHIA, PA 19135
GalinaMN@gmail.com

July 22, 2026

Michael Daley, Esquire
Administrative Office of Pennsylvania Courts
1515 Market Street, Suite 1414
Philadelphia, Pennsylvania 19102
Michael.Daley@pacourts.us

**Re:** *Novakhova v. Bonilla, et al.*, Case No. 2:26-cv-00585-CFK (E.D. Pa.) Notice of Service of Summons and Verified Emergency Complaint Upon Judge Cateria McCabe and Judge Viktoria Kristiansson

Dear Mr. Daley:

Enclosed for your records is a copy of the notice previously transmitted to the judicial officers and court personnel identified therein. I am providing this correspondence to you because I understand that you represent the judicial officers identified below in connection with this matter.

I am the pro se Plaintiff in the above-referenced federal civil rights action pending before the Honorable Chad F. Kenney in the United States District Court for the Eastern District of Pennsylvania.

The operative pleadings in this matter are the Emergency Verified Motion for Temporary Restraining Order, Preliminary Injunction, Writ of Habeas Corpus, and Mandamus (ECF No. 3, filed January 28, 2026), filed together with the Verified Emergency Complaint (ECF No.

8). ECF No. 21, a Verified Emergency Complaint filed May 1, 2026, remains pending on the Court's docket.

On May 14, 2026, I transmitted to each of the defendants and relevant parties, including the judicial officers identified below, true and correct copies of the Summons issued by the Clerk of Court (ECF No. 24), ECF No. 3, and ECF No. 21 via United States Postal Service Certified Mail, Restricted Delivery, Return Receipt Requested. On July 2, 2026, the Court issued an Amended Summons (ECF No. 51) pursuant to the Court's Order (ECF No. 50). Copies of relevant pleadings and the Amended Summons are enclosed herewith.

The United States Postal Service has confirmed delivery of the Summons and complaint to both judicial officers at the First Judicial District, City Hall, Room 686, Legal Department, Philadelphia, Pennsylvania, as follows:

Judge Cateria McCabe. USPS Certified Mail Tracking No. 7020 2450 0000 6052 9280. Delivered May 19, 2026 at 2:31 PM. Signed by M. Faulkner at City Hall, Room 686, Philadelphia, Pennsylvania 19107. Confirmed by USPS Product Tracking and Reporting Intranet records (ECF No. 31-1, Exhibit A-2).

Judge Viktoria Kristiansson. USPS Certified Mail Tracking No. 9589 0710 5270 3399 7106 01. Delivered May 26, 2026 at 2:30 PM. Signed by M. Faulkner at City Hall, Room 686, Philadelphia, Pennsylvania 19107. Confirmed by USPS Product Tracking and Reporting Intranet records (ECF No. 31-1, Exhibit A-1).

The following documents are enclosed with this letter:

ECF No. 3 Emergency Verified Motion for Temporary Restraining Order, Preliminary Injunction, Writ of Habeas Corpus, and Mandamus (filed January 28, 2026)

ECF No. 21 Verified Emergency Complaint (filed May 1, 2026)

ECF No. 24 Summons Issued by Clerk of Court

ECF No. 51 Amended Summons (issued July 2, 2026)

ECF No. 29-1 USPS Certified Mail Receipts and Mailing Documentation (Exhibit A)

ECF No. 31-1 USPS Intranet Tracking Records and Return Receipts (Exhibits A and C)

Nothing in this correspondence shall be construed as a waiver of any claim, defense, objection, remedy, or right.

Respectfully submitted,

/s/ Galina M. Novakhova

**Galina M. Novakhova**
Plaintiff, Pro Se

All Rights Reserved Without Prejudice

--
*Galina M. Novahova*

*(404) 936-0467*

**Reservation of Rights:** Nothing contained in this communication shall be construed as a waiver, release, admission, concession, consent, stipulation, election of remedies, or relinquishment of any claim, defense, privilege, immunity, objection, procedural right, appellate right, or other legal or equitable remedy. All rights are expressly reserved.

Notice: this message is a private/privileged communication, intended for the recipient only. No content is to be construed as any type of legal or other advice or counsel in any way, shape or form. Any information is solely informal, personal dialogue or opinion as of the type between friends or acquaintances. The sender of this message shall not be liable for any use, misuse, or distribution of the content herein. If you are not the intended recipient, delete this message and any and all attachments. Notice to Principal is Notice to Agent / Notice to Agent is Notice to Principal. With explicit reservation of all My rights, without prejudice and without recourse to any of My rights.

ECF 29_1 EXHIBITS CERTIFIED MAIL RESTRI…

**6 attachments**

**ECF 24 SUMMONS.pdf**
320K

**ECF 3 motion filed 01-28-2026.pdf**
366K

**ECF 21 MOTION AND COMPLAINT for Temporary Restraining Order and Preliminary Injunction 05-01-2026.pdf**
1005K

**ECF 31-1 USPS CMRD EXHIBITS.pdf**
5655K

**ECF 51 SUMMONS - AMMENDED.pdf**
324K

**07-22-2026 NOTICE OF SERVICE and AKNOWLEDGEMENT - Email Letter to Michael Daley AOPC Counsel of Record for Judges Mccabe, Kristiansson and Family court.pdf**
148K

***GALINA M. NOVAKHOVA***
P.O. BOX 17635
PHILADELPHIA, PA 19135
GalinaMN@gmail.com

July 22, 2026

Michael Daley, Esquire
Administrative Office of Pennsylvania Courts
1515 Market Street, Suite 1414
Philadelphia, Pennsylvania 19102
Michael.Daley@pacourts.us

**Re:** *Novakhova v. Bonilla, et al.*, Case No. 2:26-cv-00585-CFK (E.D. Pa.) Notice of Service of Summons and Verified Emergency Complaint Upon Judge Cateria McCabe and Judge Viktoria Kristiansson

Dear Mr. Daley:

Enclosed for your records is a copy of the notice previously transmitted to the judicial officers and court personnel identified therein. I am providing this correspondence to you because I understand that you represent the judicial officers identified below in connection with this matter.

I am the pro se Plaintiff in the above-referenced federal civil rights action pending before the Honorable Chad F. Kenney in the United States District Court for the Eastern District of Pennsylvania.

The operative pleadings in this matter are the Emergency Verified Motion for Temporary Restraining Order, Preliminary Injunction, Writ of Habeas Corpus, and Mandamus (ECF No. 3, filed January 28, 2026), filed together with the Verified Emergency Complaint (ECF No. 8). ECF No. 21, a Verified Emergency Complaint filed May 1, 2026, remains pending on the Court's docket.

On May 14, 2026, I transmitted to each of the defendants and relevant parties, including the judicial officers identified below, true and correct copies of the Summons issued by the Clerk of Court (ECF No. 24), ECF No. 3, and ECF No. 21 via United States Postal Service Certified Mail, Restricted Delivery, Return

Receipt Requested. On July 2, 2026, the Court issued an Amended Summons (ECF No. 51) pursuant to the Court's Order (ECF No. 50). Copies of relevant pleadings and the Amended Summons are enclosed herewith.

The United States Postal Service has confirmed delivery of the Summons and complaint to both judicial officers at the First Judicial District, City Hall, Room 686, Legal Department, Philadelphia, Pennsylvania, as follows:

Judge Cateria McCabe. USPS Certified Mail Tracking No. 7020 2450 0000 6052 9280. Delivered May 19, 2026 at 2:31 PM. Signed by M. Faulkner at City Hall, Room 686, Philadelphia, Pennsylvania 19107. Confirmed by USPS Product Tracking and Reporting Intranet records (ECF No. 31-1, Exhibit A-2).

Judge Viktoria Kristiansson. USPS Certified Mail Tracking No. 9589 0710 5270 3399 7106 01. Delivered May 26, 2026 at 2:30 PM. Signed by M. Faulkner at City Hall, Room 686, Philadelphia, Pennsylvania 19107. Confirmed by USPS Product Tracking and Reporting Intranet records (ECF No. 31-1, Exhibit A-1).

The following documents are enclosed with this letter:

ECF No. 3 Emergency Verified Motion for Temporary Restraining Order, Preliminary Injunction, Writ of Habeas Corpus, and Mandamus (filed January 28, 2026)

ECF No. 21 Verified Emergency Complaint (filed May 1, 2026)

ECF No. 24 Summons Issued by Clerk of Court

ECF No. 51 Amended Summons (issued July 2, 2026)

ECF No. 29-1 USPS Certified Mail Receipts and Mailing Documentation (Exhibit A)

ECF No. 31-1 USPS Intranet Tracking Records and Return Receipts (Exhibits A and C)

Nothing in this correspondence shall be construed as a waiver of any claim, defense, objection, remedy, or right.

Respectfully submitted,

/s/ Galina M. Novakhova

**Galina M. Novakhova**
Plaintiff, Pro Se

All Rights Reserved Without Prejudice

Received 07/13/2026 03:01 PM Supreme Court Eastern District

Filed 07/13/2026 03:01 PM Supreme Court Eastern District
55 EM 2026

**IN THE SUPREME COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Galina M. Novakhova, Petitioner | : | 55 EM 2026 |
| | : | |
| v. | : | |
| Anjelique Josephine Bonilla, The Honorable Viktoria Kristiansson, Admininstrative Judge Walter J. Olszewski, Defender Association of Philadelphia, Clerk of the Court of Common Please of Philadelphia County, Family Court Division, Respondents | | |

**PROOF OF SERVICE**

I hereby certify that this 14th day of July, 2026, I have served the attached document(s) to the persons on the date(s) and in the manner(s) stated below, which service satisfies the requirements of Pa.R.A.P. 121:

**Service**

Served: Bonilla, Anjelique Josephine
Service Method: First Class Mail
Service Date: 7/14/2026
Address: 20530 Anza Ave. #5
Torrance, CA 90503
Pro Se: Respondent Bonilla, Anjelique Josephine

Served: Marcus, Aaron Joshua
Service Method: eService
Email: amarcus@philadefender.org
Service Date: 7/13/2026
Address: 1441 Sansom St
8th Floor
Philadelphia, PA 19102
Phone: 267-765-6760
Representing: Respondent Defender Association of Philadelphia

Served: Novakhova, Galina M.
Service Method: eService
Email: Galinamn@gmail.com
Service Date: 7/13/2026
Address: Po box
Philadelphia, PA 19135
Phone: 404-936-0467
Pro Se: Petitioner Novakhova, Galina M.

**IN THE SUPREME COURT OF PENNSYLVANIA**

**PROOF OF SERVICE**

*(Continued)*

/s/ Michael Daley

*(Signature of Person Serving)*

| | |
|---|---|
| Person Serving: | Daley, Michael |
| Attorney Registration No: | 077212 |
| Law Firm: | Administrative Office of Pennsylvania Courts |
| Address: | Admin Office Of Pa Courts<br>1515 Market St Ste 1414<br>Philadelphia, PA 19102 |
| Representing: | Respondent Clerk of the Court of Common Pleas of Philadelphia County, Family Court Division<br>Respondent Kristiansson, Viktoria<br>Respondent Olszewski, Walter J. |

**Galina M. Novakhova**
P.O. Box 17635
Philadelphia, PA 19135
GalinaMN@gmail.com

July 20, 2026

Steven Rothermel
Office of the Prothonotary
Supreme Court of Pennsylvania, Eastern District
468 City Hall, Philadelphia, PA 19107

**Re: Novakhova v. Bonilla, et al., No. 55 EM 2026 in Re DC No. 2503-V-7369**

Dear Mr. Steven Rothermel:

Thank you for the updates concerning my case. I am writing because I want to make sure I understand what happens next and what I need to file, if anything. I am representing myself, so I am trying to follow the correct procedure without filing the wrong document or sending the Court papers it cannot use.

The docket shows that counsel for Judge Kristiansson, Judge Olszewski, and the Clerk filed a No Answer Letter on July 13, 2026. My understanding is that they are not filing an answer to my Application for Extraordinary Relief and that I may continue pursuing the remedies I requested under Pa.R.A.P. 3309 and 42 Pa.C.S. § 726.

Since I filed my Application, I have received additional records from California, including body-worn-camera evidence that directly relates to the issues I raised concerning Anjelique Bonilla and my minor child. This evidence includes interstate communications involving Pennsylvania, New Jersey, and California; references by the Respondent to a Pennsylvania "legal team"; and the Respondent's use of a notarized private letter, instead of an identified court order, to justify the continued withholding of my child.

I also need to understand the correct procedure for the contempt issues involving Anjelique Bonilla. My Application explains that a contempt rule signed in 2025 was never heard and that I later submitted several contempt and modification petitions concerning the continued violations of the Protection From Abuse Order and the continued withholding of my child. I need to know whether the contempt

issues will be considered as part of my pending Application or whether I need to file something separately asking the Supreme Court to direct the Family Court, Criminal Division, to schedule and hear those matters.

Could you please kindly let me know the following:

1. Has the time for all Respondents to answer now passed?
2. Has my Application been distributed to the Justices for consideration under Pa.R.A.P. 3309?
3. Should I file a supplemental application, verified statement, chronology of events, exhibits, or another type of document to place the newly received evidence before the Court?
4. Do I need permission from the Court before filing any supplemental materials?
5. What PACFile or UJS filing category should I use for that submission?
6. Should the unresolved civil contempt and indirect criminal contempt issues be addressed within No. 55 EM 2026, or do I need to file a separate request in the Family Court, Criminal Division?
7. Records-access departments and staff have continued to deny or fail to fulfill my requests. What is the proper procedure for requesting subpoenas or other court-authorized process through this proceeding to obtain those records?
8. What is the proper procedure for asking the Court to add additional Respondents whose conduct is directly related to the matters raised in my Application?

I understand that you cannot give legal advice. I am only asking for procedural guidance so that I can understand what document I should file next, where it should be filed, and how to make sure the Court receives the information in the correct form.

Thank you for your time, consideration, and help in understanding the next procedural step.

Best regards,

/s/ Galina M. Novakhova
*Plaintiff, Pro Se*

9589 0710 5270 4007 5345 10

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

Philadelphia, PA 19107
OFFICIAL USE

| | | |
|---|---|---|
| Certified Mail Fee | $ $5.55 | 0158 |
| | $4.65 | 31 |
| Extra Services & Fees (*check box, add fee as appropriate*) | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | JUL 2 0 2026 |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $ $0.82 | |
| Total Postage and Fees | $ $11.02 | 07/20/2026 |

Sent To: Mr. Steven Rothermel
Street and Apt. No., or PO Box No.: 468 City Hall – Supreme PAED
City, State, ZIP+4®: Phila, PA 19107

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

UNITED STATES POSTAL SERVICE

TACONY
4620 LONGSHORE AVE
PHILADELPHIA, PA 19135-9998
www.usps.com

07/20/2026 11:30 AM

TRACKING NUMBERS
9589 0710 5270 4007 5345 10

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Letter | 1 | | $0.82 |
| Philadelphia, PA 19107 | | | |
| Weight: 0 lb 0.60 oz | | | |
| Estimated Delivery Date | | | |
| Wed 07/22/2026 | | | |
| Certified Mail® | | | $5.55 |
| Tracking #: 9589 0710 5270 4007 5345 10 | | | |
| Return Receipt | | | $4.65 |
| Tracking #: 9590 9402 5415 0303 8655 64 | | | |
| Total | | | $11.02 |

| | |
|---|---|
| Grand Total: | $11.02 |
| Credit Card Remit | $11.02 |

Card Name: VISA

Help

# Product Tracking & Reporting

UNITED STATES POSTAL SERVICE

## USPS Tracking Intranet

## Delivery Signature and Address

1. Do not share information from this site outside of USPS. It is intended for USPS employee use only

2. Employees may see some items with only events in the tracking record. This is an indication that the tracking number was part of problem where the USPS Label Creation API created the same label number multiple times. This led to a confusing tracking experience, so tracking has been suppressed. Reference these tickets for more info: INC0000...676253, INC000010539853, INC000010866591.

**Tracking Number: 9589 0710 5270 4007 5345 10**

**This item was delivered on 07/23/2026 at 1_:07:00**

< Return to Tracking Number View



Enter up to 35 items separated by commas.

Submit

Product Tracking & Reporting, All Rights Reserved
Version: 23.4.1-0...e7f7c2

**File Copy**

# Supreme Court of Pennsylvania

Eastern District

Steven Rothermel, Esq.
Deputy Prothonotary
Darian Holland
Chief Clerk

468 City Hall
Philadelphia, PA 19107
(215) 560-6370
Fax:(215) 560-5972
www.pacourts.us

July 24, 2026

RE: In re: Pet. of: Novakhova, G.
No. 55 EM 2026
Lower Appellate Court Docket No:
Agency/Trial Court Docket No:

Dear Galina M. Novakhova

This is to acknowledge receipt of your letter regarding docket number 55 EM 2026 on July 23, 2026. Please note that this is only a filing office, and this office cannot provide legal advice. Additionally, please note that an order was entered on July 23, 2026, denying your "Application for Extraordinary Relief." A copy of the order is enclosed. No further action will be taken with respect to your letter. Thank you for your attention in this matter.

Very truly yours,

Office of the Prothonotary

/dl

cc: Michael Daley, Esq.
Aaron Joshua Marcus, Esq., Chair

Docket No: 55 EM 2026

**File Copy**

AOPC 1258
Rev. 07/24/2026
Instance: 2069568365

# Service List

| | | |
|---|---|---|
| Addressed To: | Galina M. Novakhova<br>P.O. Box 17635<br>Philadelphia, PA 19135 | PACFile Notified |
| Carbon Copied To: | Michael Daley, Esq.<br>Administrative Office of Pennsylvania Courts<br>Admin Office Of Pa Courts<br>1515 Market St Ste 1414<br>Philadelphia, PA 19102 | PACFile Notified |
| | Aaron Joshua Marcus, Esq.<br>Chair<br>Defender Association of Philadelphia<br>Defender Assoc Of Phila<br>1441 Sansom St Ste 817<br>Philadelphia, PA 19102 | PACFile Notified |

Gmail

Galina N <galinamn@gmail.com>

# Police Records Request :: P000458-062526

1 message

**City of Torrance Public Records Center** <torranceca@mycusthelp.net> Fri, Jul 17, 2026 at 8:18 PM
To: "galinamn@gmail.com" <galinamn@gmail.com>

**Attachments:**
250023475.zip
250046998_1.zip
250046998_2.zip
250047359_1.zip
250047359_2.zip
250047446_1.zip
250047446_2.zip
250047446_3.zip

--- Please respond above this line ---

RE: Police Records Request: P000458-062526
Date Submitted: 6/25/2026

Dear Requester:

I've attached zip files to this email for each request, hopefully you will be able to download them.
Thank you for notifying us, as we are looking into the online system to see what the issue is.
DR 250023475 - No additional records exist; all responsive records were provided
DR 250046998 - No additional records exist; all responsive records were provided
DR 250047359 - No additional records exist; all responsive records were provided

Possible additional responsive records are still undergoing review and/or are not yet releasable. Those records will be reviewed for release and provided in subsequent installments as appropriate, in accordance with the California Public Records Act.

Your request will remain open until all responsive, disclosable records have been released or a final determination has been made.

Thank you for your interest in the Torrance Police Department.

Melissa Matts
Torrance PD

Received 07/29/2026 03:52 PM Supreme Court Eastern District

Gmail

Filed 07/29/2026 03:52 PM Supreme Court Eastern District
55 EM 2026
Galina N <galinamn@gmail.com>

# NOTICE OF SERVICE JULY 29 2026 - Service of Court Filings — No. 55 EM 2026 — Supreme Court of Pennsylvania

3 messages

**Galina M. Novahova** <galinamn@gmail.com> Wed, Jul 29, 2026 at 3:30 PM
To: Anjie ❤ <Anjelique.bonilla01@gmail.com>
Cc: Anjelique Bonilla <ajbonilla28@icloud.com>, anjeliquebonilla28@gmail.com, Anjie ❤ <anjeliquebonilla@gmail.com>, Anjie ❤ <Angeliquebonilla28@icloud.com>

Anjelique Josephine Bonilla,

This email serves as notice that today, July 29, 2026, I filed and served the following documents in the Supreme Court of Pennsylvania, Case No. 55 EM 2026:

1. Application for Leave to File an Overlength Application for Re-Argument
2. Petitioner's Application for Re-Argument of the July 23, 2026 Order

Both filings were submitted through PACFile and accepted by the Supreme Court Eastern District today. You were served by email at this address as reflected in the official Proof of Service filed with the Court.

These filings are part of the active case, Novakhova v. Bonilla, et al., No. 55 EM 2026, currently before the Supreme Court of Pennsylvania.

Truly yours,

Galina M. Novakhova
Petitioner, Pro Se
P.O. Box 17635
Philadelphia, PA 19135

--
***Galina M. Novahova***

***(404) 936-0467***

**Reservation of Rights:** Nothing contained in this communication shall be construed as a waiver, release, admission, concession, consent, stipulation, election of remedies, or relinquishment of any claim, defense, privilege, immunity, objection, procedural right, appellate right, or other legal or equitable remedy. All rights are expressly reserved.

Notice: this message is a private/privileged communication, intended for the recipient only. No content is to be construed as any type of legal or other advice or counsel in any way, shape or form. Any information is solely informal, personal dialogue or opinion as of the type between friends or acquaintances. The sender of this message shall not be liable for any use, misuse, or distribution of the content herein. If you are not the intended recipient, delete this message and any and all attachments. Notice to Principal is Notice to Agent / Notice to Agent is Notice to Principal. With explicit reservation of all My rights, without prejudice and without recourse to any of My rights.

**14 attachments**

**07-29-2026 RECEIVED - Motion for Reconsideration No. 55-EM-2026 NOVAKHOVA v. BONILLA, et al.pdf**
251K

**07-29-2026 RECEIVED - APPLICATION FOR LEAVE TO FILE AN OVERLENGTH APPLICATION FOR RE-ARGUMENT No. 55-EM-2026.pdf**
205K

**07-29-2026 Proof of Service - APPLICATION FOR LEAVE TO FILE AN OVERLENGTH APPLICATION FOR RE-ARGUMENT No. 55-EM-2026.pdf**
84K

**07-22-2026 4th NOTICE OF SERVICE and AKNOWLEDGEMENT - Email Letter to Aaron Marcus Counsel of Record for Defenders Assoc and Theo Cornetta.pdf**
180K

**07-22-2026 NOTICE OF SERVICE and AKNOWLEDGEMENT - Email Letter to Michael Daley AOPC Counsel of Record for Judges Mccabe, Kristiansson and Family court.pdf**
148K

**07-13-2026 JOSE ANWAR TRIPP Notice_and_Acknowledgment_of_Receipt_Form_982(a)(4)1.pdf**
41K

**07-13-2026 USPS CERTIFID MAIL RESTRICTED DELIVERY RECEIPTS BONILLA, TRIPP.pdf**
1894K

**07-05-2026 KING'S BENCH EXTRAORDINARY RELIEF No. 55-EM-2026 FILED 06-25-26, ECF 24 AND 51 SUMMONS ISSUED TO ANJELIQUE BONILLA - CIVIL SERVICE CALIFORNIA 2-26-cv-585-cfk.pdf**
1917K

**07-05-2026 ECF 51 SUMMONS ISSUED TO ANJELIQUE BONILLA - CIVIL SERVICE CALIFORNIA 2-26-cv-585-cfk.pdf**
2012K

**07-05-2026 ECF 51 SUMMONS ISSUED TO JOSE TRIPP - CIVIL SERVICE CALIFORNIA 2-26-cv-585-cfk.pdf**
2012K

**07-05-2026 POS-015 JOSE TRIPP signed by Andy - CIVIL SERVICE CALIFORNIA 2-26-cv-585-cfk.pdf**
1376K

**07-05-2026 POS-015 ANJELIQUE BONILLA signed by Andy - CIVIL CALIFORNIA 2-26-cv-585-cfk.pdf**
4208K

**07-05-2026 USPS CMRD ANJELIQUE BONILLA.pdf**
909K

**07-05-2026 USPS CMRD JOSE TRIPP.pdf**
91K

---

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com> Wed, Jul 29, 2026 at 3:31 PM
To: galinamn@gmail.com

## Recipient inbox full

Your message couldn't be delivered to **ajbonilla28@icloud.com**. Their inbox is full, or it's getting too much mail right now.

The response from the remote server was:

```
552 5.2.2 : user is over quota
```

Final-Recipient: rfc822; ajbonilla28@icloud.com
Action: failed
Status: 5.2.2
Remote-MTA: dns; mx02.mail.icloud.com. (17.57.152.5, the server for the domain icloud.com.)
Diagnostic-Code: smtp; 552 5.2.2 <ajbonilla28@icloud.com>: user is over quota
Last-Attempt-Date: Wed, 29 Jul 2026 12:31:03 -0700 (PDT)

---

**noname**
5K

---

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com> Wed, Jul 29, 2026 at 3:31 PM
To: galinamn@gmail.com

## Address not found

Your message wasn't delivered to **Angeliquebonilla28@icloud.com** because the address couldn't be found, or is unable to receive mail.

The response from the remote server was:

```
550 5.1.1 : user does not exist
```

Final-Recipient: rfc822; Angeliquebonilla28@icloud.com
Action: failed
Status: 5.1.1
Remote-MTA: dns; mx01.mail.icloud.com. (17.57.152.5, the server for the domain icloud.com.)
Diagnostic-Code: smtp; 550 5.1.1 <angeliquebonilla28@icloud.com>: user does not exist
Last-Attempt-Date: Wed, 29 Jul 2026 12:31:03 -0700 (PDT)

---

**noname**
5K