**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** | : | **CIVIL ACTION** |
| ***Plaintiff,*** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ANJELIQUE J. BONILLA, et al.,** | : | |
| ***Respondents.*** | : | **NO. 26-0585** |

**ORDER**

**AND NOW**, this **15th** day of **October 2026**, upon consideration of Plaintiff's Motion for Reconsideration (the "Plaintiff's Motion") (ECF No. 128) of the Court's Memorandum and Order granting Judge Cateria McCabe and Judge Viktoria Kristiansson's (the "Judicial Defendants'") Motion to Dismiss (ECF Nos. 113–114), it is hereby **ORDERED** that the Motion (ECF No. 128) is **DENIED**.[1]

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**

[1] Plaintiff has not shown an intervening change in controlling law, availability of new evidence, or the need to correct clear error of law or prevent manifest injustice, as is required to seek reconsideration. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). The Court was not required under the Federal Rules of Civil Procedure to wait for Plaintiff to respond to the Judicial Defendants' Motion to Dismiss. Fed. R. Civ. P. 12(b). Further, no manifest injustice has occurred by the Court issuing its Memorandum and Order before receiving a Response from Plaintiff. With or without a Response, the Court is bound by the longstanding doctrine of judicial immunity. *See Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872); *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006); *Mikhail v. Khan*, 572 Fed. Appx. 68, 71 (3d Cir. 2014); *Gallas v. S. Ct. of Pa.*, 211 F.3d 760, 770–72 (3d Cir. 2000). Therefore, Plaintiff's Motion for Reconsideration (ECF No. 128) is denied.