**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** | : | |
| ***Plaintiff,*** | : | **CASE NO. 2:26-CV-0585-CFK** |
| **v.** | : | |
| **ANJELIQUE J. BONILLA, et al.,** | : | |
| ***Defendants*** | : | |

# PLAINTIFF'S MOTION FOR LEAVE TO FILE AN OPPOSITION TO EDISON'S (ECF NO. 93) IN EXCESS OF PAGE LIMIT

Plaintiff Galina M. Novakhova, proceeding pro se, respectfully moves this Court for leave to file her Opposition to Defendant Township of Edison's Motion to Dismiss (ECF No. 93) in excess of the applicable page limit, to the extent any applies. In support of this Motion, Plaintiff states as follows:

Plaintiff recognizes that the Court's Policies and Procedures permit reply and sur-reply briefs without advance permission and that the Court's express length limitation addresses briefs or memoranda filed in support of motions. See Judge Chad F. Kenney, Policies and Procedures for Counsel, §§ II.D.3–4 (effective Sept. 16, 2026). Plaintiff does not concede that this provision establishes an identical limitation for her opposition memorandum.

Nevertheless, just to be on the safe side, and to assure this Honorable Court that Plaintiff is acting in good faith and making every reasonable effort to comply with the Federal Rules of Civil Procedure, the Eastern District of Pennsylvania Local Civil Rules, and this Court's Policies

and Procedures, Plaintiff respectfully requests precautionary leave to file her accompanying Opposition to ECF No. 93 if the Court determines such leave is required. This request is made out of procedural caution and respect for the Court, without conceding that advance leave is necessary or that Plaintiff's Opposition is procedurally deficient.

Defendant Township of Edison's Motion to Dismiss raises six independent grounds for dismissal: (a) untimely service under Fed. R. Civ. P. 4(m); (b) improper manner of service under Fed. R. Civ. P. 4(j)(2) and New Jersey Court Rule 4:4-4; (c) lack of personal jurisdiction under 42 Pa. Cons. Stat. § 5322; (d) failure to state a claim under 42 U.S.C. § 1983, including Monell liability and the state-created-danger doctrine; (e) failure to state a claim under 42 U.S.C. §§ 1985(3) and 1986; and (f) Younger abstention. ECF No. 93-1.

Each ground raised in the Motion rests on separate and distinct bodies of law, separate record citations, and separate controlling authority. A response of limited length cannot adequately address each ground with the record specificity and citation accuracy the Court is entitled to expect, including the precise ECF number, page, and exhibit supporting each factual assertion.

Edison's own Memorandum of Law in support of its Motion is ECF No. 93-1. Plaintiff does not seek a disproportionate allowance; she seeks the space necessary to respond to each of the six grounds Edison itself elected to raise in a single, consolidated motion.

Defendant Township of Edison (Edison PD) will suffer no prejudice from the granting of this Motion. The additional length responds directly and only to the grounds Edison itself raised; it does not expand the scope of the dispute beyond what Edison's own Motion placed before the Court.

Plaintiff respectfully requests leave to file her Opposition in excess of the applicable page limit, to the extent any applies.

**WHEREFORE**, Plaintiff respectfully requests that this Court **GRANT** this Motion and permit Plaintiff's Opposition to Defendant Township of Edison's Motion to Dismiss (ECF No. 93) to be filed in excess of the applicable page limit, to the extent any applies.

**RESERVATION OF RIGHTS AND NON-WAIVER**

This Motion seeks only precautionary procedural relief. Nothing herein constitutes an admission that a page limitation governs Plaintiff's opposition, consent to any Defendant's position, a waiver of any right or objection, or abandonment of any claim, defense, remedy, or request for relief. Plaintiff expressly reserves all positions concerning service, deadlines, default, jurisdiction, pleading sufficiency, amendment, discovery, evidence, preservation, due process, constitutional rights, available compensatory and punitive damages, claims against individual- and official-capacity defendants and private co-conspirators, appellate review, and remedies available under 42 U.S.C. §§ 1983, 1985, and 1986, the United States Constitution, and applicable state law. Plaintiff also reserves the ability to seek appropriate criminal referrals through the proper authorities. These reservations are subject to applicable law and do not purport to extend deadlines or cure any procedural default. All Rights Reserved Without Prejudice.

Respectfully submitted,

/s/ Galina M. Novakhova

**Galina M. Novakhova**

*Plaintiff, Pro Se*

P.O. Box 17635

Philadelphia, PA 19135

GalinaMN@gmail.com

**All Rights Reserved Without Prejudice**

Dated: October 27, 2026

## CERTIFICATE OF SERVICE

I certify that on October 27, 2026, I electronically filed the foregoing Motion and accompanying Proposed Order through the Court's CM/ECF system, which provides electronic notice and service to all counsel of record registered for electronic service in this action. This Certificate is limited to electronic service through CM/ECF upon counsel of record; it does not represent that Plaintiff separately served unrepresented parties or transmitted courtesy emails.

/s/ Galina M. Novakhova

**GALINA M. NOVAKHOVA**
*Plaintiff, Pro Se*
P.O. Box 17635
Philadelphia, PA 19135
GalinaMN@gmail.com

**All Rights Reserved Without Prejudice**

Dated: October 27, 2026