**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** | : | |
| ***Plaintiff,*** | : | |
| **v.** | : | **CASE NO. 2:26-CV-0585-CFK** |
| **ANJELIQUE J. BONILLA, et al.,** | : | |
| ***Defendants*** | : | |

**PLAINTIFF'S RENEWED MOTION FOR EXTENSION OF TIME TO FILE REMAINING OPPOSITIONS, REPLIES, AND OTHER RESPONSIVE PAPERS PURSUANT TO FED. R. CIV. P. 6(b)(1)(A)**

Plaintiff Galina M. Novakhova, proceeding pro se, respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) for an additional thirty (30) days, through December 2, 2026, to complete and file her remaining oppositions, replies, and responsive submissions presently due November 2, 2026, under ECF Nos. 118 and 122.

In support of this request, Plaintiff states as follows:

Plaintiff acknowledges and appreciates the Court's prior accommodations concerning her religious observance, including the extensions granted under ECF Nos. 105, 118, and 122. Plaintiff submits this renewed request in good faith because the cumulative demands of the litigation, together with her necessary employment and financial obligations, have created circumstances requiring additional time.

During September and October 2026, Plaintiff observed multiple Jewish religious holidays, including Rosh Hashanah, Yom Kippur, Sukkot, Shemini Atzeret, and Simchat Torah. These observances substantially limited the time available for continuous legal research, drafting, document review, and preparation of responsive filings. Although those holidays have concluded, the accumulated litigation obligations have not.

Plaintiff is the sole person responsible for researching, preparing, organizing, and filing her submissions in this multi-defendant federal civil-rights action. She has no attorney, legal staff, paralegal, or litigation team to divide these responsibilities. Every legal argument, review of the factual record, examination of controlling authorities, verification of citations, and preparation of court documents requires Plaintiff's personal time and attention.

Plaintiff has been required to address multiple dispositive motions, oppositions, requests for reconsideration or reargument, procedural disputes, and other substantive matters involving separate defendants and distinct legal arguments. The overlapping obligations have imposed a substantial cumulative burden beyond that of preparing a single opposition.

Additionally, Plaintiff must continue working to support herself and meet her essential financial obligations. During the period of religious observance and intensive litigation activity, Plaintiff's financial obligations and outstanding bills accumulated. Consequently, Plaintiff must devote necessary time to paid employment to address those obligations, including ordinary living expenses.

Plaintiff respectfully submits that her need to maintain household and employment is not a matter of convenience or preference. It is an economic necessity. Plaintiff cannot reasonably

suspend her ability to earn a livelihood while simultaneously carrying the full research, drafting, and procedural responsibilities associated with litigation against multiple represented defendants.

Plaintiff does not seek special treatment or exemption from applicable procedural requirements. Rather, she requests a reasonable opportunity to fulfill those requirements while managing circumstances that materially affect the time available to perform the work. The fact that Plaintiff proceeds without counsel does not diminish her obligation to prepare accurate, legally supported, and procedurally compliant submissions.

Preparing meaningful oppositions requires more than presenting generalized disagreement. Plaintiff must examine each Defendant's separate legal arguments, review the applicable pleadings and evidence, research binding and persuasive authorities, verify citations and procedural requirements, and address distinct questions concerning jurisdiction, constitutional rights, service, immunity, and the sufficiency of pleaded claims.

Plaintiff has continued working on her responses and other litigation obligations and intends to complete the remaining submissions. However, the cumulative demands of religious observance, multiple overlapping filings, legal research, procedural responsibilities, and necessary household living obligations and employment have made the presently established November 2, 2026 deadline exceptionally difficult to meet without compromising the completeness and accuracy of her submissions.

Plaintiff respectfully submits that requiring a single unrepresented litigant to respond simultaneously to multiple represented parties, while maintaining necessary employment to meet accumulated financial obligations, warrants consideration under Rule 6(b)(1)(A)'s good-cause standard.

This motion is submitted before expiration of the existing November 2, 2026 deadline. Plaintiff seeks only a prospective extension of the deadlines expressly established by ECF Nos. 118 and 122. She does not seek to reopen an expired deadline or extend any jurisdictional or otherwise non-extendable deadline.

The requested extension is limited, definite, and made in good faith. Plaintiff seeks no improper delay or procedural advantage. An additional thirty days would permit her to complete the outstanding responses with appropriate care while continuing the employment necessary to maintain her financial stability.

Plaintiff respectfully submits that the additional time would promote a more complete and orderly presentation of the pending issues and permit the Court to consider the respective parties' positions on their merits. Any scheduling inconvenience to Defendants would be limited by the definite extension requested and does not outweigh the substantial practical burden described herein.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. **GRANT** Plaintiff an additional thirty (30) days, through December 2, 2026, to file her remaining responses to Defendants' Motions to Dismiss at ECF Nos. 89, 93, 111, and 119; her replies to Defendants' oppositions to Plaintiff's pending requests for entry of default, including ECF Nos. 97 and 120; and, to the extent authorized by the applicable

rules or the Court, any responsive submission concerning ECF No. 98, consistent with the relief previously granted at ECF Nos. 118 and 122;

B. **DIRECT** that the filings expressly covered by the extended deadline shall not be deemed unopposed, conceded, abandoned, or waived solely because they remain outstanding before the newly established deadline;

C. **PERMIT** Plaintiff to submit individual responses before the extended deadline as they are completed, without requiring all remaining responses to be filed simultaneously; and

D. **GRANT** such other and further scheduling relief as the Court deems just and appropriate.

Plaintiff respectfully requests that the Court consider the combined weight of these circumstances, rather than viewing the obligations of religious observance, employment, financial necessity, and litigation preparation in isolation.

Plaintiff expressly reserves and preserves all rights, claims, remedies, objections, procedural positions, and avenues of review to the extent available under law. Nothing in this scheduling motion constitutes a waiver, concession, withdrawal, abandonment, stipulation, admission, or election of remedies concerning any party, pleading, motion, service issue, default request, jurisdictional objection, discovery or preservation issue, or pending or future appeal. Plaintiff continues to preserve her claims for compensatory and punitive damages, individual- and

official-capacity claims where legally cognizable, claims against private co-conspirators, her ability to request appropriate criminal referrals, and all remedies available under the United States Constitution, 42 U.S.C. §§ 1983, 1985, and 1986, and applicable state law. The requested extension is confined to the responsive filings identified above and does not enlarge any deadline absent an express order of the Court. All Rights Reserved Without Prejudice.

Respectfully submitted,

/s/ Galina M. Novakhova

**GALINA M. NOVAKHOVA**

*Plaintiff, Pro Se*

P.O. Box 17635

Philadelphia, PA 19135

GalinaMN@gmail.com

**All Rights Reserved Without Prejudice**

Dated: October 27, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 27, 2026, I electronically served a true and correct copy of the foregoing Motion for Extension of Time and accompanying Proposed Order upon all counsel of record through the Court's CM/ECF electronic filing system.

/s/ Galina M. Novakhova

**GALINA M. NOVAKHOVA**
*Plaintiff, Pro Se*
P.O. Box 17635
Philadelphia, PA 19135
GalinaMN@gmail.com