**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ANJELIQUE J. BONILLA, et al.,**<br><br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Civil Action**<br>**No. 26-585** |

**<u>PROPOSED ORDER</u>**

AND NOW, this __________ day of ____________________, 2026, upon consideration of the City of Philadelphia's Motion to Dismiss Plaintiff's Second Amended Complaint Under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED,** and the Second Amended Complaint is **DISMISSED** as to the City of Philadelphia.

**BY THE COURT:**

______________________________
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 26-585** |
| **ANJELIQUE J. BONILLA, et al.,** | : | |
| **Defendants.** | : | |

**THE CITY OF PHILADELPHIA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT UNDER FEDERAL RULESS OF CIVIL PROCEDURE 12(B)(1), 12(B)(5), AND 12(B)(6)**

The City of Philadelphia (the "City"), by and through its undersigned counsel, hereby files its Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") Under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim. In support of this Motion, the City incorporates the attached Memorandum of Law. The City respectfully requests that the Court dismiss Plaintiff's claims against it in full.

Date: November 17, 2026

Respectfully submitted,

*/s/ Danielle B. Rosenthal*

Danielle B. Rosenthal
Senior Attorney
Pa. Attorney ID No. 329676
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5226
danielle.rosenthal@phila.gov

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 26-585** |
| **ANJELIQUE J. BONILLA, et al.,** | : | |
| **Defendants.** | : | |

**THE CITY OF PHILADELPHIA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1), 12(B)(5), AND 12(B)(6)**

Defendant the City of Philadelphia (the "City"),[1] by and through its undersigned counsel, respectfully submits the following memorandum of law in support of its Motion to Dismiss Plaintiff's Second Amended Complaint Under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6) for lack of subject matter jurisdiction, insufficient service of process,[2] and failure to state a claim.

## I. BACKGROUND

In the Second Amended Complaint, ECF No. 21, *pro se* Plaintiff Galina M. Novakhova sues over a dozen defendants "under 42 U.S.C. §§ 1983, 1985(3), and 1986," alleging violations of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments. 2d Am. Compl. at 21.

---

[1] To the extent that the Second Amended Complaint also lists the City of Philadelphia Department of Human Services ("DHS") and the Philadelphia Police Department ("PPD") as defendants, neither are legal entities capable of being sued. *See, e.g.*, *Round v. City of Philadelphia*, No. 19-cv-3513, 2020 WL 2098089, at *6 (E.D. Pa. May 1, 2020) ("[T]he Philadelphia Police Department and Philadelphia DHS, which are departments of the City of Philadelphia, are not amenable to suit.").

[2] Although insufficient service of process is itself proper ground for dismissal of the Second Amended Complaint as to the City, the City nonetheless includes alternative grounds out of an abundance of caution to preserve these arguments should the Court extend the time for service.

Plaintiff contends that her daughter, A.N., was removed from her custody without warrant or exigency on October 18, 2024, pursuant to a telephone order by Philadelphia Department of Human Services ("DHS") Supervisor Charles Furman.[3] *Id.* at 5. Without providing supporting factual details, Plaintiff alleges this was so even "after caseworkers and two responding officers had determined no danger existed." *Id.* at 5. Similarly devoid of any supporting factual details is Plaintiff's allegation that "[w]hile A.N. was in state custody, [A.N.] was sexually assaulted," after which A.N. "received no constitutionally adequate, protection, treatment, or investigation." *Id.*

Plaintiff further alleges that on May 21, 2025, a Philadelphia Family Court order granted temporary custody of A.N. to Plaintiff's mother Alla Izrailova. *Id.* at 2. Plaintiff contends that, after receiving temporary custody, Ms. Izrailova transported A.N. across state lines from Pennsylvania to New Jersey and then later to California, where A.N. currently resides. *Id.* Plaintiff alleges that, since A.N.'s relocation, Plaintiff "has been banned from contact with her child, restricted from speaking her native language with her child, deprived of her ability to maintain Jewish religious upbringing, deprived of access to private religious schooling, deprived of visitation and communication without constitutionally adequate evidence, and deprived of meaningful court process while state actors and private actors continued interfering with her parent-child relationship bond." *Id.* at 3.

Plaintiff seeks, among other things, a declaration that state court orders are "void ab initio or unenforceable" and injunctions against relocating or concealing A.N., requiring restoration of "Plaintiff's immediate communication with A.N.," and "[o]rdering the immediate removal of A.N. from the custody, control or presence of Anjelique Josephine Bonilla." *Id.* at 23–24.

---

[3] Notably, despite these allegations, Plaintiff contends that the action concerns "post-proceeding conduct occurring after closure of the Philadelphia DHS matter on May 21, 2025." 2d Am. Compl. at 6.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) requires that a court grant a motion to dismiss if it lacks subject matter jurisdiction over the case. "The party asserting that jurisdiction is proper bears the burden of showing that jurisdiction exists." *Xiaoxing Xi v. Haugen*, No. 17-cv-2132, 2021 WL 1224164, at *7 (E.D. Pa. Apr. 1, 2021). A motion to dismiss a case for lack of jurisdiction may be either facial or factual in nature. Wright & Miller, 5B *Fed. Prac. & Proc. Civ.* § 1350 (4th ed.). "A facial attack on subject matter jurisdiction asserts that a claim 'is insufficient to invoke the subject matter jurisdiction of the court,'" while "a factual attack argues that 'the facts of the case . . . do not support the asserted jurisdiction.'" *Saavedra Estrada v. Mayorkas*, 703 F. Supp. 3d 560, 565 (E.D. Pa. 2023) (alteration in original) (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). This Court has held that a defendant's challenge to jurisdiction based on the *Rooker-Feldman* doctrine prior the filing of an answer constitutes a facial attack on jurisdiction. *See Silverberg v. City of Philadelphia*, No. 19-cv-2691, 2020 WL 108619, at *3 (E.D. Pa. Jan. 8, 2020), *aff'd on other grounds*, 847 F. App'x 152 (3d Cir. 2021). "When considering a facial challenge, a court must apply the same standard of review as it would for a motion to dismiss under Federal Rule of Civil Procedure." *Wilchombe v. City of Philadelphia*, No. 26-cv-1331, 2026 WL 2447176, at *3 (E.D. Pa. Aug. 20, 2026).

### B. Rule 12(b)(5)

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss an action due to "insufficient service of process." *See, e.g.*, *Richardson v. United States*, No. 23-cv-2015, 2024 WL 3654018, at *3 (E.D. Pa. Aug. 5, 2024), *aff'd*, No. 24-2808, 2025 WL 1275771 (3d Cir. May 2, 2025), *cert. denied*, 146 S. Ct. 907 (2025). It is well established that "[f]ederal courts lack the power to exercise personal jurisdiction over a defendant 'unless the procedural requirements

of effective service of process are satisfied.'" *Martin v. OSHA*, No. 15-cv-4359, 2017 WL 1326212, at *2 (E.D. Pa. Apr. 11, 2017) (quoting *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012)). Thus, "[t]o avoid dismissal [under Rule 12(b)(5)], a plaintiff must comply with the service requirements set forth by Federal Rule of Civil Procedure 4, including the requirement to properly serve a defendant within 90 days after the complaint is filed." *White v. Harvard Sec., LLC*, No. 25-cv-0622, 2026 WL 209968, at *2 (E.D. Pa. Jan. 27, 2026). In response to a motion under Rule 12(b)(5), "[t]he party asserting the validity of service bears the burden of proof on that issue." *Richardson*, 2024 WL 3654018, at *3 (quoting *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)).

**C. Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss an action when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Complaints filed by *pro se* plaintiffs are to be liberally construed. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). But "even *pro se* plaintiffs cannot rely solely on bald or conclusory allegations of constitutional violations in order to meet the requirements of Rule 8 or to survive a motion to dismiss under Rule 12(b)(6)." *Miller v. Hahnemann Univ. Hosp.*, No. 93-cv-6212, 1994 WL 236447, at *2 (E.D. Pa. May 26, 1994); *see also Rivas Vazquez v. Lehigh Cnty.*, No. 21-cv4179, 2022 WL 35608, at *1 (E.D. Pa. Jan. 3, 2022) ("[E]ven *pro se* plaintiffs must 'allege sufficient facts in their complaints to support a claim.'" (quoting *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021))).

## III. ARGUMENT

### A. <u>The Court Should Dismiss the Second Amended Complaint as to the City Under Rule 12(b)(5) for Insufficient Service of Process.</u>

Plaintiff has failed to properly serve the City and within the timeframe allotted by Federal Rule of Civil Procedure 4(m).[4] Because there is no good cause to extend the service deadline, the Court should dismiss all claims against it. *See Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (federal courts lack personal jurisdiction over a defendant "unless the procedural requirements of effective service of process are satisfied"); *see also Biggs El v. Shapiro*, No. 25-cv-4659, 2026 WL 237547, at *11 (E.D. Pa. Jan. 28, 2026) (Kenney, J.) (dismissing complaint without prejudice as to defendant that was not properly serviced within "time for effectuating proper service under Rule 4").

Federal Rule of Civil Procedure 4 sets out rules for service of process. Specifically, Rule 4(j)(2) governs service of process on municipalities and requires that any such entity be served by either (1) "delivering a copy of the summons and of the complaint to its chief executive officer"; or (2) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Rule 4(c)(2), only an individual who is "not a party [to a lawsuit] may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). And under Rule 4(m) requires that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, Plaintiff failed to comply with the applicable rules in several material

---

[4] Provided the City was named as a defendant, the time for service runs from the date of filing of the original Complaint. *Moore v. Walton*, 96 F.4th 616, 626 (3d Cir. 2024) ("It is blackletter law that filing an amended complaint does not toll the Rule 4(m) service period for an original complaint." (cleaned up)).

respects.

Plaintiff contends that she served the City by mailing a copy of the Second Amended Complaint to the Philadelphia City Solicitor on May 14, 2026 and emailing a copy of the corrected summons and Second Amended to Complaint to certain attorneys at the City of Philadelphia Law Department other than undersigned counsel. *See* Pl.'s Request for Clerk's Entry of Default Pursuant to Fed. R. Civ. P. 55(a) Against Defendant City of Philadelphia, ECF No. 79. But "[s]ervice via email is generally inadequate under both the Federal and Pennsylvania Rules of Civil Procedure," *LaPorte v. City of Philadelphia*, No. 21-1937, 2023 WL 3034328, at *3 (3d Cir. Apr. 21, 2023), *amended,* No. 21-1937, 2023 WL 3089695 (3d Cir. Apr. 26, 2023), and "[s]ervice by mail is permitted only when the individual is outside the Commonwealth, for certain real property actions, or actions for support, custody, divorce, or annulment," *Harris v. City of Philadelphia*, No. 20-cv-1512, 2025 WL 1230448, at *2 (E.D. Pa. Mar. 24, 2025), *appeal dismissed*, No. 25-1795, 2026 WL 172964 (3d Cir. Jan. 13, 2026), and *aff'd as modified*, No. 25-1795, 2026 WL 3320595 (3d Cir. Nov. 3, 2026). Therefore, service by neither means is insufficient.

Even assuming *arguendo* that service by mail or email were proper, the Federal Rules of Civil Procedure also plainly prohibit a *pro se* plaintiff from personally serving a defendant, which Plaintiff purports to have done in this case. *Kornea v. J.S.D. Mgmt., Inc.*, 336 F. Supp. 3d 505, 510 (E.D. Pa. 2018) ("Both the federal and state rules require service of original process to be accomplished by an adult who is not a party to the action. There is no exception for this rule for service effectuated via mail or when the Plaintiff is *pro se*." (footnote omitted)); *Dougherty v. Dupes*, No. 17-cv-01541, 2018 WL 1696651, at *8 (M.D. Pa. Apr. 6, 2018) ("Under the plain language of Rule 4(c)(2), as a party, [the plaintiff] cannot be the one to deliver, hand or send the summons and complaint even if such service would be proper by mail, certified or otherwise.");

*Flax v. Dep't of Gen. Servs., Capitol Police*, No. 20-cv-02211, 2021 WL 5756782, at *2 (M.D. Pa. Feb. 5, 2021) (holding *pro se* plaintiff failed to perfect service because *inter alia* the "plaintiff purport[ed] to have *personally* served the defendant himself").

Further, that certain attorneys employed by the City of Philadelphia may have otherwise obtained a copy of the Second Amended Complaint by way of mail or email is of no moment. As Plaintiff herself recognizes, *see* Pl.'s Request for Clerk's Entry of Default Pursuant to Fed. R. Civ. P. 55(a) Against Defendant City of Philadelphia ¶ 25, "[n]otice to a defendant that he has been sued does not cure defective service." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993); *see also Roach v. City of Philadelphia Mun. Ct. Traffic Div.*, No. 24-cv-2565, 2025 WL 1550213, at *2 n.4 (E.D. Pa. May 30, 2025) (Kenney, J.) (same); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 567–68 (3d Cir. 1996) ("[N]otice cannot by itself validate an otherwise defective service."); *Walker v. Pa. Off. of Admin.*, No. 23-2047, 2023 WL 8179274, at *1 n.3 (3d Cir. Nov. 27, 2023) ("The fact that the defendants have actual notice does not excuse Walker from properly serving them under Rule 4.").

Finally, because Rule 4(m)'s 90-day time limit for service has long expired and there is no good cause to extend the service deadline, the Court's dismissal of Plaintiff's claims against the City is appropriate.[5] *See, e.g.*, *Beckerman v. Susquehanna Twp. Police & Admin.*, 254 F. App'x 149, 153 (3d Cir. 2007) (affirming dismissal for failure to serve two days after service deadline elapsed where no good cause shown). While it is well established that "[a] pro se litigant's

---

[5] That Plaintiff also has failed to state a claim only provides further support for why the Court should deny Plaintiff additional time to perfect service. *See, e.g.*, *Powell v. City of Philadelphia*, No. 24-cv-817, 2025 WL 269717, at *16 (E.D. Pa. Jan. 22, 2025) (Kenney, J.) (finding "no good cause to grant [the p]laintiff additional time to effectuate proper service" where the plaintiff also had failed to state a claim), *appeal dismissed,* No. 25-1268, 2025 WL 1292023 (3d Cir. Mar. 24, 2025), and *opinion clarified,* No. 24-cv-817, 2025 WL 1256396 (E.D. Pa. Apr. 29, 2025)

ignorance of the rules does not constitute good cause sufficient to excuse a failure to timely serve process," *Conrad v. Potter*, No. 04-cv-5094, 2006 WL 54337, at *3 (D.N.J. Jan. 10, 2006),[6] here it is evident from Plaintiff's Motion for Service Assistance and/or Alternative Service Due to Financial Hardship, ECF No. 29, which the Court denied by Order dated June 12, 2026, ECF No. 36, that Plaintiff understood that the methods of service she was employing did not comply with applicable rules. Further, Plaintiff has not moved for an extension of time to complete service or provided sufficient reason for why she has not complied with applicable service requirements, particularly as she did not properly moved for *in forma pauperis* status as invited by the Court. *See* Order, ECF No. 13. Given the lack of good cause for extension of the service deadline, the Court should exercise its discretion to dismiss Plaintiff's Second Amended Complaint as to the City.

### B. **The Court Should Dismiss the Second Amended Complaint as to the City Under Rule 12(b)(1) Pursuant to the *Rooker-Feldman* Doctrine.**

Under the *Rooker-Feldman* doctrine, federal district courts are prohibited from exercising appellate jurisdiction over final state court decisions. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine applies if: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state- court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir.

---

6 *See also, e.g.*, *Sykes v. Blockbuster Video*, 205 F. App'x 961, 963 (3d Cir. 2006) ("The District Court correctly found that [a *pro se* plaintiff's] ignorance of the rules would not provide good cause to excuse his failure to serve the defendants within the time allotted under the rules."); *Thompson v. Sears, Roebuck & Co.*, No. 04-cv-5342, 2006 WL 573796, at *3 (E.D. Pa. Mar. 3, 2006) ("[T]he fact that Plaintiff is acting pro se and is 'untrained in the law' does not excuse violations of the deadline." (quoting *Steele v. HCI Direct*, No. 02-cv-4347, 2004 WL 1699611, at *2 (E.D. Pa. July 29, 2004))).

2010) (alterations in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Here, Plaintiff is plainly challenging state court orders in dependency proceedings, which she alleges were obtained in violation of her constitutional rights. Such collateral attacks on the judgment of state courts are barred by the *Rooker-Feldman* doctrine. *See, e.g., Hatfield v. Berube*, No. 13-cv-26, 2017 WL 2559635, at *8 (W.D. Pa. June 13, 2017) ("[T]he *Rooker-Feldman* doctrine bars any claims by Plaintiff that are predicated on complaints about adverse removal, custody, or dependency orders entered by the state court prior to January 7, 2013."), *aff'd*, 714 F. App'x 99 (3d Cir. 2017); *Johnson v. City of New York*, 347 F. App'x 850, 852 (3d Cir. 2009) ("[T]o the extent that Johnson actually seeks review of decisions rendered by the Queens County Family Court, the *Rooker-Feldman* doctrine bars review.").

That Plaintiff's claims are barred by the *Rooker-Feldman* doctrine is further underscored by the relief sought, *see* 2d Am. Compl. at 24–25, which invites this Court to contravene and reverse the state trial court's orders. *See, e.g.*, *Rodriguez v. Montgomery Cnty. Off. of Child. & Youth*, No. CV 15-6186, 2016 WL 2897470, at *4 (E.D. Pa. May 17, 2016) (distinguishing application of the *Rooker-Feldman* doctrine to claims for injunctive relief versus those for damages); *Roundtree v. Exum*, No. 16-cv-3794, 2016 WL 7178301, at *2 (D. Md. Dec. 9, 2016) ("By asking this court to grant her guardianship and custody of her minor grandson and seeking associated equitable damages, Roundtree appears to be seeking a remedy that in essence asks to overturn a state court determination. The *Rooker-Feldman* doctrine bars the court from doing so."). This case is therefore distinguishable from others where a plaintiff has sought damages for allegedly unconstitutional conduct under § 1983. *See, e.g.*, *Dennis v. DeJong*, 867 F. Supp. 2d 588, 620 (E.D. Pa. 2011) (holding, in a case where the plaintiffs prevailed in state court dependency proceedings, that

"[b]ecause [the] plaintiffs [were] not seeking the reversal of state court Orders, the *Rooker–Feldman* doctrine [was] inapplicable"). The *Rooker-Feldman* doctrine thus bars the Court's jurisdiction to consider Plaintiff's claims.

### C. **Alternatively, to the Extent that State Court Proceedings Are Ongoing, the Court Should Abstain from Hearing Plaintiff's Claims Under *Younger v. Harris*.**

Alternatively, to the extent that certain state court proceedings are ongoing, the Court should abstain from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37 (1971). While *Younger* originally applied to "pending state *criminal* proceedings, the Supreme Court has since extended *Younger's* application to bar federal interference with certain state civil and administrative proceedings." *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 132 (3d Cir. 2014) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975)). "Under *Younger*, a federal court may not adjudicate a constitutional claim until after exhaustion of state appellate remedies when a three-prong test for abstention is met: (1) there are ongoing judicial state proceedings involving plaintiffs; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schaffren v. Phil. Corp. For Aging*, No. 92-cv-5858, 1997 WL 701313, at *8 (E.D. Pa. Nov. 7, 1997) (citing *Schall v. Joyce,* 885 F.2d 101, 106, 110 (3d Cir. 1989)).

Courts have routinely abstained under *Younger* in cases involving child-custody issues. For instance, in *William of Family Rigby v. Miller*, No. 17-cv-1415, 2018 WL 623529, at *1 (W.D. Pa. Jan. 30, 2018), where the complaint similarly "focus[ed] on an appeal of child paternity and/or child support rulings made in Washington County," Judge Schwab of the U.S. District Court for the Western District of Pennsylvania applied the *Rooker-Feldman* and/or *Younger* doctrines. In dismissing the complaint in that case without leave to amend, the court noted:

> [I]f this Court were to entertain the claims of Plaintiff herein, the Court would be

> essentially exercising an impermissible appellate review of the support Order(s) of the Washington County Domestic Relations Court, and would effectively be required to void the state court rulings; or, if there is an ongoing judicial proceeding as in *Younger*, the Court could abstain from hearing these cases under *Younger* as well.

*Id.* at *2; *see also, e.g.*, *Bey v. Dep;t of Child Prot. Serv.*, No. 22-cv-07591, 2025 WL 3677631, at *2 (D.N.J. Dec. 17, 2025) ("Ongoing child welfare, custody, and removal proceedings are within the class of cases amenable to *Younger* abstention.").

It is well recognized that state domestic relations proceedings constitute "matters of paramount concern to the state." *Walsh v. Walsh*, No. 15-cv-1103, 2015 WL 4930573, at *5 (M.D. Pa. Aug. 13, 2015); *see, also, e.g.*, *Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 97 (3d Cir. 2011) ("[F]amily relations are a traditional area of state concern." (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979))). Finally, it is the burden of Plaintiff — not the City— to show that Younger does not apply because "state procedural law barred presentation of [her] claims." *Schall*, 885 F.3d at 107 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987)). Here Plaintiff cannot sustain her burden. Thus, the *Younger* doctrine provides an alternative basis for why dismissal is appropriate in this case.

### D. The Court Should Dismiss the Second Amended Complaint as to the City Under Rule 12(b)(6) for Failure to State a Claim.

Finally, even absent other grounds for the Court to dismiss the claims against the City, Plaintiff's Second Amended Complaint fails "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544 at 570. It is well established that "to state a § 1983 claim against a municipality," a plaintiff must allege not only that "[s]he suffered a constitutional violation," but also that "the municipality caused that constitutional violation through a policy, a custom, or a failure to train or other inadequacy." *Onyiah v. City of Philadelphia*, 660 F. Supp. 3d 407, 417 (E.D. Pa. 2023); *Stokes v. City of Philadelphia*, No. 25-cv-2006, 2025 WL 1550216, at *2 (E.D.

Pa. May 30, 2025) (dismissing *pro se* plaintiff's claims because "he failed to plausibly allege that a policy or custom of the City caused a violation of his constitutional rights").

First, despite claiming "violations of . . . the First, Fourth, Fifth, Ninth, and Fourteenth Amendments," 2d Am. Compl. at 3, Plaintiff fails to plausibly allege that she suffered any such constitutional violation. The only facts pertaining to any alleged violation of Plaintiff's rights at the hands of a City of Philadelphia employee[7] are that "DHS Supervisor Charles Furman ordered A.N.'s removal on October 18, 2024 by telephone, after caseworkers and two responding officers had determined no danger existed. No warrant issued. No exigency existed. No hearing was provided." *Id.* at 5; *see also id.* at 1 ("This action arises from an unconstitutional chain of events beginning with the October 18, 2024 Philadelphia DHS removal of A.N. from Plaintiff's custody without warrant, exigency, lawful findings, or meaningful due process."). But it is unclear which alleged constitutional violations Plaintiff ties to these facts, and regardless, Plaintiff's scant allegations are too conclusory and devoid of supporting factual detail to be entitled to a presumption of truth. *See Iqbal*, 556 U.S. 662; *Twombly*, 550 U.S. 544.

While Plaintiff's allegations pertinent to the first prong of a *Monell* claim are scant, her

---

[7] To the extent that Plaintiff also purports to bring claims against the City pertaining to A.N.'s alleged sexual assault while in State custody, such assertions concern alleged violations of A.N.'s constitutional rights rather than Plaintiff's own. Accordingly, Plaintiff lacks standing to bring them. *See, e.g.*, *Howard v. Chester Cnty. Off. of Juv. Prob. & Parole*, 365 F. Supp. 3d 562, 571 (E.D. Pa. 2019) ("In general, '[i]njuries to a parent resulting from violations of their child's constitutional rights are not sufficiently personal for purposes of the parent's individual standing.'" (alteration in original) (quoting *Delbridge v. Whitaker*, No. CIVA2094227SDWMCA, 2010 WL 1904456, at *3 (D.N.J. May 10, 2010))), *aff'd*, No. 19-1697, 2019 WL 13131142 (3d Cir. Nov. 27, 2019); *Thompson ex rel. Saunders v. Cherry Hill Twp.*, No. 25-cv-822, 2026 WL 2150522, at *3 (D.N.J. July 27, 2026) ("The fact that a parent experiences distress or frustration arising from alleged constitutional violations committed against her child does not confer standing to pursue the child's § 1983 claims."). Further, as a *pro se* litigant who is not an attorney, Plaintiff cannot bring claims on her child's behalf. *Fata v. Amantine*, No. 25-2077, 2026 WL 36168, at *1 (3d Cir. Jan. 6, 2026).

allegations pertaining to the second prong are nonexistent. Nowhere in the Second Amended Complaint does Plaintiff tie her own experience to a policy, practice, or custom of the City. *See* 2d Am. Compl. Absent such allegations, any *Monell* claim must fail. *See, e.g.*, *Moore v. Doe*, No. 21-cv-05302, 2022 WL 1308507, at *4 (E.D. Pa. May 2, 2022) (Kenney, J.) ("Plaintiff only plausibly pleads the single instance of his own mistreatment and injury. However, '[p]roof of a single instance of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'" (alteration in original) (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808, 820 (1985))); *Torres v. City of Allentown*, No. 07-cv-1934, 2008 WL 2600314, at *4–5 (E.D. Pa. June 30, 2008) (explaining that a plaintiff must identify an actual policy, custom, or practice on which her *Monell* claim is based and include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom").

The allegations supporting Plaintiff's conspiracy claims are just as deficient. Regardless of the type of conspiracy at issue, to survive a motion to dismiss, a plaintiff must plausibly allege a "meeting of the minds" as well as "in [more than] general terms the approximate time when the agreement was made, the specific parties to the agreement . . . , the period of the conspiracy, [and] the object of the conspiracy." *Great W. Mining*, 615 F.3d at 179 (affirming dismissal of conspiracy claim brought under 42 U.S.C. § 1983); *see also Kane v. Chester Cnty.*, 811 F. App'x 65, 71 (3d Cir. 2020) (holding that plaintiff failed to allege sufficient facts to state a conspiracy claim under 42 U.S.C. § 1985); *Steinberg v. Johnson*, No. 22-2503, 2023 WL 2524452, at *3 (3d Cir. Mar. 15, 2023) ("To state a claim under § 1986, a plaintiff must plausibly allege, among other things, a predicate conspiracy prohibited by § 1985.").

Here, Plaintiff's conspiracy claims rest on her bald allegation of "coordinated conduct among state and private actors." 2d Am. Compl. at 6. But this itself is a conclusory statement. And despite protests otherwise, Plaintiff fails to "assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining*, 615 F.3d at 178 (applying *Twombly* and *Iqbal*'s pleading requirements to unconstitutional conspiracy claim); *Villarosa v. N. Coventry Twp.*, No. 15-cv-4975, 2016 WL 4062731, at *10 (E.D. Pa. July 28, 2016) ("[T]he Court cannot consider conclusory allegations that [the d]efendants 'acted in concert and conspiracy' to violate Plaintiff's constitutional rights without any particular facts being alleged demonstrating the existence of a conspiratorial scheme."), *aff'd,* 711 F. App'x 92 (3d Cir. 2017); *Jones v. Marsaglia*, No. 19-cv-04678, 2020 WL 6682309, at *3 (E.D. Pa. Nov. 12, 2020) ("Specific allegations of an agreement to carry out the unlawful actions are necessary to state a conspiracy claim.").

Accordingly, to the extent that the Court does not dismiss Plaintiff's Second Amended Complaint as to the City on grounds, it should do so with prejudice for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the City's motion and dismiss this action as to the claims against it.

Date: November 17, 2026

Respectfully submitted,

*<u>/s/ Danielle B. Rosenthal</u>*
Danielle B. Rosenthal
Senior Attorney
Pa. Attorney ID No. 329676
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5226
danielle.rosenthal@phila.gov

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 26-585** |
| **ANJELIQUE J. BONILLA, et al.,** | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I certify that on November 17, 2026, I filed a true and correct copy of the City of Philadelphia's Motion to Dismiss Plaintiff's Second Amended Complaint via the Court's electronic filing system and caused the same to be served by mail on *pro se* Plaintiff at the following address:

Galina M. Novakhova
PO Box 17635
Philadelphia, PA 19135

Date: November 17, 2026

*/s/ Danielle B. Rosenthal*
Danielle B. Rosenthal