**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** <br> ***Plaintiff,*** <br> **v.** <br> **ANJELIQUE J. BONILLA, et al.,** <br> ***Defendants*** | : | **CASE NO. 2:26-CV-0585-CFK** |

**<u>PLAINTIFF'S RESPONSE MOTION IN OPPOSITION TO DEFENDANT TOWNSHIP OF EDISON'S MOTION TO DISMISS (ECF NO. 93), AND CONDITIONAL MOTION FOR LIMITED JURISDICTIONAL DISCOVERY AND RELATED RELIEF</u>**

## NATURE OF RESPONSE AND RELIEF REQUESTED

Plaintiff Galina M. Novakhova, proceeding pro se, opposes Defendant Township of Edison's motion to dismiss (ECF No. 93) under Rules 12(b)(2), 12(b)(5), and 12(b)(6), and its request for *Younger* abstention. Plaintiff requests denial of the motion in full and retention of the Edison claims in this Court. Without conceding any of Edison's asserted grounds, Plaintiff also preserves the following protective alternatives, each under its own applicable standard: corrective service under Rule 4(m); a limited, evidence-based inquiry into disputed jurisdictional contacts with corresponding modification of ECF No. 115; and a meaningful opportunity to seek amendment under Rule 15(a)(2). Finally, only upon an adverse jurisdictional ruling, Plaintiff seeks consideration of severance and transfer of the Edison claims alone in lieu of dismissal.That last-

resort protective request is not a concession that personal jurisdiction is absent, that Edison has established any ground for dismissal, or that Plaintiff prefers another forum.

Plaintiff submits her separate Memorandum of Law in support of this Response and the accompanying ECF Cross-Reference Index (Edison-Related). Plaintiff relies on existing sworn submissions and docket materials expressly identified in the Memorandum, in accordance with the evidentiary purpose for which each is cited. The memorandum provides the detailed chronology, authorities, and record analysis. Leave to exceed the applicable page limit for the Edison opposition was granted in ECF No. 134.

## SIX QUESTIONS PRESENTED

**I. Specific jurisdiction:** Did Edison purposefully establish Pennsylvania-directed, claim-related contacts, rather than merely receive information incidentally connected to Plaintiff's residence? And if those contacts cannot yet be resolved, should the Court defer the Rule 12(b)(2) determination and permit targeted jurisdictional discovery? Plaintiff states that Supervisor Esposito announced he would call the Philadelphia Police Department, requested the 15th District telephone number from her, and then spent considerable time on the telephone during the April 22, 2025 station encounter after she presented PFA No. 2503-V-7369, and identifies separate July 20–21 communications. Their participants, initiators, content, purpose, and connection to the alleged constitutional interference are the jurisdictional targets. ECF No. 21 at 11–12; ECF No. 94 at 12–15. *Hasson v. FullStory, Inc.,* 114 F.4th 181 (3d Cir. 2024) (slip op. at 26–28); *Walden v. Fiore,* 571 U.S. 277, 284–86 (2014); *Danziger & De Llano, LLP v. Morgan Verkamp, LLC,* 948 F.3d 124, 129–31 (3d Cir. 2020)

The April 22 call is Plaintiff's additional firsthand account detailed in the Memorandum, Statement of Facts § B; ECF No. 21 at 11–12 is cited for general coordination allegations, not as a claim that the pleading recited the specific call's complete contents. Esposito's announced intention to call the Philadelphia Police Department and request for the 15th District telephone number are distinguishable from independent verification that the call reached that office or what was communicated. The station encounter, the separate residence response by other officers, and the July 20–21 encounter must not be conflated.

**II. Legal and Protective Status and Edison's Affirmative Conduct:** On April 22, 2025, Pennsylvania Final Protection From Abuse Order No. 2503-V-7369 restrained Anjelique Bonilla. The identified custody orders did not grant Bonilla custody or guardianship of A.N. The May 21, 2025 dependency disposition occurred twenty-nine days after the Edison encounter and cannot retroactively establish Bonilla's custodial authority on April 22. The constitutional issue is not resolved merely by disputing Plaintiff's custodial status. It is whether Edison officers, after receiving notice of the existing PFA and the danger Plaintiff reported, affirmatively communicated with Bonilla, credited her disputed representations concerning A.N., and exercised police authority in a manner that increased the identified danger or independently interfered with Plaintiff's protected parental interests. The actual status of Pennsylvania DHS custody and its legal responsibilities must be distinguished from the independent conduct attributable to Edison. See *Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir. 1996); *Bright v. Westmoreland County*, 443 F.3d 276 (3d Cir. 2006); *Burella v. City of Philadelphia*, 501 F.3d 134 (3d Cir. 2007).

**III. Official knowledge and conduct:** Did responding officers assess the child's immediate danger and the PFA's operative restrictions, or affirmatively treat Bonilla's disputed representations as authoritative? Plaintiff states Bonilla was communicating remotely with

responding Edison personnel at Alla Izrailova's residence and that Plaintiff objected after identifying PFA restrictions. Which responding officers participated, what did they receive, and what directions or decisions followed? Plaintiff does not identify Supervisor Esposito or Officer Shammy as the responding residence officers merely because they were involved at other times. Memorandum, Statement of Facts §§ B–C.

The April 22 sequence began with Plaintiff at the Edison police station while her mother Alla Izrailova was at the Edison residence with A.N. and urgently requested officers. Plaintiff proceeded to the residence after officers were dispatched or arrived. Bonilla was not physically present; Plaintiff alleges that the responding officers communicated with Bonilla remotely, treated her disputed representations as authoritative, and directed Plaintiff away from the residence. Plaintiff then returned to the station and physically presented the Pennsylvania PFA to Supervisor Esposito, who questioned its enforceability. The April residence responders are not identified as Esposito or Officer Shammy merely because those men participated in station contacts. One female and one male officer responded to the residence; Plaintiff does not presently recall their names. Plaintiff's July 15–16 written complaint and the July 20–21 station encounter occurred months later and are separately alleged. Memorandum, Statement of Facts §§ B–C.

Plaintiff further states that Edison personnel deliberately relied on communications with Philadelphia Police personnel whom Plaintiff alleges were acting under the direction or influence of Philadelphia DHS in matters involving A.N., instead of independently addressing the PFA restrictions and the child-safety emergency. Plaintiff maintains that the challenged response was intentional governmental conduct, not an innocent misunderstanding caused by struck-through wording on the order. Plaintiff's inference, which she draws from the sequence of events she experienced, is that Pennsylvania DHS and related Philadelphia personnel allegedly

communicated with Edison personnel about the PFA and A.N. Discovery is needed to establish who communicated with whom, and when. The specific communications and instructions are identified for discovery; Plaintiff does not ask the Court to treat them as established. Plaintiff reported both the Edison and Philadelphia police responses to a court officer the following day. According to Plaintiff, that officer informed her that the protection order was to be enforced notwithstanding the crossed-out wording and discussed the issuance of a warrant. This paragraph states Plaintiff's firsthand account of the conversation, not a finding by a court that an arrest warrant was required or issued. Plaintiff further reports that the Guardian ad Litem subsequently participated in obtaining or causing an amendment to the PFA right after this incident; the signed amendment, its date, terms, and the responsible judicial actor control its legal effect. The chronology and the stated communications require examination; Plaintiff does not ask that timing alone be treated as documentary proof of an interagency agreement. See Memorandum, Statement of Facts §§ B–C and Argument §§ II.E–F, III.A.

Plaintiff alleges purposeful decisions by the responding personnel to give effect to Bonilla's disputed representations and to redirect Plaintiff away from the residence despite notice of the PFA and identified danger. The officer-level question of deliberate affirmative conduct is distinct from the additional municipal inquiry under *Monell*: whether the Township's policy, custom, authorized policymaker decision, or deliberately indifferent deficiency in training, supervision, or complaint review caused a violation of Plaintiff's federal rights. Plaintiff relies on the April 22 events, her July 15–16 written notice, the July 20–21 involvement of the same supervisor, and the Township's identified police-governance framework as the pleaded and identified basis for that inquiry, without assuming that unproduced records establish an unlawful municipal policy. See Memorandum § III.A–C.

**IV. Actionable constitutional deprivation:** Did any affirmative exercise of state authority increase a foreseeable danger or independently interfere with Plaintiff's protected parental relationship, rather than merely decline to enforce a protective order? The pleaded theory concerns alleged officers–Bonilla communications, reliance on her asserted authority, and official directions during a child-safety encounter; Plaintiff's theory does not rest on the statement about the PFA standing alone, and *Burella* is distinguished in Memorandum § III.A. At the Rule 12(b)(6) stage, the operative pleading must plausibly allege the required affirmative conduct, culpability, causation, Plaintiff's own injury, and a legally sufficient basis for municipal attribution under *Monell*; ultimate proof is distinct. Any disputed jurisdictional facts are governed separately by Rule 12(b)(2). *Bright v. Westmoreland County*, 443 F.3d 276, 281–84 (3d Cir. 2006); *Burella v. City of Philadelphia*, 501 F.3d 134, 146–48 (3d Cir. 2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 235–42 (3d Cir. 2008); *Monell v. Department of Social Services*, 436 U.S. 658, 690–94 (1978).

**V. Interstate protection order:** Could Edison categorically treat an otherwise qualifying Pennsylvania protection order as invalid merely because it was issued in Pennsylvania? Plaintiff alleges she presented the March 31, 2025 final PFA on April 22 and was told the order was not valid in New Jersey. Recognition and non-registration requirements under 18 U.S.C. § 2265 are separate from questions of custody and from whether the officers' alleged actions establish an independent constitutional damages claim. The March 31 final order and subsequent May 1 amendment must be evaluated according to their actual terms and dates.

**VI. Procedural disposition and discovery:** Why should the Court deny Edison's request for blanket dismissal with prejudice, preserve Plaintiff's primary opposition to each ground, and separately consider the protective procedural remedies she requests in the alternative? Edison

actually raised Rule 12(b)(5); the service record includes ECF No. 29-2, ECF Nos. 31 and 31-1, the separate July 20 notice at ECF No. 64-2, and ECF No. 78. Rule 4(m) permits corrective-service relief. Under *Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456–58* (3d Cir. 2003), Plaintiff seeks an individualized jurisdictional-discovery ruling rather than revival of broad ECF No. 94; ECF No. 104 denied the earlier motion as premature and ECF No. 115 remains a discovery stay. Curable pleading deficiencies must be assessed under Rule 15(a)(2) and *Grayson v. Mayview State Hospital,* 293 F.3d 103, 108, 111 (3d Cir. 2002).

**Original-pleading notice and relation back:** ECF No. 2-1 at pages 21–22, attached to Plaintiff's January 28, 2026 original complaint, contains Plaintiff's July 31, 2025 written formal request addressed to both the Philadelphia Police Department and the Edison Police Department. That later written account identifies the alleged April 22, 2025 PFA violation and police inaction and Edison's alleged July 15–16 and July 21, 2025 conduct. Plaintiff invokes that identified exhibit for the actual content of the original pleading and the fair-notice inquiry under Rules 10(c) and 15(c)(1)(B), not as an independent judicial finding or a substitute for the elements of any claim. See ECF No. 2-1 at 21–22; Memorandum of Law § IV.B. An amendment relating to conduct, a transaction, or an occurrence set out—or attempted to be set out—in the original pleading may relate back under Rule 15(c)(1)(B), subject to that Rule's requirements. *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004); see *Glover v. FDIC*, 698 F.3d 139, 145–47 (3d Cir. 2012).

The Rule 15(c)(1)(B) notice inquiry depends on whether the proposed amended claim arises from conduct, a transaction, or an occurrence fairly set out or attempted to be set out in the original pleading. If correcting the Edison Township Police Department designation to Township of Edison is treated as a change of defendant, the distinct requirements of Rule 15(c)(1)(C), including notice and the identity-mistake inquiry, must also be evaluated. An attached

contemporaneous account is relevant to notice of the transaction but does not independently prove when the municipality received notice. Plaintiff preserves the distinctions developed in Memorandum § IV.B and the Rule 4(m) service discussion, without representing that all proposed amendments automatically relate back. See *Krupski v. Costa Crociere S.p.A.,* 560 U.S. 538, 548–54 (2010); *Moore v. Walton*, 96 F.4th 616, 623–27 (3d Cir. 2024).

**JURISDICTIONAL DISCOVERY: PRECISE LIMITS**

Plaintiff seeks no general merits discovery through this conditional request. The proposed jurisdictional inquiry is limited to (a) calls or communications initiated by or involving Edison personnel and Philadelphia Police Department or Philadelphia DHS officials concerning PFA No. 2503-V-7369 and Plaintiff's assertions about A.N. on April 22, 2025; (b) any directly related July 20–21, 2025 Edison contacts with those Pennsylvania agencies; and (c) related telephone, CAD/RMS, dispatch, supervisory, and call-identification records sufficient to determine the initiator, recipient, date, subject matter, instructions, and official action, if any. The requested relief requires a narrow exception to ECF No. 115, not a blanket lifting of the stay. The existence or substance of unproduced communications is not presumed proved.

Plaintiff requests an express order under Rules 26(d)(1) and 26(b)(1) authorizing limited jurisdictional discovery notwithstanding ECF No. 115. The first phase shall be confined to existing, nonprivileged records in Edison's possession, custody, or control sufficient to identify its alleged Pennsylvania-directed communications during the April 22 and July 20–21, 2025 incidents, including available telephone and call-routing logs, dispatch/CAD/RMS entries and audit histories, incident and supervisory records, and linked identifiers for CAD No. 25042401. Only insofar as those records identify particular potentially suit-related Pennsylvania contacts does

Plaintiff seek the corresponding underlying radio, telephone, or other substantive communications, with any disputed expansion subject to further order. The requested sequence is designed to identify the initiator, recipient, approximate timing, subject, and resulting official action, without assuming in advance that the contents or even existence of a particular recording are established. This request addresses Edison's own forum-related activities; it does not seek general merits discovery or automatic reconsideration of ECF No. 104. Alternatively, Plaintiff requests an opportunity to submit a supported, defendant-specific discovery plan before the Court adjudicates Edison's Rule 12(b)(2) defense. The accompanying Memorandum gives Plaintiff's firsthand account of the April 22 station encounter, Supervisor Esposito's announced call and request for the 15th District's telephone number, and the separate July 20–21 encounter. Her specific firsthand account identifies Pennsylvania-directed contact warranting the limited inquiry requested here; Edison's official call-routing and communication records are sought to establish the participants, content, and resulting official action. Where no evidentiary hearing is held, Plaintiff need only establish a prima facie case of personal jurisdiction, with her sworn allegations taken as true and disputed facts construed in her favor. *O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 316 (3d Cir. 2007); *Metcalfe v. Renaissance Marine*, Inc., 566 F.3d 324, 330–31 (3d Cir. 2009).

Plaintiff further identifies CAD No. 25042401. Supervisor Esposito and Officer Shammy told Plaintiff that the April 22 and July 2025 Edison contacts were consolidated under that CAD number; Plaintiff identifies the number from their statements to her. Plaintiff seeks the identification and preservation of any April 22 station and residence body camera, dispatch, radio, telephone, supervisory, CAD/RMS, and related digital-evidence records; the separate July 20–21 records; and their incident, audit, retention, and custodial metadata, insofar as they relate to the identified encounters. Plaintiff's encounters with Supervisor Esposito and Officer Shammy on

April 22 and in July 2025 occurred at the station. When Plaintiff asked Supervisor Esposito and Officer Shammy in July 2025 whether their body-worn cameras were on, they told her they were, and Supervisor Esposito answered yes. Plaintiff requests production of the corresponding body-camera recordings together with their metadata, storage, and retention history. Plaintiff cannot state from personal knowledge whether the residence officers' cameras were activated; she assumes they were, and discovery is needed to establish that. Whether any recording was retained and remains available is the question these requests put to Edison; Plaintiff makes no assertion that any evidence has been lost or altered. ECF No. 94 at 12–15; Memorandum, Statement of Facts § C (CAD and July body-camera statements) and § B (April encounter), and Argument §§ II.E–F, III.C.

To the best of my recollection, supported by my personally maintained chronology and documentation of the events of April 22 and July 20–21, 2025, I respectfully submit that limited jurisdictional discovery is essential to establish the nature, extent, and purpose of Edison Police Department's communications with Pennsylvania authorities and their connection to the constitutional violations alleged in this action. The limited jurisdictional discovery I request is therefore material and necessary to determine whether Edison personnel deliberately communicated or coordinated with Pennsylvania governmental officials concerning my daughter's circumstances, my Pennsylvania protective order, and the official conduct challenged in this action. These facts bear directly on whether Edison itself established purposeful, suit-related contacts with Pennsylvania.

The proposed jurisdictional discovery would proceed in phases pursuant to Rules 26(b)(1), 26(d)(1), and 34 only upon the Court's express authorization notwithstanding ECF No. 115. Phase One requests a reasonable search for existing, nonprivileged call-routing, telephone, dispatch,

CAD/RMS and supervisory entries identifying whether, when, by whom, and for what stated purpose Edison initiated or engaged in communications with Philadelphia Police, Philadelphia DHS, or specifically identified Pennsylvania governmental personnel during the April 22 and July 20–21 incidents. Responsive records need not name A.N. or recite the PFA number where independently linked to the incidents. Phase Two, only if Phase One identifies particular, potentially claim-related Pennsylvania contacts, would permit narrowly drawn requests for corresponding nonprivileged substantive telephone, radio, audio, or written communications. Plaintiff proposes a fourteen-day first-phase response, seven days to identify any follow-up requests, fourteen days for responses to those requests, and a forty-five-day completion/status period, subject to Court modification. Those are proposed intervals, not existing deadlines.

**CONFERRAL AND PROCEDURAL BASIS.** Plaintiff certifies that she made a good-faith effort to resolve the request for early Edison discovery without Court intervention by sending a written Local Civil Rule 26.1(f) conferral and proposed stipulation to Edison counsel on August 14, 2026, as documented at ECF No. 94-1. The correspondence requested a written position by August 21, 2026. No agreed order permitting the narrow jurisdictional discovery requested here is presented to the Court. Plaintiff seeks express authorization under Rules 26(b)(1) and 26(d)(1) and an appropriately limited modification of ECF No. 115, not Rule 37 sanctions or a general renewal of ECF No. 94.

Within that jurisdictionally confined inquiry, Plaintiff requests (1) confirmation of the independent preservation obligations recognized in ECF No. 104 at 1 n.1 for the identified April and July records; (2) an appropriately sworn, knowledgeable custodian's account of a reasonable search and identification of any required responsive record or category that is missing, altered, withheld, or otherwise unproduced, specifying the source searched and any ascertainable reason

for unavailability, subject to lawful privilege descriptions under Rule 26(b)(5); (3) authorization to seek narrowly drawn Rule 45 process confined to the identified Pennsylvania communications; and (4) an evidentiary hearing under Rule 12(i) if material jurisdictional facts remain genuinely disputed after the authorized evidentiary showing. Plaintiff requests that the Court modify ECF No. 115 to the limited extent necessary to permit this discovery; ECF No. 115 otherwise remains in effect.

## SEPARATE GROUNDS REQUIRING EXPRESS RULINGS

**Service.** Plaintiff preserves the May 14 certified mailing and her firsthand account of package contents while disclosing ECF No. 29-2's different enclosure list and its mistaken description of ECF No. 23. The Court must separately evaluate the actual contents, delivery, and the manner of service under Rule 4(j)(2) and N.J. Ct. R. 4:4-4(a)(8), (c). Edison's receipt, actual notice, and appearance are relevant to the service record and to any protective relief considered under Rule 4(m). Alternatively, Rule 4(m) and Petrucelli permit a reasonable time for corrective service, subject to the Court's findings. Plaintiff separately preserves her August 26, 2026 request for the Clerk's entry of default, ECF No. 78, for adjudication under Rule 55(a).

The relevant service record includes the May 14, 2026 certified-mail package; ECF Nos. 29-2, 31, and 31-1; the July 20 notice reflected at ECF No. 64-2; and Edison's July 29 appearance. Plaintiff maintains her original-service position under Rule 4(j)(2), including the applicable New Jersey service provisions, N.J. Ct. R. 4:4-4(a)(8) and (c), and preserves ECF No. 78 for separate determination. Without admitting ineffective service, Plaintiff alternatively requests, if the Court directs further service, reasonable time under Rule 4(m) for a qualified nonparty to serve an

authorized municipal recipient, applying both the good-cause and discretionary analyses recognized in *Petrucelli v. Bohringer & Ratzinger, GmbH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995).

***Younger*.** Edison must identify an actual qualifying state proceeding within the exceptional classes recognized by *Sprint Communications, Inc. v. Jacobs,* 571 U.S. 69, 78–79 (2013), and a legally relevant interference. Plaintiff asserts claims concerning independent police conduct, not a request that Edison adjudicate custody; any abstention conclusion must separately address damages relief under *Deakins v. Monaghan,* 484 U.S. 193, 202–04 (1988).

**Claims and relief.** Plaintiff preserves her independent and fundamental parental-liberty claims and the distinct municipal-liability requirements. Plaintiff asserts her own constitutionally protected parental-liberty claims in her own right. Those claims are distinct from any independent claim belonging to A.N., and Plaintiff does not concede that they are barred by *Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 882–83 (3d Cir. 1991), or by any rule governing claims brought on a minor's behalf.

Plaintiff expressly preserves her claims under 42 U.S.C. §§ 1985(3) and 1986, including the alleged agreement, discriminatory purpose, knowledge, participation, and coordinated conduct identified in the Memorandum, Argument § IV. The alleged communications between Edison personnel and Pennsylvania governmental actors must be evaluated in the context of the pleaded course of conduct, the relationships among the participants, the alleged constitutional deprivations, and the circumstantial evidence bearing on agreement and discriminatory purpose. Plaintiff maintains that these allegations require a substantive, defendant-specific assessment rather than an isolated examination of individual communications divorced from their surrounding circumstances. Plaintiff further requests separate adjudication of her § 1986 claim, including the

alleged knowledge of the underlying conspiracy, power to prevent or aid in preventing the alleged wrongs, failure to exercise that power, and resulting injuries, under the applicable statutory requirements. These claims must be evaluated independently of the distinct municipal-liability inquiry under *Monell* applicable to Plaintiff's § 1983 claim.

## REQUEST FOR ORDER

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) **DENY** ECF No. 93 in its entirety, including its personal-jurisdiction, Rule 12(b)(5) service, Rule 12(b)(6), §§ 1985 and 1986, and *Younger* grounds, retaining the claims against Edison in this Court; (2) ONLY IN THE ALTERNATIVE, if the Court directs further service, **EXTEND** the period under Rule 4(m) for the Court-specified corrective service, first evaluating good cause and independently considering a discretionary extension, without waiving Plaintiff's original-service position or separate ECF No. 78 request; (3) ONLY IN THE ALTERNATIVE, to permit development of the specifically identified Pennsylvania-directed contacts, **DEFER** the Rule 12(b)(2) issue; **AUTHORIZE** the limited phased discovery identified above as to Edison's April 22 and July 20–21, 2025 Pennsylvania-directed communications; **MODIFY** ECF No. 115 only as needed; **REQUIRE** the identified preservation and appropriately sworn records accounting; permit narrowly justified Rule 45 process; and, if material factual disputes persist after the authorized evidentiary showing, consider a Rule 12(i) evidentiary hearing, while otherwise maintaining the existing stay; (4) ONLY IN THE ALTERNATIVE, without conceding any pleading deficiency, **DEFER** dismissal with prejudice long enough to permit an appropriate application to amend under Rule 15(a)(2), with the ordinary futility and equity standards

preserved; (5) ONLY AS A LAST-RESORT PROTECTIVE ALTERNATIVE, without abandoning Plaintiff's position that this Court possesses personal jurisdiction over Edison or her request for jurisdictional discovery, and solely in the event of an adverse jurisdictional ruling, **CONSIDER SEVERING** only the Edison claims under Rule 21 and **TRANSFERRING** those claims to the United States District Court for the District of New Jersey under 28 U.S.C. § 1631 upon the required findings, or under § 1406(a) if that provision is determined applicable, in lieu of dismissal; and (6) **ENTER** express, separate rulings on the asserted jurisdictional, service, pleading, and abstention issues and any conditional relief considered. Plaintiff's primary request remains denial of ECF No. 93 and retention of the case against Edison in this Court. ECF No. 78 is separately preserved for its own determination under Rule 55(a).

The fifth request is a protective and strictly contingent alternative. Plaintiff affirmatively maintains that the Court has personal jurisdiction over Edison and that ECF No. 93 should be denied in its entirety. Plaintiff affirmatively maintains that Edison's Pennsylvania-directed, suit-related contacts support this Court's exercise of personal jurisdiction. Plaintiff seeks adjudication of her claims against Edison in this Court and expressly preserves her request for jurisdictional discovery and all claims against the remaining defendants. The severance-and-transfer request serves solely to protect Plaintiff's claims against dismissal in the event of an adverse jurisdictional ruling and does not constitute acceptance of that ruling or abandonment of Plaintiff's right to challenge it. This is a request for an express disposition of a last-resort safeguard, not an agreement with Edison's defense.

Rule 21 permits severance of claims as appropriate to preserve the claims against the remaining defendants in this Court. The proposed transferee forum is the United States District Court for the District of New Jersey because Edison Township is a New Jersey municipality, the

challenged police encounters occurred there, the federal civil-rights claims invoke 28 U.S.C. § 1331, and a substantial part of the alleged events occurred there for purposes of 28 U.S.C. § 1391(b)(2). Under 28 U.S.C. § 1631, transfer depends on a finding of want of jurisdiction, on the action's having been maintainable in the transferee court when originally filed, and on the interest of justice. Only if those predicates are found does § 1631 expressly provide for the transferred action to proceed as if filed in the transferee court on the original transferor-court filing date. Plaintiff seeks those findings in the alternative; she does not claim that jurisdictional dismissal is warranted or that transfer automatically adjudicates the accrual, relation back, or timeliness of a particular claim.

The Third Circuit held in Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 132–33 (3d Cir. 2020), that a court lacking personal jurisdiction must consider a potentially appropriate transfer when an alternative forum is identified, while retaining discretion under the statutory interest-of-justice inquiry. Danziger affirmed dismissal where the plaintiff expressly conceded that its claims could be timely refiled elsewhere. Plaintiff makes no such concession. Section 1986 imposes a one-year limitations period, 42 U.S.C. § 1986, and dismissal followed by a new action may create additional limitations prejudice; that risk warrants an actual interest-of-justice evaluation rather than an unexamined dismissal. This request preserves the existing filing-date protections where § 1631 applies.

If the Court concludes § 1406(a), rather than § 1631, supplies the appropriate transfer mechanism, Plaintiff requests consideration of transfer under that statute only in the same last-resort posture. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962), recognizes that § 1406(a) may authorize transfer even though the transferring court lacks personal jurisdiction. Section 1406(a) concerns defects in laying venue and does not contain § 1631's express original-filing-date

language. Plaintiff requests identification of the applicable statutory basis and an express interest-of-justice determination. Whatever disposition the Court reaches, the request does not waive Plaintiff's primary jurisdictional position, her request for limited jurisdictional discovery, or her claims against remaining defendants.

Plaintiff respectfully requests that the Court consider the accompanying memorandum and the single [PROPOSED] ORDER, issue an express ruling on any alternative actually reached, and preserve the separate determination of ECF No. 78 under Rule 55(a).

## EXPRESS RESERVATION OF RIGHTS AND NON-WAIVER

Plaintiff expressly preserves all claims, objections, defenses to dismissal, constitutional protections, procedural rights, and remedies previously asserted or otherwise legally available. Nothing in this Response, Conditional Motion, or accompanying Memorandum shall be construed as Plaintiff's consent to dismissal; abandonment of claims under 42 U.S.C. §§ 1983, 1985, or 1986; concession concerning personal jurisdiction, sufficiency of service, pleading sufficiency, or abstention; or waiver of her previously preserved objections concerning the operative pleadings, procedural history, discovery restrictions, and challenged judicial determinations.

Plaintiff's alternative requests under Rules 4(m), 15(a)(2), 21, 26, and 12(i), and 28 U.S.C. §§ 1631 or 1406(a) in the expressly limited circumstances stated above, including narrowly tailored jurisdictional discovery and a conditional, Edison-only transfer, shall not constitute admissions that any asserted ground for dismissal is meritorious, a choice of another forum, or a waiver of Plaintiff's primary request for this Court to retain the Edison claims.

Plaintiff further preserves, to the extent legally available, her claims against other defendants and alleged private co-conspirators; individual-capacity and official-capacity claims; compensatory, nominal, and otherwise recoverable damages; appropriate declaratory and injunctive relief; rights to seek reconsideration or appellate review; and her ability to request referral of alleged criminal conduct to appropriate authorities. Plaintiff preserves punitive-damages claims only against defendants and in capacities for which such relief is legally authorized, and does not seek punitive damages against the Township of Edison under § 1983.

No reservation herein independently creates a claim, overrides an existing court ruling, or enlarges the operative pleading. Plaintiff expressly reserves all rights and objections available under applicable law.

Respectfully submitted,

/s/ Galina M. Novakhova
**Galina M. Novakhova**
*Plaintiff, Pro Se*
P.O. Box 17635
Philadelphia, PA 19135
GalinaMN@gmail.com

**All Rights Reserved Without Prejudice**

Dated: November 19, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2026, I electronically filed the following documents through the Court's CM/ECF system:

1. PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TOWNSHIP OF EDISON'S MOTION TO DISMISS (ECF NO. 93), AND CONDITIONAL MOTION FOR LIMITED JURISDICTIONAL DISCOVERY AND RELATED RELIEF
2. MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TOWNSHIP OF EDISON'S MOTION TO DISMISS (ECF NO. 93)
3. APPENDIX — ECF CROSS-REFERENCE INDEX (EDISON-RELATED)
4. [PROPOSED] ORDER

Electronic service upon registered CM/ECF participants was made through the Court's Notice of Electronic Filing.

Respectfully submitted,

/s/ Galina M. Novakhova

**Galina M. Novakhova**
Plaintiff, *Pro Se*