**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** | : | |
| ***Plaintiff,*** | : | |
| **v.** | : | **CASE NO. 2:26-CV-0585-CFK** |
| **ANJELIQUE J. BONILLA, et al.,** | : | |
| ***Defendants*** | : | |

**APPENDIX**

**ECF CROSS-REFERENCE INDEX EDISON-RELATED**

This index retains the existing Edison-related docket entries and identifies their cited purpose and corresponding sections of Plaintiff's Memorandum of Law in Opposition to ECF No. 93, Response and Conditional Motion, and consolidated Proposed Order. A party's filing is not a judicial finding. This index supplies references to existing court materials.

**ECF No. 1** is the original IFP application as identified in the Court's February 13, 2026 order, **ECF No. 13**. Edison's memorandum incorrectly calls **ECF No. 1** the original complaint at **ECF No. 93-1**, p. 15.

**Opposition cross-reference: Memorandum § VIII; Response, "Separate Grounds Requiring Express Rulings" and Question VI (procedural disposition and discovery).**

**ECF Nos. 2 and 2-1** are January 28, 2026 original complaint and ECF No. 2-1 exhibit. Plaintiff's written July 31, 2025 request addressed to both Philadelphia Police and Edison Police appears at ECF No. 2-1, PDF pp. 21–22; it identifies April 22 and later July encounters as Plaintiff's later written account and bears on Rules 10(c) and 15(c) notice, not independent factual proof. ECF No. 129 clarifies restricted access status.

**Opposition cross-reference:** Memorandum § IV.B; Response, "Original-pleading notice and relation back."

**ECF No. 3** is Plaintiff's January 28, 2026 Emergency Motion for Temporary Restraining Order and Preliminary Injunction, filed the same day as ECF No. 2. It is a motion under Rule 7(b), not a pleading. The Court's January 30, 2026 order, ECF No. 9, identifies it separately from the Complaint (ECF No. 2) and the Amended Complaint (ECF No. 8): "Plaintiff's Motion (ECF No. 3), Complaint (ECF No. 2), and Amended Complaint (ECF No. 8) fail to demonstrate irreparable harm," and denies the Motion (ECF No. 3) without prejudice.

**Opposition cross-reference:** Memorandum § I; Response, "Separate Grounds Requiring Express Rulings" (service and procedural history).

**ECF No. 8 is identified in the January 30 order ECF No. 9 as the Amended complaint;** the October 15 order ECF No. 129 clarifies that ECF Nos. 2, 8 and 12 were not filed under seal, and that access to ECF Nos. 2 and 8 specifically is limited to Court Users and Case Participants; ECF No. 129 does not state that ECF No. 12 carries the same access restriction.

**Opposition cross-reference:** Memorandum § IV.B; Response, “Original-pleading notice and relation back” paragraph.

**ECF Nos. 17, 17-1, 17-2, 17-3 and 17-4;** Earlier emergency motion and related materials on reported assault, agency records and hearing notices. ECF Nos. 17-3 and 17-4 are PFA hearing notices, not the March 31 final PFA.

**Opposition cross-reference:** Memorandum, Statement of Facts §§ A–B; Response, Question II.

**ECF No. 20** is April 22, 2026 order, including fee/filing procedural posture. A ruling about filing status should not be recast as a finding about the merits of Edison’s police conduct.

**Opposition cross-reference:** Memorandum § I.A; Response, Question VI and “Separate Grounds Requiring Express Rulings”.

**ECF No. 21 is** May 1, 2026 pleading; pp. 11–12 address Edison’s alleged Pennsylvania coordination and request limited jurisdictional discovery.

**Opposition cross-reference:** Memorandum of Law §§ II.A–B, II.E–F, IV and VIII; Response, Questions I and IV and “Jurisdictional Discovery: Precise Limits”. ECF No. 21 at 11–12 concerns alleged coordination; the specific recorded-call contents are not established by those pages.

**ECF Nos. 22, 23 and 24;** ECF No. 22 is emergency motion; **ECF No. 23** is filing-fee receipt; **ECF No. 24** is summons. **ECF No. 29-2**'s description of **ECF No. 23** differs from the docket.

**Opposition cross-reference:** Memorandum § I; Response, Question VI and "Separate Grounds Requiring Express Rulings" (service).

**ECF Nos. 28-1 and 29-2;** ECF No. 28-1 p. 21 describes Plaintiff's earlier allegation that Edison said the Pennsylvania PFA was unenforceable. ECF No. 29-2 reflects Plaintiff's May 14 mailing certificate and its actual attachment list.

**Opposition cross-reference:** Memorandum, Statement of Facts § B and § I; Response, Questions V–VI.

**ECF Nos. 31 and 31-1**; USPS certified-mail and delivery records. They support notice and delivery analysis but not automatic legal sufficiency under Rule 4(j)(2).

**Opposition cross-reference:** Memorandum § I; Response, Question VI and "Separate Grounds Requiring Express Rulings".

**ECF Nos. 35, 35-1 and 102**; Torrance's dismissal briefing and the September 10/11 Torrance ruling at ECF No. 102 are defendant-specific; the City of Torrance's forum contacts may not simply be assigned to Edison.

**Opposition cross-reference:** Memorandum §§ II.C–F; Response, Question I.

**ECF Nos. 40, 44 and 49**; Earlier Plaintiff filing and separate requested Rule 60(a) docket correction / denial. They establish positions and procedural steps, not a judicial finding that the challenged docket description was correct.

**Opposition cross-reference: Memorandum, Statement of Facts.**

**ECF No. 59 and ECF No. 64-2**; Edison counsel's July 29 appearance; July 20 email to Township Clerk copied to counsel. Appearance or receipt does not alone establish waiver of personal-jurisdiction or manner-of-service objections.

**Opposition cross-reference:** Memorandum §§ I.D–E; Response, Question VI and "Separate Grounds Requiring Express Rulings".

**ECF No. 106 — Notice of Appearance for Edison counsel Rebecca Olga Mezei.**

**Opposition cross-reference:** ECF No. 106, pp. 1–2 (Entry of Appearance and Certificate of Service); Response, Certificate of Service.

**ECF No. 68-2 includes the March 31, 2025 final Pennsylvania PFA No. 2503-V-7369,** including the law-enforcement notice and protected-person terms. This order is distinct from the PFA hearing notices at ECF Nos. 17-3 and 17-4.

**Opposition cross-reference:** Memorandum § III.A and Facts §§ A–B; Response, Questions II and V.

**ECF Nos. 77, 78, 97 and 98**; ECF No. 78 is Plaintiff's separate requested default against Edison and includes service representations; ECF No. 77 is default concerning different defendants; ECF No. 97 responds to ECF No. 77, and ECF No. 98 is Edison's letter referring to those positions.

**Opposition cross-reference:** Memorandum § I and § VIII; Response, Question VI and "Separate Grounds Requiring Express Rulings" and Relief.

**ECF Nos. 85 and 86**; August 27 Edison extension request (85) and separate court order granting it (86). ECF No. 86 directed a response to ECF No. 21 by September 8, 2026.

**Opposition cross-reference:** Memorandum §§ I.D, VIII; Response, Question VI and "Separate Grounds Requiring Express Rulings".

**ECF Nos. 93, 93-1, 93-2**; Edison's motion, supporting 19-page memorandum, and unsigned proposed dismissal order. ECF No. 93-1 PDF p. 3 describes the claims as a post-May custodial recovery dispute, although the April 22 encounter preceded the May 21 disposition; PDF p. 9 cites Collins v. City of Harker Heights (not Town of Castle Rock); PDF p. 15 erroneously identifies ECF No. 1 as the complaint; pp. 15–16 address service and appearance. Plaintiff disputes counsel's characterizations; no factual allegation is converted into a court finding.

**Opposition cross-reference:** Memorandum entirety, especially §§ I–III, VI–VIII; Response, Questions I–VI, "Jurisdictional Discovery: Precise Limits," and "Separate Grounds Requiring Express Rulings."

**ECF Nos. 94, 94-1 and 94-2; Plaintiff's Edison-targeted discovery motion and supporting materials.** ECF No. 94 pp. 12–15 identifies CAD No. 25042401, CAD/RMS, dispatcher and radio communications, BWC, station records, Pennsylvania-contact information, and records custodians. ECF No. 94-1 pp. 2, 10 is cited in controlling Memorandum of Law § III.B–C concerning the July written complaint. The requested categories do not themselves prove that any specific BWC exists. ECF No. 94-2 remains a separate record of counsel correspondence.

**Opposition cross-reference:** Memorandum §§ II.E–F and III.C; Response, Questions II–IV and "Jurisdictional Discovery: Precise Limits".

**ECF No. 104** is September 11, 2026 ORDER DENYING ECF No. 94 as premature. Footnote 1 separately recognizes parties' preservation duties under Rule 37(e). It does not adjudicate nonexistence of evidence.

**Opposition cross-reference:** Memorandum of Law § III.C and Conclusion (Third); Response, Questions II–IV and "Jurisdictional Discovery: Precise Limits"; Proposed Order, Paragraphs 2–3 (jurisdictional discovery and limited modification of ECF No. 115).

**ECF No. 115** is September 28, 2026 ORDER staying discovery until decisions on ECF Nos. 89, 93 and 111. Any pre-decision compelled jurisdictional production requires an express narrow exception or modification.

**Opposition cross-reference:** Memorandum of Law §§ II.E–F, III.C and Conclusion (Third); Response, "Jurisdictional Discovery: Precise Limits" and Requested Relief (Third); Proposed Order, Paragraphs 2–3 (limited jurisdictional discovery and modification of ECF No. 115). ECF No. 115 is not automatically modified by filing the opposition.

**ECF Nos. 127 and 129;** Motion seeking Clerk transmission or access of ECF Nos. 2, 8 and 12, and the October 15 order clarifying that ECF Nos. 2, 8 and 12 were not filed under seal (with the access restriction to Court Users and Case Participants expressly stated only as to ECF Nos. 2 and 8).

**Opposition cross-reference:** Memorandum § IV.B.

**ECF Nos. 131 and 134**; ECF No. 131 sought leave to exceed opposition page limit; ECF No. 134 granted that leave without fixing a numerical limit. They do not decide ECF No. 93.

**Opposition cross-reference:** Response, "Nature of Response and Relief Requested," which cites ECF No. 134 as the source of leave to exceed the page limit. ECF No. 134 governs page authorization, not the filing deadline.

**ECF Nos. 132 and 133**; October 27 extension request and October 28 order granting extension; ECF No. 133 controls the December 2, 2026 deadline for responses including ECF No. 93 and states no further extension would be granted. Earlier scheduling dates superseded.

**Opposition cross-reference:** Controlling procedural/docket context for the December 2, 2026 deadline governing the Memorandum's Conclusion (First–Fifth), the Response's “Nature of Response and Relief Requested” and Requested Relief (First–Fifth), and the ONE Consolidated Proposed Order.