**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GALINA M. NOVAKHOVA,** *Plaintiff,* v. **ANJELIQUE J. BONILLA, et al.,** *Defendants* | : | **CASE NO. 2:26-CV-0585-CFK** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A MEMORANDUM OF LAW IN OPPOSITION TO ECF NO. 111 IN EXCESS OF TWENTY-FIVE PAGES, TO THE EXTENT LEAVE IS REQUIRED, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Galina M. Novakhova, proceeding pro se, respectfully moves for leave, to the extent the Court determines that leave is required, to file her Memorandum of Law in Opposition to the Motion to Dismiss of Defendant New Jersey Department of Children and Families, acting through its Division of Child Protection and Permanency ("DCF/DCPP") (ECF No. 111), which exceeds twenty-five pages. In support of this limited request, Plaintiff states:

## I. PROCEDURAL BASIS AND SCOPE OF THE REQUEST

The Court's Policies and Procedures limit briefs or memoranda filed in support of motions to twenty-five pages absent good cause and leave. That restriction expressly concerns memoranda supporting motions; it does not expressly impose the same limit on a memorandum opposing a

motion. Local Civil Rule 7.1 separately recognizes opposition submissions and proposed orders. Plaintiff does not concede that the supporting-motion limitation applies to her opposition. She nevertheless requests protective leave so that any uncertainty concerning length will not prevent consideration of the issues raised in her timely response.

ECF No. 133, entered October 28, 2026, sets December 2, 2026 as the deadline for Plaintiff's responses to ECF Nos. 89, 93, 97, 111, 119, and 120. This Motion does not seek to enlarge or suspend that deadline. The requested leave concerns only the length of Plaintiff's opposition memorandum. The Court has previously granted leave for an opposition memorandum in excess of the page limit in this action (ECF No. 134, granting ECF No. 131).

## II. GOOD CAUSE FOR THE LENGTH OF THE MEMORANDUM

DCF/DCPP's supporting brief at ECF No. 111-1 spans thirty-six filed pages and advances distinct grounds for dismissal: personal jurisdiction; Eleventh Amendment sovereign immunity and statutory "person" status under 42 U.S.C. sections 1983, 1985, and 1986; Rule 8 pleading sufficiency; and abstention. Its proposed order, ECF No. 111-2, requests dismissal of "Plaintiff's Complaint" with prejudice without limiting that disposition to the moving defendant or stating its ground. An adequate opposition must address both the agency-specific defenses and the proposed order's scope.

The memorandum does not treat these questions as interchangeable. It distinguishes DCF/DCPP's institutional defenses from possible individual-officer liability; addresses controlling and adverse Supreme Court and Third Circuit authority, including the precedential decisions in Mammaro, O'Bryant, Galette, and Merritts; identifies the factual and jurisdictional limits of the

asserted interstate communications; distinguishes the operative Protection From Abuse Order, the May 21, 2025 custody disposition, and the alleged May 28, 2025 interstate transfer; and identifies the unsupported record attribution in DCF/DCPP's abstention argument. It also explains why, under the discovery stay at ECF No. 115, the opposition presents only expressly conditional alternatives rather than a request to compel discovery.

Plaintiff has consolidated her opposition grounds into one comprehensive memorandum rather than serial submissions or disconnected supplements. The length reflects the need to give accurate ECF references, to acknowledge materially adverse decisions, and to preserve legal distinctions relevant to review. Plaintiff has prepared a separate Index of Record Documents Cited to help the Court navigate the memorandum and the existing docket.

## III. LIMITED RELIEF; NO MERITS RULING OR DEADLINE EXTENSION

Plaintiff requests only leave to file the memorandum at its tendered length. This Motion does not seek a ruling on the merits of ECF No. 111, an extension of the deadline fixed by ECF No. 133, modification of ECF No. 115, or leave to file any reply or surreply. A proposed order accompanies this Motion under Local Civil Rule 7.1.

**WHEREFORE**, Plaintiff respectfully requests that the Court **GRANT** leave, to the extent leave is required, to file her Memorandum of Law in Opposition to ECF No. 111 at its tendered length, together with her Index of Record Documents Cited.

Respectfully submitted,

/s/ Galina M. Novakhova
**GALINA M. NOVAKHOVA**
Plaintiff, *Pro Se*

P.O. Box 17635
Philadelphia, PA 19135
GalinaMN@gmail.com

**All Rights Reserved Without Prejudice**

Dated: November 20, 2026

**CERTIFICATE OF SERVICE**

I, Galina M. Novakhova, Plaintiff proceeding pro se, hereby certify that on November 20, 2026, I filed the foregoing Motion for Leave to File a Memorandum of Law in Opposition to ECF No. 111 in Excess of Twenty-Five Pages, together with the accompanying Proposed Order, through the Court's CM/ECF system.

Service upon counsel of record registered as CM/ECF participants was effected through the Court's electronic filing system.

Respectfully submitted,

/s/ Galina M. Novakhova
**GALINA M. NOVAKHOVA**
Plaintiff, *Pro Se*

P.O. Box 17635
Philadelphia, PA 19135
GalinaMN@gmail.com

Dated: November 20, 2026